IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| XPED LLC, | ) |
|     Plaintiff, | ) Case No. 21-cv-06237 |
| vs. | ) **Judge Andrea R. Wood** |
| THE ENTITIES listed on EXHIBIT 1, | ) **Magistrate Judge Sheila M. Finnegan** |
|     Defendants. | ) |

**\*SEALED\* *EX PARTE* TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE AND OTHER EQUITABLE RELIEF**

Plaintiff, Expeditee LLC ("Plaintiff"), having filed its complaint for Federal Trademark Counterfeiting and Infringement, Unfair Competition and False Designation of Origin, and claims under the Illinois Uniform Deceptive Trade Practices Act, and having moved *ex parte* for a Temporary Restraining Order and other relief pursuant to Rule 65 of the Federal Rules of Civil Procedure, Fed. R. Civ. Pro. 65, and the Court having considered the complaint, declarations, exhibits, and memorandum of law filed in support, finds as follows:

1. This Court has subject matter jurisdiction over the subject matter of this case;

2. This Court finds, in the absence of adversarial presentation, that Plaintiff has made a sufficient showing of personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois;

3. Plaintiff has made a sufficient showing that the Defendants, identified in the Complaint (Dkt. No. 1) and Exhibit 1 attached hereto have engaged in, and are likely to continue to engage in acts and practices that violate the Lanham Act, 15 U.S.C. §1114(1), false designation of origin claim under 15 U.S.C. §1125(a), and the Illinois Uniform Deceptive Trade Practice Act, 810 ILCS 510.

4. There is good cause to believe that immediate and irreparable injury will occur to the Plaintiff, will occur from the sale, transfer, or other disposition or concealment by Defendants of their assets and business records unless Defendants are immediately restrained and enjoined by order of this Court.

5. There is good cause to for issuing this Order pursuant to Federal Rule of Civil Procedure 65(b). because the Plaintiff has presented specific facts in the Declarations of Taylor Vo and Patrick M. Jones in support of the Motion and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* order, Defendants could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to off-shore accounts.

6. A bond, in the form of cash, cashier's check, or surety, is to be filed in the amount of $5,000.00, with the Court.

**It is therefore Ordered:**

I. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

a. using the trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Expeditee LLC product or not authorized by Plaintiff to be sold in connection with the Flagwix Trademark;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Expeditee LLC product or any other product produced by Plaintiff, that is not Plaintiff's or not

produced under the authorization, control, or supervision of Expeditee LLC and approved by Plaintiff for sale under the Flagwix Trademark;

 c. committing any acts calculated to cause consumers to believe that Defendants'Counterfeit Products are those sold under the authorization, control, or supervision of Expeditee LLC, or are sponsored by, approved by, or otherwise connected with Expeditee LLC;

 d. further infringing the Flagwix Trademark and damaging Plaintiff's goodwill;

 e. otherwise competing unfairly with Plaintiff in any manner;

 f. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the Flagwix Trademark, or any reproductions, counterfeit copies, or colorable imitations thereof; and

 g. using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the infringing webstores, websites, or any other domain name that is being used to sell Counterfeit Products.

II. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

 a. moving, destroying, or otherwise disposing of any items, merchandise, or documents relating to the products, Defendants' infringing webstores or websites, and/or Defendants' assets and operation; and

b. removing, destroying, or otherwise disposing of computer files, electronic files, business records, or documents relating to any of Defendants' infringing webstores, websites, assets, operations, or relating in any way to the manufacture, acquisition, purchase, distribution, or sale of Counterfeit Products, or any reproduction, copy, or colorable imitation of the Flagwix Trademark.

III. Each Defendant, within fourteen (14) days after receiving notice of this Order, shall serve upon Plaintiff a written report under oath providing: (a) their true name and physical address; (b) all websites and online marketplace accounts on any platform that they own and/or operate; (c) their financial accounts, including but not limited to all Amazon, eBay, Wish, Ali Express, Alibaba, PayPal, Western Union, Stripe, etc., accounts; and (d) the steps taken by each Defendant to comply with paragraphs 1(a)–(i) and 2(a)–(b), above.

