IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Expeditee LLC., <br><br> *Plaintiff*, <br><br> v. <br><br> THE ENTITIES listed on EXHIBIT 1, <br><br> *Defendants*, <br><br> ——————————————— <br><br> RJITSCT LLC d/b/a Respect The Look, <br><br> *Counterclaim-Plaintiff*, <br><br> v. <br><br> Expeditee LLC, <br><br> *Counterclaim-Defendant.* | Case No.: 1:21-cv-6237 <br><br> Judge Andrea R. Wood <br><br> <u>Jury Trial Demanded</u> |

## COUNTERCLAIM

Defendant and Counterclaim-Plaintiff RJITSCT LLC d/b/a Respect The Look ("Counterclaim-Plaintiff" or "Respect The Look"), by its attorneys, and pursuant to Federal Rule of Civil Procedure 13, counterclaims against Counterclaim-Defendant and Plaintiff Expeditee LLC ("Counterclaim-Defendant" or "Expeditee") as follows.[1]

---

[1] Respect The Look has never been served with the Complaint in this case, only learning of this case when its PayPal account was frozen as a result of the *ex parte* Temporary Restraining Order granted by this Court based on Counterclaim-Defendant's misrepresentations. Respect The Look therefore is not yet required to respond to the Complaint under Fed. R. Civ. P. 12, and at this time only files this Counterclaim. Respect The Look expects to file a motion to dismiss the

## INTRODUCTION

1. This is a counterclaim by Defendant and Counterclaim-Plaintiff Respect The Look to recover damages arising from the *ex parte* Temporary Restraining Order granted by this Court (the "TRO") based on false statements and baseless trademark counterfeiting allegations made by Counterclaim-Defendant Expeditee, as well as for damages caused by other unfair trade practices and infringement of Respect The Look's intellectual property by Expeditee.

2. Counterclaim-Defendant's Complaint alleges that Respect The Look, along with an unknown number of other defendants, counterfeited and infringed Counterclaim-Defendant's registered trademark No. 6,265,462 for the word "FLAGWIX" on cloth flags ("the '462 Mark"). A true and correct copy of the registration certificate for the '462 Mark is attached hereto as Exhibit A.

3. Counterclaim-Defendant filed its Complaint against Respect The Look in this case (Dkt. No. 1), along with a motion for a temporary restraining order against Respect the Look (Dkt. No. 10), alleging that Respect The Look and the other defendants counterfeited the '462 Mark "by using websites to sell and/or offer for sale unlicensed and counterfeit products featuring the Mark." Dkt. No. 11 at 9.

4. Counterclaim-Defendant supported its motion with a declaration from its attorney, Patrick M. Jones, attaching screenshots of each defendant's allegedly infringing websites (including Respect The Look's website), which was filed under seal as Exhibit 2 to Counterclaim-Defendant's motion for a temporary restraining order. Dkt. No. 11 at 10.

---

Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), but files this Counterclaim for recovery of damages and attorney fees incurred as a result of Counterclaim-Defendant's sham litigation and malicious abuse of process, as detailed herein.

5. The purported evidence that Counterclaim-Defendant presented of Respect The Look's alleged infringement was a product listing for Respect The Look's "One Nation Under God" flag. The word "FLAGWIX," which is the only intellectual property protected by the '462 mark and the only intellectual property Counterclaim-Defendant identified as its own in its Complaint, does not appear on the purported evidence of infringement Counterclaim-Defendant filed with the Court as to Respect The Look. A true and correct copy of the entry from Exhibit 2 to Plaintiff's motion for a temporary restraining order referring to Respect The Look is attached hereto as Exhibit B.

6. In fact, the word "FLAGWIX" appears nowhere on Respect The Look's website. Respect The Look has never used the word "FLAGWIX" on any of its products or on its website.

7. Not only did Counterclaim-Defendant have no factual or legal basis for its Complaint, its motion for a temporary restraining order, or its currently pending motion for a preliminary injunction against Respect The Look, the allegedly infringing product Counterclaim-Defendant identified is actually an infringement of Respect The Look's copyright in its "One Nation Under God" flag design. Counterclaim-Defendant in fact routinely creates flags using designs that are copies of Respect The Look and other flag sellers' products.

