IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Expeditee LLC., *Plaintiff*, v. THE ENTITIES listed on EXHIBIT 1, *Defendants*, ——————————————— RJITSCT LLC d/b/a Respect The Look, *Counterclaim-Plaintiff*, v. Expeditee LLC, *Counterclaim-Defendant*. | Case No.: 1:21-cv-6237 Judge Andrea R. Wood <u>Jury Trial Demanded</u> |

**DECLARATION OF BRIAN J. BECK IN OPPOSITION TO
PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND IN SUPPORT OF
<u>DEFENDANT RESPECT THE LOOK'S MOTION FOR SANCTIONS</u>**

I, Brian J. Beck, declare as follows:

1. I am an attorney licensed to practice in this Court, and an associate in the law firm of Zuber Lawler LLP, attorneys of record for Defendant RJITSCT LLC d/b/a Respect The Look

1

("Respect The Look"). I am personally familiar with the facts stated below and, if called as a witness, could testify competently thereto.

2. Attached hereto as Exhibit 6[1] is a true and correct copy of the "Memorandum in Support of Plaintiff's *Ex Parte* Motion for Entry of a (1) Temporary Restraining Order, (2) Asset Restraining Order, (3) Expedited Discovery Order, and (4) Service of Process By Email" filed by Plaintiff in this case at Dkt. No. 11. Respect The Look provides a copy of this document for the Court's convenience in comparing Plaintiff's Memorandum to virtually identical memoranda filed in other, unrelated cases, attached hereto as Exhibits 7-9

3. Attached hereto as Exhibit 7 is a true and correct copy of the "Memorandum in Support of Plaintiff's *Ex Parte* Motion for Entry of a (1) Temporary Restraining Order, (2) Asset Restraining Order, (3) Expedited Discovery Order, and (4) Service of Process By Email" filed in *Choon's Design, LLC v. Does 1-122, As Identified in Exhibit 2*, No. 1:19-cv-00544, Dkt. No. 16 (N.D. Ill. Feb. 5, 2019).

4. Attached hereto as Exhibit 8 is a true and correct copy of the "Memorandum in Support of Plaintiff's *Ex Parte* Motion for Entry of a (1) Temporary Restraining Order, (2) Asset Restraining Order, (3) Expedited Discovery Order, and (4) Service of Process By Email" filed in *General Tools & Instruments, LLC v. Does 1-2092, As Identified in Exhibit 2*, No. 1:19-cv-02519, Dkt. No. 12 (N.D. Ill. Apr. 17, 2019).

5. Attached hereto as Exhibit 9 is a true and correct copy of the "Memorandum in Support of Plaintiff's *Ex Parte* Motion for Entry of a (1) Temporary Restraining Order, (2) Asset Restraining Order, (3) Expedited Discovery Order, and (4) Service of Process By Email" filed in

---

[1] In order to avoid duplicating exhibit numbers, the exhibits to this declaration are numbered consecutively continuing from the five exhibits attached to the contemporaneously filed declaration of Reginald Jennings, Jr.

*Incredibowl Industries, LLC v. Does 1-36*, No. 1:18-cv-07367, Dkt. No. 11 (N.D. Ill. Nov. 13, 2018).

6. On January 13, 2022, I received from Plaintiff's counsel Patrick Jones a copy of the trademark registration certificate for Plaintiff's allegedly infringed FLAGWIX trademark, which on information and belief was attached to the Complaint as Exhibit 2 and filed under seal. A true and correct copy of Plaintiff's FLAGWIX trademark registration certificate is attached hereto as Exhibit 10.

7. A true and correct copy of a printout of the home page for the website http://flagwix.com, which, on information and belief, is the website Plaintiff uses to sell flags under its FLAGWIX trademark, is attached hereto as Exhibit 11.

8. On January 14, 2022, I conducted searches of the Illinois Secretary of State's business database for the names "XPed" and "Expeditee." No business was found to be registered with the Illinois Secretary of State under either name. True and correct copies of printouts from the Illinois Secretary of State's websites showing those search results are attached hereto as Exhibit 12.

9. On January 14, 2022, I conducted a search of the USPTO's Trademark Electronic Search System ("TESS") for trademarks owned by "XPed." Plaintiff's registered trademark for FLAGWIX was not returned, nor was any other registered trademark owned by a company named XPed LLC. The marks that were returned were owned by XPed Global Limited, a United Kingdom software company that operates from the website http://xped.com. A true and correct copy of a printout of the TESS search results is attached hereto as Exhibit 13.

10. With Plaintiff's counsel's January 13, 2022 email, I received a copy of the purported evidence of Respect The Look's infringement that Plaintiff's counsel represented as

having filed in support of its application for an *ex parte* TRO. A true and correct copy of that document is attached hereto as Exhibit 14.

11. Because the image offered by Plaintiff was incomprehensibly blurry, I searched Respect The Look's website and prepared a higher quality print-out of the allegedly infringing "One Nation Under God" flag listing. A true and correct copy of that webpage is attached hereto as Exhibit 15.

12. Plaintiff's counsel did not provide an example of the purportedly similar image to Respect The Look's "One Nation Under God" flag listing sold by Plaintiff. I searched http://flagwix.com for the phrase "One Nation Under God," and the most similar image was an entry named "Jesus Flag One Nation Under God Jesus Puerto Rico Grommet Flag TRL1697GF." A true and correct copy of a printout of the flagwix.com product listing for that flag is attached hereto as Exhibit 16.

13. I was retained as counsel for Respect The Look on January 12, 2022. On that day, I sent emails to Plaintiff's counsel requesting copies of the allegedly infringed trademark registration, the evidence of Respect The Look's alleged infringement, and the email from Plaintiff's counsel purportedly serving Respect The Look with the summons, complaint, TRO, and motion for preliminary injunction. A true and correct copy of that email is attached hereto as Exhibit 17.

14. On January 13, 2022, at 12:24 PM, after receiving Plaintiff's counsel's email containing the trademark registration and alleged evidence of infringement, I responded to Plaintiff's email to again request the service email, and to confirm that the word "Flagwix" appeared nowhere on the alleged evidence of infringement. A true and correct copy of that email is attached hereto as Exhibit 18.

15. As of 3:00 PM on January 14, 2022, Plaintiff's counsel has not responded to my email to provide either the purported service email or to provide any explanation of how the purported evidence of infringement shows any use of Plaintiff's FLAGWIX mark.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 14th day of January, 2022, at Glenview, Illinois.

*/s/ Brian J. Beck*_____
Brian J. Beck