IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Expeditee LLC., <br><br> *Plaintiff*, <br><br> v. <br><br> THE ENTITIES listed on EXHIBIT 1, <br><br> *Defendants*, <br><br> ─────────────────────── <br><br> RJITSCT LLC d/b/a Respect The Look, <br><br> *Counterclaim-Plaintiff*, <br><br> v. <br><br> Expeditee LLC, <br><br> *Counterclaim-Defendant.* | Case No.: 1:21-cv-6237 <br><br> Judge Andrea R. Wood <br><br><br> <u>Jury Trial Demanded</u> |

**DEFENDANT AND COUNTERCLAIM-PLAINTIFF RJITSCT LLC'S
<u>OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE HEARING</u>**

DEFENDANT AND COUNTERCLAIM-PLAINTIFF RJITSCT LLC d/b/a Respect the Look ("Respect The Look"), by and through its attorneys, hereby files its opposition to Plaintiff's Motion to Continue Hearing on Motion for Preliminary Injunction (Dkt. No. 37), and states as follows:

Plaintiff seeks to continue the hearing on its motion for a preliminary injunction because it failed to serve numerous defendants (including Respect The Look) on January 10, 2022,

1

fraudulently misrepresented to the Court that it had, and now seeks relief from its own misconduct. Plaintiff appears to also seek an extension of the TRO, which expires by its own terms on January 18, 2022, (Dkt. No. 24), as it seeks additional time to respond to Respect The Look's motion to dissolve the TRO. Plaintiff's counsel states in that motion that he "understands the gravity of this oversight" (Dkt. No. 37 at 1 n. 1), but Plaintiff's counsel still does not appear to appreciate the degree of his misconduct or the damage done to defendants.

As set forth in the Declaration of Respect The Look's owner Reginald Jennings, Jr., the TRO this Court entered freezing Respect The Look's PayPal account is doing irreparable harm to Respect The Look every day, causing thousands of dollars in lost sales each day, interfering with Respect The Look's ability to pay its workers, and interfering with Mr. Jennings's other businesses that use that PayPal account. Dkt. No. 35-1 at ¶¶ 6-8. As Respect The Look explains in its motion papers, the TRO was entered based on Plaintiff's baseless legal theories and factual misrepresentations to the Court, and should never have been entered. Dkt. No. 35 at 4-16. Plaintiff's bond of $5,000 will not even cover the damage done by one day of the wrongful TRO. The freezing of Respect The Look's PayPal account, which Plaintiff alleged was necessary to prevent Chinese defendants from concealing their assets, is wholly unnecessary in view of Respect The Look's American domicile and appearance in this Court. There is no basis whatsoever to extend the TRO under Fed. R. Civ. P. 65(b)(2), and the Court should decline to do so.

Plaintiff's filing further fails to comprehend the damage done by it and its counsel's misconduct, which it has now admitted at least as to the fraudulent Certificate of Service filed on January 10. Contrary to Plaintiff's assertion that it "learned on January 16" that service had not been effected (Dkt. No. 37 at 1 n. 1), Plaintiff's counsel learned on January 12 that Respect The

Look had not been served when Respect The Look's counsel notified him by email and requested a copy of the purported service email. Dkt. No. 35-19. Respect The Look requested the purported service email again on January 13. Dkt. No. 35-20. Plaintiff's counsel never responded until after Respect The Look filed its motion papers. Dkt. No. 35-7 at ¶ 15. In other words, Plaintiff's counsel did not bother to conduct an inquiry or determine whether the PayPal defendants had actually been served until after he faced a motion for sanctions. Plaintiff's counsel's actions do not show an attempt to take responsibility for his conduct regarding service of the defendants.

