IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Expeditee LLC., <br><br> *Plaintiff*, <br><br> v. <br><br> THE ENTITIES listed on EXHIBIT 1, <br><br> *Defendants*, <br><br>  ——————————————— <br><br> RJITSCT LLC d/b/a Respect The Look, <br><br> *Counterclaim-Plaintiff*, <br><br> v. <br><br> Expeditee LLC, <br><br> *Counterclaim-Defendant.* | Case No.: 1:21-cv-6237 <br><br> Judge Andrea R. Wood <br><br> <u>Jury Trial Demanded</u> |

**DEFENDANT AND COUNTERCLAIM-PLAINTIFF RJITSCT LLC'S NOTICE OF
SUPPLEMENTAL AUTHORITY IN OPPOSITION TO PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION AND IN SUPPORT OF
<u>RJITSCT LLC'S MOTIONS TO DISSOLVE THE TRO AND FOR SANCTIONS</u>**

DEFENDANT AND COUNTERCLAIM-PLAINTIFF RJITSCT LLC d/b/a Respect the Look ("Respect The Look"), by and through its attorneys, hereby files the following notice of supplemental authority, at the Court's request, regarding Plaintiff's theory, expressed for the first time at the preliminary injunction hearing on January 18, 2022, that Respect The Look (and other defendants) infringed Plaintiff's FLAGWIX trademark by allegedly copying the "One Nation

1

Under God" flag image from Plaintiff's website, removing the FLAGWIX mark using Photoshop or other digital editing software, and using the modified images without the word FLAGWIX in advertising and to create flags for sale.[1]

Remarkably, Plaintiff's notice of supplemental authority (Dkt. No. 43) offers no authority to support its new theory. Plaintiff appears to think the issue is whether it marked its own products with its FLAGWIX mark. Dkt. No. 43 at 3. But that is a non-sequitur. Plaintiff's application for a TRO was fatally flawed, as is its motion for a preliminary injunction, because Plaintiff has no evidence that **Respect The Look** marked its products with the FLAGWIX mark. Plaintiff offers no legal authority to suggest that it is an act of trademark infringement to copy an image, modify it, **remove the Plaintiff's trademark**, and use the trademark-less image (even if there were evidence that Respect The Look did so, which there is not.)

As an initial matter, Plaintiff's complaint and motions for a TRO and preliminary injunction allege counterfeiting, and Plaintiff's demands for the extraordinary and unusual injunctive relief of an asset freeze are based on counterfeiting, not mere trademark infringement. There is no way in which the theory Plaintiff alleges constitutes trademark counterfeiting, and Plaintiff's admission that its only theory of infringement is based on the alleged removal of Plaintiff's FLAGWIX mark from its images constitutes an admission that Plaintiff's counsel

---

[1] Respect The Look also wishes to use this opportunity to alert the Court to relevant proceedings in the similar case filed by the same Plaintiff, *Xped LLC v. The Entities listed on Exhibit 1*, No. 1:21-cv-06440 (N.D. Ill.). In that case, five defendants appeared after the preliminary injunction had been entered and moved to vacate the preliminary injunction on substantially similar grounds raised here. *Xped LLC v. The Entities listed on Exhibit 1*, No. 1:21-cv-06440, Dkt. No. 37 (N.D. Ill. Jan. 7, 2022). The defendants in that case reported that Plaintiff not only failed to serve them by email, but instead sent them "invoices" for $15,000 and the demanded payment in exchange for lifting the freeze on their PayPal accounts. *Id.* at 3-4. The Court in that case granted those defendants' motions to vacate the preliminary injunctions on Jan. 13, 2022. *Xped LLC v. The Entities listed on Exhibit 1*, No. 1:21-cv-06440, Dkt. No. 42 (N.D. Ill. Jan. 13, 2022).

violated Fed. R. Civ. P. 11(b) in alleging counterfeiting by Respect The Look (as well as by any other defendant that did not use the word FLAGWIX in connection with their products). *See* Dkt. No. 35 at 12-13 (discussing *Specht v. Google, Inc.*, 805 F. Supp. 2d 551, 558 (N.D. Ill. 2011)). Indeed, Plaintiff's counsel continues to violate Rule 11 in its notice of supplemental authority by continuing to argue, without any legal basis, that it is an act of counterfeiting to **not** use Plaintiff's FLAGWIX mark. Dkt. No. 42 at 1, 5.

Plaintiff's newly asserted theory appears to be similar to a "reverse passing off" claim, which is where a defendant is accused of buying trademarked goods from the plaintiff, physically removing the trademark, and passing off plaintiff's manufactured goods as the defendant's own. Assuming *arguendo* that Plaintiff's theory was supported by any facts or evidence (it is not), it would still be legally baseless. The Supreme Court squarely rejected Plaintiff's theory in connection with modification of digital images or video in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003).

