IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Expeditee LLC., <br><br> *Plaintiff*, <br><br> v. <br><br> THE ENTITIES listed on EXHIBIT 1, <br><br> *Defendants*, <br><br>―――――――――――――――――― <br><br> RJITSCT LLC d/b/a Respect The Look, <br><br> *Counterclaim-Plaintiff*, <br><br> v. <br><br> Expeditee LLC, <br><br> *Counterclaim-Defendant.* | Case No.: 1:21-cv-6237 <br><br> Judge Andrea R. Wood <br><br> <u>Jury Trial Demanded</u> |

**DEFENDANT RJITSCT LLC D/B/A RESPECT THE LOOK'S MOTION TO DISMISS, FOR SUMMARY JUDGMENT, AND FOR ATTORNEY FEES AND COSTS**

Defendant and Counterclaim-Plaintiff RJITSCT LLC d/b/a Respect The Look ("Respect The Look"), by and through its attorneys, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56, and 15 U.S.C. § 1117(a), hereby moves (1) to dismiss the Complaint for failure to state a claim, (2) for an order granting summary judgment for Respect The Look, and (3) for an order finding this case to be "exceptional" under 15 U.S.C. § 1117(a) and awarding Respect The Look its reasonable attorney fees and costs incurred in defending against Plaintiff's claims.

Respect The Look's motion seeks dismissal of the Complaint because the Complaint fails to plausibly allege that Respect The Look ever used Plaintiff's FLAGWIX Mark, and therefore does not state a claim for trademark infringement, unfair competition under the Lanham Act, or a violation of the Illinois Uniform Deceptive Trade Practices Act.

Respect The Look's motion further seeks entry of summary judgment, dismissing the Complaint with prejudice, because the evidence submitted on Plaintiff's motion for preliminary injunction confirmed that Plaintiff has no evidence that Respect The Look ever used the FLAGWIX Mark, and so there is no genuine dispute of material fact and Respect The Look is entitled to summary judgment on Plaintiff's claims.

Finally, Respect The Look's motion seeks an order finding that this case is "exceptional" under 15 U.S.C. § 1117(a) and awarding Respect The Look its attorney fees because: (1) Plaintiff's Complaint was objectively meritless from the start; (2) Plaintiff's Complaint included numerous false statements in violation of Fed. R. Civ. P. 11; (3) Plaintiff abused this court's *ex parte* procedures by seeking a TRO based on misrepresentations to the Court about Plaintiff's claims and evidence; (4) Plaintiff's *ex parte* TRO application and preliminary injunction were supported by sworn declarations under penalty of perjury that have now been revealed as false; (5) Plaintiff has litigated this case in an unreasonable manner through its use of sealed and false filings to obtain unwarranted injunctive relief without giving Respect The Look an opportunity to respond; and (6) even after the Court held that Plaintiff's claims were meritless in denying Plaintiff's motion for a preliminary injunction, Plaintiff still did not withdraw its Complaint and forced Respect The Look to file this motion.

In support of these Motions to dismiss, for summary judgment, and for attorney fees, Respect The Look relies upon and incorporates by reference its Memorandum of Law in Support

of Defendant RJITSCT LLC D/B/A Respect The Look's Motion to Dismiss, For Summary Judgment, and For Attorney Fees and Costs, Respect The Look's accompanying Local Rule 56.1(a) Statement, the Declaration of Brian J. Beck in Support of Respect The Look's Motion for Summary Judgment and for Attorney Fees, and the exhibits thereto, filed herewith, as well as all documents filed with the Court on this case's docket and cited in the accompanying papers.

        Respectfully submitted,

        RJITSCT LLC d/b/a Respect The Look

Dated: February 14, 2022    By: /s/ *Brian J. Beck*_____

        Brian J. Beck
        ZUBER LAWLER LLP
        135 S. LaSalle St., Suite 4250
        Chicago, Illinois 60603
        (312) 346-1100
        (213) 596-5621 (fax)
        bbeck@zuberlawler.com

        Counsel for Defendant and
        Counterclaim-Plaintiff
        RJITSCT LLC d/b/a Respect The Look

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2022, a copy of the foregoing was served on counsel of record by electronic means pursuant to the court's Electronic Case Filing (ECF) system.

/s/ Brian J. Beck