IV. Plaintiffs may immediately commence discovery by providing actual notice, pursuant to subpoena or otherwise, of this Order to any of the following parties: (1) Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; (2) any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, Amazon, eBay, Wish, Tophatter, AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), PayPal, Inc., Western Union, Stripe, etc. or other merchant account providers, payment provider, third party processors, credit card associations (i.e. MasterCard and VISA) that receive payments or hold assets on Defendants' behalf; and (3) any third party service providers, including without limitation, ISPs, back-end service providers, web designers, sponsored search engine or ad-word providers, shippers, domain name registrars, domain name registries or online third-party sellers who have provided services for Defendants (collectively, "Third Party Providers") shall, within five (5) days after receipt of such notice,

4

provide copies of all documents and records in such person or entity's possession or control relating to:

a. the identities and addresses of Defendants, their agents, servants, employees, confederates, and any persons acting in active concert or participation with them and the locations and identities of Defendants' operations, including without limitation, identifying information associated with Defendants' infringing webstores websites and financial accounts;

b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplaces;

c. Defendants' Online Marketplaces, websites, and any domain name registered by Defendants; and

d. any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, Amazon, eBay, Wish, Tophatter, Ali Express, Alibaba, PayPal, Inc., Western Union, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

X. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

XI. Amazon, eBay, Wish, Ali Express, Alibaba, Stripe and their affiliates shall, within two (2) business days of receipt of this Order, block any money transfers and funds from being transferred by the Defendants identified in Exhibit 1 until further ordered by this Court.

XII. PayPal, Inc., Stripe, etc. (the "Payment Processors") shall, within two (2) business days of receipt of this Order, for any Defendant or any of Defendants' infringing websites:

    a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any Payment Processor accounts connected to the information listed in Exhibit 1 hereto and any e-mail addresses provided for Defendants by third parties; and

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

XIII. Any banks, savings and loan associations, Payment Processors, or other financial institutions, for any Defendant or any of Defendants' infringing websites, shall within two (2) business days of receipt of this Order:

    a. Locate all accounts and funds connected to Defendants and the infringing websites, including, but not limited to, any financial accounts connected to the information listed in Exhibit 1 hereto and any e-mail addresses provided for Defendants by third parties; and

    b. Restrain and enjoin any such accounts or funds that are based in foreign jurisdictions, including but not limited to China and Hong Kong, from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

XIV. Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed. R. Civ. P. 4(f)(3), by sending an e-mail to the e-mail addresses provided for Defendants by third parties hosting their webstores, such as Amazon, eBay, Wish, Ali Express, Alibaba, etc. The Clerk of the Court is

directed to issue a single original summons in the name of "Shop910349202 Store and all other Defendants identified in the Complaint" that shall apply to all Defendants. Providing notice via e-mail, along with any notice that Defendants receive from webstore hosts and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

XV. This Order shall apply to the infringing webstores, websites and any other domain names properly brought to this Court's attention and verified by sworn affidavit that verifies such new webstores or domain names are being used by Defendants for the purpose of counterfeiting the Flagwix Trademark at issue in this action and/or unfairly competing with Plaintiff.

XVI. Upon two (2) days' written notice Plaintiff or on shorter notice as set by this Court, any Defendant may, upon proper showing, appear and move to dissolve or modify this Order upon an appropriate evidentiary showing by Defendant. This Temporary Restraining Order without notice is entered at 12:00 Noon on this 21st day of December, 2021 and shall remain in effect until January 4, 2022, prior to which time Plaintiff shall file amotion for an extension of the Temporary Restraining Order or for a Preliminary Injunction.

SO ORDERED.

_____
Andrea R. Wood
United States District Judge

Dated: December 21, 2021