8. In order to support an *ex parte* temporary restraining order and authorization of service by email, Counterclaim-Defendant represented to the court that "[t]actics used by Defendants to conceal their identities and the full scope of their counterfeiting operations make it virtually impossible for Plaintiff to learn Defendants' true identities." Dkt. No. 11 at 12. At least as to Respect The Look, this statement is plainly and egregiously false. Respect The Look's homepage lists its email (respectthelook@gmail.com), its phone number (877-953-9351), and its address (135 Chestnut St., P.O. Box 2301, New Britain, Connecticut 06050).

9. Despite the fact that Respect The Look's contact information is easily found on its website, Counterclaim-Defendant never made any attempt to provide notice to Respect The Look before seeking its *ex parte* TRO. Counterclaim-Defendant later filed a Certificate of Service stating that the summons, complaint, TRO, and motion for preliminary injunction were all served on all defendants by email. Dkt. No. 28. As of the filing of this Counterclaim, Respect The Look has never received any email from Plaintiff or Plaintiff's counsel providing those documents.

10. As a results of Counterclaim-Defendant's egregiously wrongful actions and abuse of this Court's processes, Respect The Look has suffered at least tens of thousands of dollars in damages. Due to the Asset Freeze provisions of the TRO, Respect The Look's PayPal account has been frozen, and Respect The Look has been unable to do business since the order went into effect, costing Respect The Look thousands if not tens of thousands of dollars in sales each day, as well as preventing Respect The Look from carrying out future business plans.

11. As a result, Respect The Look has been forced to file this Counterclaim against Counterclaim-Defendant seeking compensation for the damage done to its business, payment of the attorney's fees Respect The Look has been forced to incur, and such other relief, punitive damages, and sanctions as this Court finds appropriate.

## THE PARTIES

12. Counterclaim-Plaintiff RJITSCT LLC is a limited liability company organized and existing under the laws of Connecticut, with its principal place of business located at One Columbia Street, New Britain, Connecticut 06052.

13. RJITSCT LLC does business under the name Respect The Look through its website, http://www.respectthelook.com. Respect The Look sells clothing, hats, flags, and other paraphernalia emblazoned with designs created by its owner.

4

14. Counterclaim-Defendant Expeditee, LLC ("Expeditee") is a limited liability company organized and existing under the laws of the State of Nevada. It alleged in its Complaint that its principal place of business is in Chicago, Illinois.

15. On information and belief, Expeditee's principal place of business is not in Chicago, Illinois. The registration certificate for the '462 Mark states that Expeditee's address is 304 S. Jones Blvd. #384, Las Vegas, Nevada 89107. A search of both the Illinois Secretary of State and Nevada Secretary of State business databases revealed no company registered in either state named "Expeditee, LLC."

16. On information and belief, Expeditee sells flags and other products under its FLAGWIX trademark through its website, http://www.flagwix.com. The address listed at the flagwix.com website is 539 W. Commerce St., Suite 2859, Dallas, Texas 75208.

17. On information and belief, Expeditee misrepresented to the Court that its principal place of business is in Chicago, Illinois, in order to support venue in this District.

18. On information and belief, Expeditee sought to obtain venue in this District because the type of mass trademark counterfeiting litigation Expeditee has improperly brought, involving the use of mass *ex parte* temporary restraining orders and freezing of assets to extort defendants out of their e-commerce accounts, has only found success in this District.

## JURISDICTION AND VENUE

19. This is an action for cancellation of Counterclaim-Defendant's '462 Mark under the Lanham Act, tortious interference with prospective business advantage, unfair competition and malicious abuse of process under Illinois common law, and violation of the Illinois Uniform Deceptive Trade Practices Act. Accordingly, this Court has jurisdiction under 15 U.S.C. § 1121, 17 U.S.C. § 28 U.S.C. §§ 1331 and 1338. This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), as those claims are closely related to the federal

5

claims that they form a single case or controversy. This Court also has diversity jurisdiction over the state law claims under 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

20. This Court has personal jurisdiction over Counterclaim-Defendant because on information and belief, Counterclaim-Defendant conducts business in Illinois and in this judicial district, or otherwise avail themselves of the privileges and protections of the laws of the State of Illinois, such that this Court's assertion of jurisdiction over Counterclaim-Defendants does not offend traditional notions of fair play and due process.