Had Respect The Look's counsel not conducted its own investigation and rushed to file its opposition papers on Friday, January 14—a mere two days after he had been retained by Respect The Look, and only one day after he had received the sealed trademark registration and purported evidence of infringement from Plaintiff's counsel (Dkt. No. 35-7 at ¶¶ 6, 10)—Plaintiff's counsel would have proceeded with its preliminary injunction motion on January 18, numerous defendants (including Respect The Look) would have never been served with the motion, been unaware that the hearing had been scheduled or even in what Court this lawsuit was proceeding, and this Court would likely have entered a preliminary injunction against those defendants based on their failure to appear and oppose the motion. Plaintiff's purported "oversight" would have caused this Court to cause severe and long-lasting harm to all the PayPal defendants without any due process..

Plaintiff's counsel's excuse for his conduct is not an excuse but an admission that (1) waives privilege between him and his client, and (2) should prompt this Court to initiate a further inquiry. Plaintiff's counsel states that rather than serving the PayPal defendants himself, he "directed the Plaintiff to serve the 'PayPal Defendants,'" and that his client apparently did not do

3

so. Dkt. No. 37 at 1 n. 1. This is an admission that Plaintiff's counsel did not in fact verify that he "caused to be served true and accurate copies" of the summons, complaint, TRO, and motion for preliminary injunction on the PayPal Defendants, he merely asked his client to do so. And by putting forth the communications between Plaintiff and its attorney as a purported defense of Plaintiff's misconduct, Plaintiff has implicitly waived privilege for those communications, as "the truthful resolution of [Plaintiff's excuse] will require examining confidential communications." *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1098 (7th Cir. 1987). Plaintiff's counsel still has only filed with the court an amended certificate of service based on his own word, not a proof of service providing the purported service emails. The Court should require Plaintiff to file proof that it actually served all defendants, and not just rely on Plaintiff's counsel's representation that he did so.

Plaintiff also bases its request for a continuance on the fact that it received Respect The Look's papers on January 14, less than one business day before the scheduled hearing. But it is Plaintiff's fault, in failing to timely serve Respect The Look, and then failing to produce to Respect The Look its purported evidence of infringement until January 13, that Plaintiff has only a three-day weekend to respond to Respect The Look's moving papers. Respect The Look was forced to prepare its counterclaim and response in one day to protect its own rights from Plaintiff's frivolous lawsuit and motions. Plaintiff's claim against Respect The Look is based on a single page of evidence, purportedly investigated over a month ago when Plaintiff filed its Complaint. Surely, Plaintiff can adequately explain the basis for its filings on January 18, as it was already required to do when the Court scheduled the hearing on Plaintiff's motion for a preliminary injunction.

4

There is no good cause to continue the hearing, as the only bases Plaintiff offers for a continuance are the direct result of Plaintiff's own admitted misconduct. Every day the TRO continues is another day in which not only Respect The Look but all defendants are being irreparably harmed, and Plaintiff's $5,000 bond is wholly inadequate to compensate even Respect The Look for the damage done. Respect The Look respectfully requests that the Court deny Plaintiff's motion and proceed with the hearing scheduled for January 18, 2022, at 9:00 a.m. If the Court does, however, continue the hearing on Plaintiff's motion for preliminary injunction and on Respect The Look's motion for sanctions, it should at a minimum immediately grant Respect The Look's motion to dissolve the TRO, which expires by its own terms on January 18 and for which Plaintiff has shown no good cause to extend under Fed. R. Civ. P. 65(b)(2).

Respectfully submitted,

RJITSCT LLC d/b/a Respect The Look

Dated: January 16, 2022  By: /s/ *Brian J. Beck*

Brian J. Beck
ZUBER LAWLER LLP
135 S. LaSalle St., Suite 4250
Chicago, Illinois 60603
(312) 346-1100
(213) 596-5621 (fax)
bbeck@zuberlawler.com

Counsel for Defendant and
Counterclaim-Plaintiff
RJITSCT LLC d/b/a Respect The Look

## **CERTIFICATE OF SERVICE**

    I hereby certify that on January 16, 2022, a copy of the foregoing was served on counsel of record by electronic means pursuant to the court's Electronic Case Filing (ECF) system.

<em>/s/ Brian J. Beck</em>