In *Dastar*, the defendant-petitioner Dastar purchased video tapes produced by plaintiff-appellee Fox that had entered the public domain, made slight modifications, removed Fox's mark from the videos, and sold them under Dastar's own mark as its own product. *Id.* at 26-27. Fox initially brought a complaint against Dastar alleging copyright infringement, and later amended its complaint to allege a claim under Section 43(a) of the Lanham Act for selling the videos "without proper credit" under a "reverse passing off" theory. *Id.* at 27. The District Court granted summary judgment for the plaintiff Fox on the Lanham Act claim; the Ninth Circuit Court of Appeals affirmed the judgment, and the Supreme Court unanimously reversed. *Id.* at 27-28, 38.

The Supreme Court explained that the plaintiff's theory in *Dastar* conflicts with the law of copyright, which specifically addresses protection for visual works such as the videos in

*Dastar* and the flag images at issue here. *Id.* at 33. The Court noted that "[i[n general, unless an intellectual property right such as a patent or copyright protects an item, it will be subject to copying." *Id.* (quoting *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 29 (2001)). The Court then explained that assuming the defendant's actions "amounted to a representation that it originated the creative work conveyed by the videos, allowing a cause of action under § 43(a) for that representation would create a species of mutant copyright law that limits the public's 'federal right to 'copy and to use'' expired copyrights." *Id.* at 34 (quoting *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 165 (1989)).

The Court concluded that a "reverse passing off" claim based on a misrepresentation of the "origin of goods" under the Lanham Act only "refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods. To hold otherwise would be akin to finding that § 43(a) created a species of perpetual patent and copyright, which Congress may not do." *Id.* at 37 (citations omitted). Plaintiff has not alleged, nor has it produced any evidence to suggest, that Respect The Look ever purchased its FLAGWIX flags, physically removed the FLAGWIX marks, and sold the resulting flags as their own. Indeed, the flags Respect The Look sells use slightly different images than the flags Plaintiff sells—the stripes on the flag are in different directions, the size of the image of Jesus's face is different, and the crosses on the right side of the flag are different. It would be impossible for Respect The Look to sell the flag advertised on its website by purchasing Plaintiff's "One Nation Under God" flag and physically removing the FLAGWIX mark. Plaintiff therefore has no reverse passing off claim.

The Supreme Court explained that creative talent in the creation of a visual work such as the videos at issue in *Dastar* or the flags at issue here may still be protected by copyright. *Id.* at

4

37-38. But as Respect The Look has explained here, Plaintiff has not pleaded a copyright infringement claim, nor has Plaintiff offered into evidence a copyright registration that would be a prerequisite to any copyright infringement claim. *See* Dkt. No. 35 at 11-12.

*Dastar* remains good law, and has been repeatedly applied by the Seventh Circuit and this Court. *See, e.g., Phoenix Entertainment Partners, LLC v. Rumsey*, 829 F.3d 817, 826-829 (7th Cir. 2016); *Eastland Music Group, LLC v. Lionsgate Entertainment, Inc.*, 707 F.3d 869, 872 (7th Cir. 2013); *Personal Keepsakes, Inc. v. Personalizationmall.com, Inc.*, No. 11-cv-5177, 2012 WL 414803, at *5 (N.D. Ill. Feb. 8, 2012). *Personal Keepsakes* concerned a claim nearly identical to Plaintiff's newly asserted theory here, in which the plaintiff alleged that the defendant copied poems used on plaintiff's gift items and then sold its own gift items containing the same poems, but without plaintiff's trademark. 2012 WL 414803, at *1-*2. Relying on *Dastar*, this Court held that the copying of the poems with the trademark removed did not state a claim for trademark infringement, and dismissed that count of the complaint for failure to state a claim. *Id.* at *4-*5.

In conclusion, the Court should not consider Plaintiff's new theory of trademark infringement because it was never pled or raised in Plaintiff's motion for a TRO or for a preliminary injunction, is not an act of counterfeiting that could justify the extreme nature of Plaintiff's requested injunctive relief, and is not supported by any evidence. But even if the Court were to consider Plaintiff's new theory, that theory is legally baseless in view of *Dastar* and the subsequent cases such as *Phoenix* and *Personal Keepsakes* that relied on and extended *Dastar*.

5

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | RJITSCT LLC d/b/a Respect The Look |
| Dated: January 18, 2022 | By: /s/ *Brian J. Beck*_____ |

        Brian J. Beck
        ZUBER LAWLER LLP
        135 S. LaSalle St., Suite 4250
        Chicago, Illinois 60603
        (312) 346-1100
        (213) 596-5621 (fax)
        bbeck@zuberlawler.com

        Counsel for Defendant and
        Counterclaim-Plaintiff
        RJITSCT LLC d/b/a Respect The Look

## **CERTIFICATE OF SERVICE**

  I hereby certify that on January 18, 2022, a copy of the foregoing was served on counsel of record by electronic means pursuant to the court's Electronic Case Filing (ECF) system.

                    */s/ Brian J. Beck*