21. This Court also has personal jurisdiction over Counterclaim-Defendant because it has submitted to the jurisdiction of this Court by virtue of filing the Complaint.

22. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

23. Counterclaim-Plaintiff Respect The Look is a company based in Connecticut that sells apparel and print products. All of its products are designed in-house. Its "About Us" webpage explains: "We take serious measures to ensure that all our products are truly 'Respect The Look.' That passion from our team and an incessant urge to provide our customers with some of the highest quality apparel & prints in the industry has pushed us to do things differently!"

24. On information and belief, Counterclaim-Defendant sells flags and other products through its website, http://www.flagwix.com.

25. On information and belief, Counterclaim-Defendant has frequently copied designs for its flags from Respect The Look and other companies in order to unfairly compete with them and steal their business.

26. One such design is the "One Nation Under God" flag that Counterclaim-Defendant included in its evidence filed with the Court as its sole basis for seeking a TRO against Respect The Look. The design includes a black-and-white picture of Jesus wearing a crown of thorns, looking out from behind an American flag. Neither Respect The Look's flag nor Counterclaim-Defendant's flag contains the word "FLAGWIX."

27. On November 22, 2021, Counterclaim-Defendant filed its Complaint in this case. Dkt. No. 1. The Complaint alleged that each of the Defendants counterfeited and infringed Plaintiff's '462 Mark under 15 U.S.C. §§ 1114 and 1125(a), and infringed Plaintiff's '462 Mark under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510. Dkt. No. 1 at ¶¶ 33-54.

28. The Complaint does not allege any other cause of action against any defendant. Specifically, it does not allege copyright infringement against any defendant, or identify any registered copyright belonging to Counterclaim-Defendant.

29. Counterclaim-Defendant filed all evidence of the defendants' alleged acts of infringement under seal, as well as its trademark registration certificate. Counterclaim-Defendant had no legal or factual basis for seeking to seal its trademark registration certificate, which is a matter of public record.

30. Counterclaim-Defendant initially filed its Complaint under the name "Xped LLC." Dkt. No. 1. However, the '462 Mark's Registration Certificate identifies its owner as Expeditee LLC. Counterclaim-Defendant's misidentification of its own name made it impossible

7

for defendants, even if they had notice of the Complaint, to search for Counterclaim-Defendant's mark in the United States Patent and Trademark Office's ("USPTO's") database.

31. Counterclaim-Defendant's Complaint also did not state what its allegedly infringed trademark was, or describe what the trademark covered. Even if a defendant had notice of the Complaint, that defendant therefore could not determine from the unsealed Complaint what trademark Counterclaim-Defendant was accusing the defendant of infringing, or the basis for Counterclaim-Defendant's infringement allegation.

32. Even the most cursory pre-suit investigation would have determined that Respect The Look does not counterfeit or infringe the '462 Mark. Respect The Look does not use, and has never used, the word "FLAGWIX" on any of its products, websites, or advertising materials.

33. On information and belief, Counterclaim-Defendant knew when it filed the Complaint that it possessed no evidence whatsoever, nor did it have any probable cause to believe, that Respect The Look had ever infringed the '462 Mark in any way.

34. On November 30, 2021, Counterclaim-Defendant filed a motion for an *ex parte* TRO. Dkt. No. 10. Counterclaim-Defendant also filed a public memorandum of law in support of its motion for an *ex parte* TRO. Dkt. No. 11. However, Counterclaim-Defendant filed all evidence in support of its motion under seal.

35. On information and belief, Counterclaim-Defendant made no effort whatsoever to attempt to give any notice to any defendant, including Respect The Look, that it had sought an *ex parte* TRO. Counterclaim-Defendant's failure to make any effort to give notice to any defendant was in violation of Federal Rule of Civil Procedure 65(b)(1)(B).

36. On information and belief, Counterclaim-Defendant chose to file its Complaint and motion for an *ex parte* TRO in late November, 2021, in order to suppress its competitors'

business during the holiday season. The holiday season is the time where sales of the types of products sold by Counterclaim-Defendant and Respect The Look are highest. On information and belief, by filing its Complaint and motion when it did, Counterclaim-Defendant sought to prevent its competitors, including Respect The Look, from doing business and competing with Counterclaim-Defendant during the lucrative holiday season.

37. Counterclaim-Defendant's memorandum in support of its motion for an *ex parte* TRO contained numerous material misrepresentations to the Court. The following paragraphs are a representative but not exhaustive list of those falsehoods, which cannot be fully listed here for the sake of brevity.

38. Counterclaim-Defendant's memorandum in support of its motion for an *ex parte* TRO states, *inter alia*, that "[t]he primary way in which Defendants advertise the sale of Counterfeit Products on the infringing websites is by displaying the Mark and images of the product, featuring the Mark." Dkt. No. 11 at 10. At least as to Respect The Look, this statement is false. Respect The Look does not display the word "FLAGWIX" anywhere on its website, nor does it sell any product featuring the word "FLAGWIX." Plaintiff did not offer any evidence that Respect The Look used the word "FLAGWIX" in any way. Plaintiff made similar allegations throughout its memorandum, and with regard to Respect The Look, none of those allegations were supported by any factual basis.

39. Counterclaim-Defendant's memorandum in support of its motion for an *ex parte* TRO states, *inter alia*, that "[t]actics used by Defendants to conceal their identities and the full scope of their counterfeiting operations make it virtually impossible for Plaintiff to learn Defendants' true identities." Dkt. No. 11 at 12. At least as to Respect The Look, this statement is false. Respect The Look's home page lists its contact email, phone number and address. Plaintiff

9

made similar allegations throughout its memorandum, and with regard to Respect The Look, none of those allegations were supported by any factual basis.

40. Counterclaim-Defendant's memorandum in support of its motion for an *ex parte* TRO alleges that "upon information and belief, the Defendants in this case hold most of their assets in China, making it easy to hide or dispose of assets, which will render an accounting by Plaintiff meaningless." Dkt. No. 11 at 25. Similarly, the memorandum alleges that "Plaintiff [] has good cause to suspect that many of the Defendants are residents of China." At least as to Respect The Look, this statement is false. Respect The Look advertises that it is an American company based in Connecticut, and Counterclaim-Defendant lacked any information or belief to allege that Respect The Look's assets are held in China. Respect The Look is a Connecticut company whose owner lives in Connecticut.

41. Counterclaim-Defendant's memorandum in support of its motion for an *ex parte* TRO alleges that "[e]lectronic service is appropriate and necessary in this case because most of the Defendants: (1) have not provided names and physical addresses in the public contact information to their respective Websites and Webstores; and (2) rely primarily on electronic communications to communicate with customers." Dkt. No. 11 at 28.

42. Counterclaim-Defendant's memorandum in support of its motion for an *ex parte* TRO argues that "an order allowing service of process via e-mail in this case will benefit all parties and the Court by ensuring that the Defendants receive immediate notice of the pendency of this action." Dkt. No. 11 at 28-29. However, on information and belief, Counterclaim-Defendant made no attempt whatsoever to use email to notify any defendant, including Respect The Look, that it was seeking an *ex parte* TRO.

10

43. Counterclaim-Defendant's memorandum in support of its motion for an *ex parte* TRO does not make allegations and arguments specifically based on Counterclaim-Defendant's FLAGWIX Mark and the alleged infringement committed by the defendants in this lawsuit. It is, in fact, virtually a carbon copy of the same memorandum filed dozens of times in this Court by other parties in support of wholly unrelated marks. *See, e.g.*, *Choon's Design, LLC, v. Does 1-122, as Identified in Exhibit 2*, No. 1:19-cv-00544, Dkt. No. 16 (N.D. Ill. Feb. 5, 2019) ("Memorandum in Support of Plaintiff's *Ex Parte* Motion For Entry of a (1) Temporary Restraining Order, (2) Asset Restraining Order, (3) Expedited Discovery Order, and (4) Service of Process by Email"); *General Tools & Instruments, LLC v. Does 1-2092, as Identified in Exhibit 2*, No. 1:19-cv-02519, Dkt. No. 12 (Apr. 17, 2019) (same); *Incredibowl Industries, LLC v. Does 1-36*, No. 1:18-cv-07367, Dkt. No. 11 (Nov. 13, 2018) (same).

44. Based on the above material misrepresentations, the Court granted Counterclaim-Defendant's motion for an *ex parte* TRO on December 21, 2021. Dkt. No. 19. Respect The Look was never provided with any notice of the Complaint or pending motion before it was entered.

45. As a result of the entry of the *ex parte* TRO, Respect The Look's PayPal account through which it does all of its sales was frozen. Respect The Look's entire business has been shut down since PayPal was served with the *ex parte* TRO in late December, and it has been unable to sell any product, including hundreds of products that Plaintiff has never alleged to infringe any trademark.

46. Respect The Look typically makes thousands of dollars in sales of its products each day, and during the holiday season, Respect The Look may make over tens of thousands of dollars in sales each day. Counterclaim-Defendant's wrongful restraint has done at least

11

$100,000 of damage to Respect The Look, and continues to damage Respect The Look each day that the fraudulently obtained *ex parte* TRO remains in effect.

## COUNT I
## MALICIOUS ABUSE OF PROCESS

47. Respect The Look incorporates the allegations of the foregoing paragraphs as though fully set forth herein.

48. On information and belief, Counterclaim-Defendant misused this Court's *ex parte* TRO procedures to interfere with Respect the Look and other defendants' ability to compete with Counterclaim-Defendant during the critical holiday sales season.

49. On information and belief, Counterclaim-Defendant misused this Court's *ex parte* TRO procedures to extort unwarranted settlements from Respect The Look and other defendants in order to prevent the destruction of their entire businesses.

50. Counterclaim-Defendant, as set forth herein, sought and obtained an *ex parte* TRO against Respect The Look based on fraudulent if not perjured declarations, material misrepresentations to this Court, and a factually and legally baseless trademark counterfeiting complaint.

51. As a result of Counterclaim-Defendants malicious abuse of this Court's *ex parte* TRO procedures, Respect The Look has suffered damages in an amount to be determined at trial, in excess of $100,000.

## COUNT II
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

52. Respect The Look incorporates the allegations of the foregoing paragraphs as though fully set forth herein.

12

53. Counterclaim-Defendant has engaged in deceptive trade practices by, among other things, (a) copying Respect The Look's protected designs on flags sold by Counterclaim-Defendant; and (b) engaging in sham litigation against Respect The Look.

54. Respect The Look was damages as a result of these deceptive practices. Respect The Look has suffered actual damages as a result of Counterclaim-Defendant's deceptive practices, including lost sales and profits, the costs of defending this lawsuit, and the costs of explaining to its customers the circumstances of its inability to process sales while the TRO has remained in effect.

55. Counterclaim-Defendant engaged in these deceptive practices intentionally and willfully, entitling Respect The Look to obtain costs and attorneys' fees under 815 ILCS § 510/3.

## COUNT III
## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

56. Respect The Look incorporates the allegations of the foregoing paragraphs as though fully set forth herein.

57. Respect The Look has sold its apparel, flags, and other products to customers consistently since it began doing business. Respect The Look had a reasonable expectancy that its customers would make (and continue to make) their decisions regarding whether to do business with Respect The Look on the basis of ordinary commercial considerations, including the ability to purchase Respect The Look's products through its website. Respect The Look had a reasonable expectancy that its relationships with its customers would not be interrupted by a fraudulently obtained *ex parte* TRO.

58. Counterclaim-Defendant was aware of Respect The Look's commercial relationship with its customers. Nevertheless, as pled above, using improper means, Counterclaim-Defendant has engaged in unlawful and fraudulent sham litigation and abuse of

this Court's process to prevent Respect The Look's customers from purchasing Respect The Look's products.

59. Counterclaim-Defendant's interference with Respect The Look's customers is defeating Counterclaim-Defendant's reasonable expectancies. Respect The Look has suffered actual damages as a result of Counterclaim-Defendant's interference, including damage to its reputation and goodwill, the cost of explaining to its customers the baselessness of Counterclaim-Defendant's false statements and misrepresentations, as well as lost sales and profits.

## COUNT IV
## DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT AND/OR UNENFORCEABILITY

60. Respect The Look incorporates the allegations of the foregoing paragraphs as though fully set forth herein.

61. Counterclaim-Defendant has brought this lawsuit alleging that Respect The Look has counterfeited and infringed the '462 Mark. An actual controversy therefore exists between Respect The Look and Counterclaim-Defendant.

62. Counterclaim-Defendant does not infringe the '462 Mark.

63. Through its campaign of sham litigation and malicious abuse of process, Counterclaim-Defendant has misused the '462 Mark for anticompetitive effect against Respect The Look and other defendants who do not infringe the '462 Mark in any way, rendering the '462 Mark unenforceable for trademark misuse.

64. Respect The Look by this Count seeks a declaration that Respect The Look's website, products, and marketing of its products of which Counterclaim-Defendant now complains do not infringe Counterclaim-Defendant's alleged trademark rights and do not violate

the Lanham Act, 15 U.S.C. §§ 1051, 1114, 1125, *et seq.*, including but not limited to §§ 32 and 43 of the Lanham Act.

65. Respect The Look by this Count seeks a further declaration that the '462 Mark is invalid and unenforceable for trademark misuse.

## **PRAYER**

WHEREFORE, Defendant and Counterclaim-Plaintiff Respect The Look prays for the following relief:

A. An order finding that, by the acts complained of above, Expeditee has created a committed a malicious abuse of process under Illinois common law.

B. An order finding that, by the acts complained of above, Expeditee has engaged in deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510.

C. An order finding that, by the acts complained of above, Expeditee has tortiously interference with Respect The Look's prospective business advantage.

D. An order declaring that Respect The Look has not infringed any trademark owned by Expeditee.

E. An order declaring that Expeditee's '462 Mark is invalid and unenforceable for trademark misuse.

F. An order awarding Respect The Look damages as follows:

(1) Respect The Look's actual damages, as well as all of Expeditee's profits or gains of any kind, resulting from Expeditee's unfair and deceptive business practices in violation of 815 ILCS 505 and 815 ILCS 510;

    (2)  Respect The Look's damages resulting from Expeditee's malicious abuse of process and tortious interference with prospective economic advantage; and

    (3)  punitive damages based on Expeditee's malicious abuse of process, unfair and deceptive business practices, and tortious interference with prospective economic advantage.

  G.  An order pursuant to 15 U.S.C. § 1117(a) finding that this is an exceptional case and awarding Respect The Look its reasonable attorneys' fees.

  H.  An order awarding Respect The Look all of its costs, disbursements and other expenses incurred due to Expeditee's unlawful conduct, pursuant to 15 U.S.C. § 1117(a).

  I.  An order awarding Respect The Look interest.

  J.  An order awarding Respect The Look such other relief as the Court may deem appropriate.

                                      Respectfully submitted,

                                      RJITSCT LLC d/b/a Respect The Look

Dated: January 14, 2022          By: /s/ *Brian J. Beck*

                                      Brian J. Beck
                                      ZUBER LAWLER LLP
                                      135 S. LaSalle St., Suite 4250
                                      Chicago, Illinois 60603
                                      (312) 346-1100
                                      (213) 596-5621 (fax)
                                      bbeck@zuberlawler.com

                                      Counsel for Defendant and
                                      Counterclaim-Plaintiff
                                      RJITSCT LLC d/b/a Respect The Look

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2022, a copy of the foregoing was served on counsel of record by electronic means pursuant to the court's Electronic Case Filing (ECF) system.

                                                      */s/ Brian J. Beck*