**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Expediteе LLC.,

     *Plaintiff*,

v.

THE ENTITIES listed on EXHIBIT 1,

     *Defendants*,

RJITSCT LLC d/b/a Respect The Look,

     *Counterclaim-Plaintiff*,

v.

Expediteе LLC,

     *Counterclaim-Defendant.*

Case No.: 1:21-cv-6237

Judge Andrea R. Wood

<u>Jury Trial Demanded</u>

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT RJITSCT LLC D/B/A
RESPECT THE LOOK'S MOTION TO DISMISS, FOR SUMMARY JUDGMENT, AND
FOR ATTORNEY FEES AND COSTS**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................ 1

    A.    Respect The Look's and Plaintiff's respective businesses. .......................................... 2

    B.    The allegations of Plaintiff's Complaint. ..................................................................... 3

    C.    Plaintiff admits during preliminary injunction proceedings that Respect The
        Look does not use the FLAGWIX Mark. ...................................................................... 5

ARGUMENT ...................................................................................................................... 10

I.      Plaintiff's Complaint fails to state a claim against Respect The Look. ........................... 11

    A.    The Complaint fails to state a claim for trademark counterfeiting or
        infringement under 15 U.S.C. § 1114 (Count One) because it does not
        plausibly allege that Respect The Look used the FLAGWIX Mark. ........................... 12

    B.    Plaintiff's federal unfair competition and Illinois deceptive trade practices
        claims, Counts Two and Three respectively, are duplicative of Plaintiff's
        trademark infringement claim and fail for the same reason. ..................................... 14

II.     Based on the evidence presented and Plaintiff's admissions at the preliminary
      injunction hearing, Respect The Look is entitled to summary judgment. ....................... 15

    A.    Respect The Look's motion for summary judgment is timely and correctly
        relies on evidence submitted on Plaintiff's now-denied motion for a
        preliminary injunction ................................................................................................ 16

    B.    Respect The Look is entitled to summary judgment on each of Plaintiff's three
        counts pleaded by the Complaint. ............................................................................... 16

    C.    Plaintiff should not be permitted discovery to search for evidence of Respect
        The Look's use of the FLAGWIX mark because all such evidence would have
        been public and should already be in Plaintiff's possession...................................... 18

    D.    Respect The Look is entitled to summary judgment on Plaintiff's unpled
        reverse passing off and common-law copyright infringement theories as well.......... 21

III.    This is an exceptional case under the Lanham Act, and the Court should award
      Respect The Look its reasonable attorney fees and costs. ............................................. 23

CONCLUSION ................................................................................................................... 27

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................. 11, 13, 15

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................................. 11

*Bretford Mfg., Inc. v. Smith System Mfg. Co.*,
389 F. Supp. 2d 983 (N.D. Ill. 2005) ..................................................................... 24

*Brookfield Comms., Inc. v. West Coast Entertainment Corp.*,
174 F.3d 1036 (9th Cir. 1999) ................................................................................. 14

*Brownmark Films, LLC v. Comedy Partners*,
682 F.3d 687 (7th Cir. 2012) ................................................................................... 11, 14

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
539 U.S. 23 (2003) ................................................................................................... 21

*Desmond v. Chicago Boxed Beef Distributors, Inc.*,
921 F. Supp. 2d 872 (N.D. Ill. 2013) ..................................................................... 12

*Direct Fitness Solutions, LLC v. Direct Fitness Solutions, LLC*,
281 F. Supp. 3d 697 (N.D. Ill. 2017) ..................................................................... 25

*Eastland Music Group, LLC v. Lionsgate Entertainment, Inc.*,
707 F.3d 869 (7th Cir. 2013) ................................................................................... 11, 16

*Fortres Grand Corp. v. Warner Bros. Entertainment Inc.*,
763 F.3d 696 (7th Cir. 2014) ................................................................................... 11, 13, 15

*Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*,
189 S. Ct. 881 (2019) .............................................................................................. 23

*Helping Hand Caregivers, Ltd. v. Darden Restaurants, Inc.*,
900 F.3d 884 (7th Cir. 2018) ................................................................................... 18

*KJ Korea, Inc. v. Health Korea, Inc.*,
66 F. Supp. 3d 1005 (N.D. Ill. 2014) ..................................................................... 15, 17

*LHO Chicago River, L.L.C. v. Perillo*,
942 F.3d 384 (7th Cir. 2019) ................................................................................... 23, 24

*Lightspeed Media Corp. v. Smith*,
761 F.3d 699 (7th Cir. 2014) ................................................................................... 25

*Natkin v. Winfrey*,
111 F. Supp. 2d 1003 (N.D. Ill. 2000) ................................................................... 22

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
572 U.S. 545 (2014) ................................................................................................. 23

*Personal Keepsakes, Inc. v. Personalizationmall.com, Inc.*,
No. 11-cv-5177, 2012 WL 414803 (N.D. Ill. Feb. 8, 2012) ................................. 21, 22

*S Indus., Inc. v. Diamond Multimedia Sys., Inc.*,
    17 F. Supp. 2d 775 (N.D. Ill. 1998) ........................................................................ 26

*S Indus., Inc. v. Hobbico, Inc.*,
    940 F. Supp. 210 (N.D. Ill. 1996) ........................................................................... 26

*S Industries, Inc. v. Stone Age Equipment, Inc.*,
    12 F. Supp. 2d 796 (N.D. Ill. 1998) ............................................................. 12, 17, 27

*Trans Union LLC v. Credit Research, Inc.*,
    142 F. Supp. 2d 1029 (N.D. Ill. 2001) .................................................................... 15

*Wright v. Associated Ins. Cos., Inc.*,
    29 F.3d 1244 (7th Cir. 1994) ........................................................................... 12, 14

**Statutes**

15 U.S.C. § 1114 .................................................................................................... 12, 14, 17

15 U.S.C. § 1117 ................................................................................................................ 23

15 U.S.C. § 1125 ................................................................................................................ 14

17 U.S.C. § 102 ................................................................................................................. 22

17 U.S.C. § 301 ................................................................................................................. 22

17 U.S.C. § 411 ................................................................................................................. 22

**Rules**

Fed. R. Civ. P. 11 ......................................................................................................... 20, 21

Fed. R. Civ. P. 56 ................................................................................................... 16, 17, 18

Fed. R. Civ. P. 65 ............................................................................................................. 16

## INTRODUCTION

Plaintiff Expeditee, LLC ("Plaintiff" or "Expeditee") has now admitted to the Court that Defendant RJITSCT LLC d/b/a Respect The Look ("Respect The Look") never used Plaintiff's purported FLAGWIX trademark. Plaintiff never alleged facts in its Complaint sufficient to state claims for trademark counterfeiting or infringement, or for substantially similar federal and state law claims for unfair competition, false designation of origin, or violation of the Illinois Uniform Deceptive Trade Practices Act. Having been forced to admit that it had no evidence that Respect The Look ever used the FLAGWIX mark, Plaintiff made up a legally baseless theory of infringement at the preliminary injunction hearing never previously alleged in the Complaint or in Plaintiff's moving papers—that Respect The Look allegedly copied Plaintiff's flag images, removed the FLAGWIX mark, and then used the modified images to make and sell its own flags. Plaintiff offered no evidence for that theory either, but in any case, the Court correctly held that under precedent established by the Supreme Court and this Court, that theory does not state a claim for trademark infringement.

The Complaint should accordingly be not only dismissed under Federal Rule of Civil Procedure 12(b)(6), but dismissed with prejudice through a grant of summary judgment for Respect The Look. Plaintiff applied for and obtained an *ex parte* TRO based on fraudulent misrepresentations, and the Court then held a hearing on Plaintiff's motion for a preliminary injunction. At that hearing and in subsequent filings, Plaintiff admitted that it misrepresented key facts and legal theories in its Complaint, *ex parte* application for a TRO, and motion for a preliminary injunction. Plaintiff also admitted that it had no evidence of trademark infringement—specifically, Plaintiff admitted that Respect The Look did not use the FLAGWIX mark on the allegedly infringing flag. Evidence submitted on a motion for preliminary injunction becomes part of the trial record, and so can support a motion for summary judgment. There is no

genuine dispute as to any material fact, and Respect The Look is entitled to judgment as a matter of law that it has not counterfeited or infringed Plaintiff's trademark under either federal or Illinois law. And because Plaintiff's claims are objectively baseless and Plaintiff has committed severe litigation misconduct through its Complaint, TRO, and preliminary injunction filings, this case is "exceptional" under the Lanham Act and the Court should award Respect The Look its reasonable attorney fees.

## STATEMENT OF FACTS

### A. Respect The Look's and Plaintiff's respective businesses.

RJITSCT, LLC ("RJITSCT") is a company owned and operated by Reginald Jennings, a resident of New Britain, Connecticut. Defendant RJITSCT LLC d/b/a Respect The Look's Local Rule 56.1(a)(2) Statement of Material Facts ("Facts") at ¶ 1.[1] RJITSCT has operated an IT business providing consulting and contracting services for the last six or seven years, educating students in managing online business and marketing and providing remote IT services to businesses around the United States. Facts at ¶ 2. In 2016, RJITSCT created an apparel business called "Respect The Look," and registered its website at http://respectthelook.com on December 31, 2016. Facts at ¶ 3.

Respect The Look designs apparel and decorative items that customers can purchase to express the things they believe in. Facts at ¶ 4. It is a family-run business operated primarily by Mr. Jennings, his wife, and his sister, and it is physically based in his hometown of New Britain, Connecticut. Facts at ¶ 4. It attempts to use local suppliers first to manufacture and print is products, and stores its inventory in its Connecticut warehouse. Facts at ¶ 5. Respect The Look

---

[1] Because this memorandum is offered in support of both Respect The Look's motion to dismiss under Rule 12(b)(6) and its motion for summary judgment, the statement of facts in this Memorandum cites to evidence outside the Complaint only in support of Respect The Look's motion for summary judgment.

employs about 10 employees or contractors, and creates its own product designs in-house. Facts at ¶ 6.

Plaintiff, on the other hand, is a company with its principal place of business in Hanoi, Vietnam, that sells a wide variety of flag products. Facts at ¶ 7. It has no employees in the United States or physical offices in the United States, though it does maintain a few post office boxes in the United States to receive mail. Facts at ¶ 8. It began doing business using its registered FLAGWIX trademark through its http://flagwix.com website in April 2020, more than three years after Respect The Look started its website. Facts at ¶ 9. Plaintiff manufactures its products using a supplier in China that manufactures and ships its products to customers in the United States. Facts at ¶ 10.

**B.      The allegations of Plaintiff's Complaint.**

Plaintiff filed its Complaint in this case (the "Complaint") on November 22, 2021. Dkt. No. 1. The Complaint does not explicitly name Respect The Look as a defendant. Instead, the Complaint names as defendants "The Entities listed on Exhibit 1," and attached a sealed Exhibit 1 purportedly identifying the defendants. Complaint at ¶ 2; Dkt. No. 2. Exhibit 1 to the Complaint also does not identify Respect The Look by name. However, Exhibit 1 includes an entry between lines listing defendants "Plangraphics" and "Robinplacefabrics" for a website with no name attached that allegedly sold a "One Nation Under God Flag" that appears to refer to Respect The Look. Dkt. No. 2 at 10. Presumably this entry was intended to refer to Respect The Look, because Plaintiff's subsequent declaration in support of its *ex parte* motion for a TRO listed Respect The Look's listing for a "One Nation Under God Flag" as "Row #197" between listings for Plangraphics and Robinplacefabrics. Dkt. No. 15-5 at 28.

The Complaint alleges generally that all of the defendants counterfeited and infringed Plaintiff's FLAGWIX mark by selling "counterfeit products that violate Plaintiff's intellectual

property rights" that they "manufactured, imported, distributed, offered for sale, and sold [] using the Mark and continue to do so." Complaint at ¶¶ 3, 26. The Complaint makes a series of conclusory allegations about all the defendants' activities using the FLAGWIX mark, without identifying any example specific to Respect The Look or any other defendant. Complaint at ¶¶ 26-31.

The body of the Complaint does not include any allegation specific to Respect The Look. Complaint at ¶¶ 1-54. The only identification within the Complaint and its exhibits of an allegedly counterfeit product allegedly sold by Respect The Look is the aforementioned entry on Exhibit 1 to the Complaint that identifies a "One Nation Under God Flag" sold by an unnamed entity that, based on Plaintiff's subsequent TRO filings, appears to refer to Respect The Look. Dkt. No. 2 at 10; Dkt. No. 15-5 at 28.

The Complaint asserts three essentially identical counts for trademark infringement under federal and Illinois law. Count One alleges "Federal Trademark Counterfeiting and Infringement" under 15 U.S.C. § 1114. Complaint at 6. That count alleges that the defendants sold products "using marks which is [sic] identical or confusingly similar to the Mark . . . in direct competition with Plaintiff's sale of genuine Plaintiff products." Complaint at ¶ 35. Count Two alleges "Unfair Competition and False Designation of Origin" under 15 U.S.C. § 1125(a). Complaint at 7. This Count also alleges that each of the defendants, "[b]y misappropriating and using the Mark, genuine product images and trade names, [] misrepresent and falsely describe to the general public the origin and source of the Counterfeit Products." Complaint at ¶ 40. Count Three alleges a violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510. Complaint at 8. Count Three makes the exact same factual allegations as Count Two, except that

it alleges that the purported acts of trademark infringement violate 815 ILCS 510 instead of 15 U.S.C. § 1125(a). *Compare* Complaint at ¶¶ 38-48[2] to Complaint at ¶¶ 49-54.

The Complaint does not assert counts for either copyright infringement or for "reverse passing-off." The Complaint makes several allegations that defendants often falsely advertised products by "copying Plaintiff's copyrighted images," (Complaint at ¶ 28), but the Complaint does not identify any registered copyright owned by Plaintiff. The Complaint also does not allege that any of the defendants infringed Plaintiff's FLAGWIX trademark by removing the FLAGWIX mark from Plaintiff's products and representing that the resulting products were manufactured by the defendants. The only legal claims made by the Complaint are that the Defendants counterfeited and/or infringed Plaintiff's FLAGWIX mark by selling flags bearing the FLAGWIX logo. And the only factual allegation in the Complaint that provides any notice to Respect The Look of the allegedly infringing product Respect The Look sold is the partially blank entry on Exhibit 1 that identifies, only by its name, the "One Nation Under God Flag."

**C.    Plaintiff admits during preliminary injunction proceedings that Respect The Look does not use the FLAGWIX Mark.**

On November 30, 2021, Plaintiff filed a motion for an *ex parte* TRO against all defendants seeking entry of an order not only restraining the Defendants from selling or advertising allegedly counterfeit products, but also freezing their assets, authorizing expedited

---

[2] The Complaint jumps from paragraph 42 to 48, omitting paragraphs 43 to 47. This is most likely because the Complaint was copied verbatim, with minimal changes, from an entirely different trademark counterfeiting complaint filed by a different law firm on behalf of a different plaintiff. *Compare* Complaint to *ABC, LLC v. The PARTNERSHIPS and Unincorporated Associations Identified on Schedule "A,"* No. 1:20-cv-5923, Dkt. No. 1, 2020 WL 9455149 (N.D. Ill. Oct. 5, 2020) ("*ABC Complaint*") (attached as Exhibit A to the Declaration of Brian J. Beck in support of Respect The Look's Motion to Dismiss and for Summary Judgment ("Beck Decl.")) (both complaints contain the identical grammatical error of "Counterfeit Products are sold using marks which is identical or confusingly similar" in paragraph 35, and omit paragraphs 22-25 as well as paragraphs 43-47).

discovery into the Defendants' financial accounts, and authorizing service by email on all the Defendants. Dkt. Nos. 10-11.

Plaintiff's motion for a TRO, at least as to Respect The Look, was based entirely on misrepresentations about Plaintiff's evidence as to both Respect The Look's allegedly infringing activities and Respect The Look's business. Plaintiff's memorandum in support of its motion for a TRO asserted that "the Defendants are promoting, advertising, marketing, distributing, offering for sale and selling counterfeit products, bearing counterfeit versions of Plaintiff's Mark, through various websites/webstores designed to mislead consumers that the products sold are genuine products of Plaintiff." Dkt. No. 11 at 9. In support of its allegations of counterfeiting, Plaintiff submitted a declaration from its counsel, Patrick M. Jones, attaching screenshots of the allegedly infringing products. Dkt. No. 11 at 10; Dkt. No. 13. Plaintiff's memorandum in support of its TRO, like its Complaint, only asserted claims for trademark infringement based on Defendants' alleged use of the Mark, not claims for copyright infringement or reverse passing-off. Dkt. No. 11 at 15-20. As for Plaintiff's evidence supporting the extraordinary relief of an *ex parte* asset freeze, Plaintiff alleged in its memorandum that "upon information and belief, the Defendants in this case hold most of their assets in China, making it easy to hide or dispose of assets, which will render an accounting by Plaintiff meaningless." Dkt. No. 11 at 25. Plaintiff offered no competent evidence or basis for its belief that any of the Defendants, or Respect The Look specifically, held assets in China.

At least as to Respect The Look, both the allegations that it sold products with Plaintiff's FLAGWIX Mark and that it was based in China were false and unsupported by any evidence. The only evidence the Plaintiff offered in support of its motion for a TRO specific to Respect The Look was two screenshots from Respect The Look's website of the allegedly infringing

"One Nation Under God Flag." Facts at ¶ 11. The screenshots Plaintiff submitted as evidence do not show any use of the word "FLAGWIX" by Respect The Look. *Id.* Plaintiff did not offer any other evidence that Respect The Look uses the FLAGWIX Mark on any of its products. Facts at ¶¶ 12-13. As to Respect The Look's domicile, Respect The Look's website, which Plaintiff must have visited in order to create the above-mentioned exhibit, lists an address in New Britain, Connecticut. Facts at ¶ 15. Plaintiff alleged in a declaration from its CEO Assistant, Taylor Vo, that it performed investigations to determine that the Defendants "sell Counterfeit Products from foreign countries such as China to consumers in the United States and the State of Illinois," but did not explain how it conducted those investigations or identify the evidence uncovered. Facts at ¶ 17.

The Court granted Plaintiff's motion for an *ex parte* TRO on December 21, 2021. Dkt. No. 19. Plaintiff then, on January 10, 2022, filed a motion for a preliminary injunction to extend both the injunction against selling counterfeit products and the asset freeze until trial, explaining that the scope of the proposed preliminary injunction "is materially indistinguishable from the Temporary Restraining Order." Dkt. No. 26. Plaintiff's memorandum in support of its motion for a preliminary injunction explained that it relied entirely on the evidence previously submitted in its motion for a TRO.  Dkt. No. 27 at 2-4.

Respect The Look was not served with the Complaint in this case or notice of the motion for preliminary injunction until January 16, 2022. Dkt. No. 35-1 at ¶ 19; Dkt. No. 38. Through Respect The Look's independent investigation, it was able to learn that it had been named as a defendant in this case, retained counsel on January 12, 2022, and filed an appearance, counterclaims, an opposition to the motion for a preliminary injunction, and motions to dissolve the TRO and for sanctions all on January 14, 2022. Dkt. No. 35-7 at ¶ 13; Dkt. Nos. 30-35. In its

response to Plaintiff's motion for a preliminary injunction, Respect The Look submitted a declaration from its owner, Reginald Jennings, Jr., stating that: (1) Respect The Look's "One Nation Under God" flag does not use the FLAGWIX Mark; (2) that none of Respect The Look's products use the FLAGWIX Mark; (3) that Respect The Look created the "One Nation Under God" design itself and did not copy it from Plaintiff; (4) that Respect The Look maintains physical locations and retains independent contractors in New Britain, Connecticut; and (5) that Respect The Look has no assets in any foreign country, including China. Dkt No. 35-1 at ¶¶ 2-4, 7, 14-17. Respect The Look argued in opposition to the motion for preliminary injunction that Plaintiff not only had no likelihood of success on the merits, but failed to even state a claim against Respect The Look, "because Plaintiff has failed to offer evidence that Respect The Look has ever used Plaintiff's registered FLAGWIX Mark." Dkt. No. 35 at 11.

At the preliminary injunction hearing on January 18, 2022, Plaintiff's counsel admitted that he had no evidence of trademark infringement by Respect The Look and had misrepresented both its evidence and its legal theory in its motions for a TRO and for a preliminary injunction. In response to the Court's questioning, Plaintiff's counsel admitted that the word "FLAGWIX" did not appear in Respect The Look's product or advertisement. Facts at ¶ 19. Plaintiff's counsel then argued, without citation to evidence, that Respect The Look was infringing not by using the FLAGWIX Mark, but by copying Plaintiff's image and then using Photoshop to remove the FLAGWIX logo. Facts, Ex. 2 at 9:25-10:5.. The Court pointed out that Plaintiff's TRO papers alleged only actual use of the FLAGWIX Mark, to which Plaintiff's counsel only responded that the images were the same. Facts, Ex. 2 at 11:1-10. Plaintiff's counsel was later questioned about the basis for Plaintiff's allegations that Respect The Look was based in China, and the only basis

he offered was a stereotype: "that all these companies are overseas and they all use PO boxes." Facts at ¶ 21.

Plaintiff filed a paper entitled "Supplemental Authority" in support of its motion for preliminary injunction after the hearing, at the Court's request, and then the next day filed an additional declaration from Ms. Vo regarding Respect The Look. Dkt. No. 43, 50. The "Supplemental Authority" filing did not offer evidence that Respect The Look used the FLAGWIX logo, instead alleging that Respect The Look "copied the image, changed the flag to the United States, and removed the FLAGWIX TM." Dkt. No. 43 at 1. Ms. Vo's supplemental declaration admitted that Respect The Look does not use the FLAGWIX trademark by alleging that "Sophisticated counterfeiters, like www.respectthelook.com, remove the FLAGWIX trademark from the image of our products before advertising them." Facts at ¶ 22.

On January 20, 2022, the Court granted Respect The Look's motion to dissolve the TRO. Dkt. No. 52. The Court explained the basis of its decision at a hearing later that day, stating that "it is clear to me that the theory and the facts upon which the ex parte relief was originally granted as to this defendant are not borne out at least not by the circumstances currently known, the most significant fact being that Respect The Look does not seem to have used the actual 'FLAGWIX' trademark in connection with the advertisement and seller that is the subject of the claim against it." Facts at ¶ 23. The Court rejected Plaintiff's new theory that Respect The Look infringed by copying Plaintiff's image and removing the FLAGWIX Mark, explaining that "one, that's not what was represented in the TRO papers; and two, that's not a trademark claim as supported by any of the authority that the plaintiff has submitted." Facts at ¶ 24.

The Court then offered Plaintiff an opportunity to amend its motion for a preliminary injunction, or to stand on the papers it had already submitted, candidly telling Plaintiff that

"based on my review of the case law and the record I currently have, I don't see how it would be supportable." Facts at ¶ 25. Plaintiff's counsel stated that Plaintiff would stand on its submissions, and the Court accordingly denied Plaintiff's motion for a preliminary injunction. Facts at ¶ 25.

Plaintiff's Complaint remained pending after the preliminary injunction was denied. Dkt. No. 55. Respect The Look now seeks dismissal of the Complaint with prejudice and a declaration that this is an exceptional case under the Lanham Act.

## ARGUMENT

With the preliminary injunction hearing resolved, it is now an undisputed fact that Respect The Look's only product as to which Plaintiff has alleged infringement, the "One Nation Under God" flag, does not bear Plaintiff's FLAGWIX Mark. Plaintiff never plausibly alleged that Respect The Look sold a product bearing the FLAGWIX Mark, as the Complaint lacks any non-conclusory factual allegation of use of the FLAGWIX Mark, only rote legal conclusions copied verbatim from dozens of similar complaints filed in this District. But in view of the evidence presented at the preliminary injunction hearing demonstrating that Respect The Look does not use the FLAGWIX Mark on its products, Respect The Look is entitled to not only dismissal of the Complaint but summary judgment, a judgment on the merits dismissing Plaintiff's claims with prejudice. And because Plaintiff's admissions demonstrate that it filed knowingly false allegations in its Complaint, misrepresented both its evidence and its legal theories in its TRO, and still refused to withdraw its Complaint after the Court held that Plaintiff had not presented any evidence of trademark infringement, the Court should declare this an "exceptional case" under the Lanham Act and award Respect The Look its attorney fees and costs.

I.  **Plaintiff's Complaint fails to state a claim against Respect The Look.**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligations to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. While the factual allegations contained in a complaint are accepted as true in analyzing a Rule 12(b)(6) motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. After removing legal conclusions that are "not entitled to the assumption of truth," "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

In order for a complaint for trademark infringement to survive a motion to dismiss, the Complaint must contain plausible factual allegations of consumer confusion, not mere recitals of legal conclusions or implausible allegations of confusion. *See Fortres Grand Corp. v. Warner Bros. Entertainment Inc.*, 763 F.3d 696, 700 (7th Cir. 2014); *Eastland Music Group, LLC v. Lionsgate Entertainment, Inc.*, 707 F.3d 869, 871 (7th Cir. 2013). In considering a motion to dismiss a complaint for trademark infringement, it is appropriate for the Court to consider a document showing the content of the allegedly infringing product, even if the Plaintiff has only referred to the allegedly infringing product without attaching it to the Complaint.[3] *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690-91 (7th Cir. 2012) (noting that it

---

[3] If the Court does not consider the image of Respect The Look's webpage including the image of the allegedly infringing "One Nation Under God" Flag to be incorporated by the Complaint, it certainly is part of the preliminary injunction record and so is admissible as evidence in support of Respect The Look's motion for summary judgment. *See* Section II.A, *infra*.

makes sense to allow the incorporation-by-reference doctrine to allow consideration of the content of allegedly infringing video works on a motion to dismiss, but not reaching the issue); *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (allowing consideration of entire agreement referenced in complaint for civil rights violations where the complaint referenced but did not attach the agreement).

>   **A.    The Complaint fails to state a claim for trademark counterfeiting or infringement under 15 U.S.C. § 1114 (Count One) because it does not plausibly allege that Respect The Look used the FLAGWIX Mark.**

For Plaintiff's Count I for infringement and/or counterfeiting of its registered FLAGWIX Mark to survive a motion to dismiss, the Complaint must plausibly allege that Respect The Look used the FLAGWIX Mark, or a sufficiently similar mark to the word "FLAGWIX" to raise a likelihood of confusion. In order to state a claim for trademark infringement under 15 U.S.C. § 1114, the Complaint must plausibly allege, *inter alia*, that the defendant either "(a) use[s] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark" or "(b) reproduce[s], counterfeit[s], cop[ies], or colorably imitate[s] a registered mark." 15 U.S.C. § 1114(a)(1). This Court has accordingly held that a showing of trademark infringement under 15 U.S.C. § 1114(a) requires a showing of three elements: "that (1) [plaintiff's] marks are registered; (2) the defendants used the marks in commerce without [plaintiff's] consent; and (3) that the defendants' unauthorized use is likely to confuse consumers or deceive the public." *S Industries, Inc. v. Stone Age Equipment, Inc.*, 12 F. Supp. 2d 796, 803 (N.D. Ill. 1998). For an allegation of counterfeiting, the "counterfeit mark" must be not just similar to the registered mark, but must be "identical with, or substantially indistinguishable from, a registered mark." *Desmond v. Chicago Boxed Beef Distributors, Inc.*, 921 F. Supp. 2d 872, 880 (N.D. Ill. 2013). In other words, to state a claim for infringement of its FLAGWIX Mark, Plaintiff had to plausibly allege that Respect The Look used a mark similar enough to "FLAGWIX" to confuse consumers;

to state a claim for counterfeiting, Plaintiff had to plausibly allege that Respect The Look actually used the word "FLAGWIX" on its products.

The Complaint fails to plausibly allege that Respect The Look used the word "FLAGWIX" or a substantially similar word on its products, and so it fails to state a claim for trademark infringement or counterfeiting. While the Complaint states conclusory allegations that all Defendants used the Mark "on or in connection with the advertising, marketing, distribution, offering for sale and sale of the Counterfeit Products," (Complaint at ¶¶ 21-29), those conclusory allegations should not be accepted as true. *Iqbal*, 556 U.S. at 678; *Fortres*, 763 F.3d at 700. The *Iqbal* doctrine that conclusory allegations reciting the elements of a cause of action devoid of case-specific facts are not accepted as true on a motion to dismiss carries additional weight here where the Plaintiff actually copied the relevant allegations verbatim from an entirely different complaint filed not only by a different plaintiff for a different mark, but by a different law firm as well.[4] *Compare* Complaint at ¶¶ 21-54 to *ABC Complaint*, Beck Decl., Ex. A, at ¶¶ 21-54. If the Court credits Plaintiff's copied and conclusory allegations as sufficient to survive a motion to dismiss, it would not only go against the binding precedents of *Iqbal* and *Fortres*, it would set a dangerous precedent that any plaintiff could state a claim for trademark infringement by copying the same allegations of trademark infringement asserted here, in *ABC*, and in other similar cases, without any factual allegation specific to either the plaintiff's Mark or to the allegedly infringing goods or services.

The closest the Complaint gets to a specific allegation of infringement by Respect The Look does not allege use of the FLAGWIX Mark, and certainly does not plausibly allege use of

---

[4] While not necessarily dispositive of an issue in this case, the irony must be noted that the Plaintiff plagiarized almost all of its papers in this case from another law firm in pursuit of claims for infringement of intellectual property.

the FLAGWIX Mark. As discussed above, the only material in the Complaint apparently specific to Respect The Look is the entry on Exhibit 1 to the Complaint, between entries for Plangraphics and Robinplacefabrics, identifying an allegedly infringing "One Nation Under God Flag" without identifying Respect The Look. *See supra* at 3; Dkt. No. 2 at 10. This isolated identification in an exhibit to the Complaint does not allege that the "One Nation Under God Flag" uses the FLAGWIX Mark. But even if it did, that allegation would not plausibly allege use of the FLAGWIX Mark because the Court is permitted, on a motion to dismiss, to consider the image of the "One Nation Under God Flag" referenced in the Complaint. *See Brownmark*, 682 F.3d at 690-91; *Wright*, 29 F.3d at 1248. That image was submitted to the Court by Plaintiff in support of its motion for an *ex parte* TRO, was submitted by Respect The Look in opposition to Plaintiff's motion for a preliminary injunction, and is attached to this motion again for the Court's convenience. Dkt. No. 15-5 at 28; Dkt. No. 35-17; Facts at ¶ 14, Ex. 7. Neither the image submitted by Plaintiff nor the image submitted by Respect The Look uses the FLAGWIX Mark or any similar mark, as Plaintiff admitted at the preliminary injunction hearing. Facts at ¶ 19. Plaintiff has therefore not plausibly alleged that Respect The Look used the FLAGWIX Mark or any substantially similar mark, and so has failed to state a claim for trademark infringement under 15 U.S.C. § 1114. 15 U.S.C. § 1114(a)(1); *see also Brookfield Comms., Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1054 (9th Cir. 1999) ("Where the two marks are entirely dissimilar, there is no likelihood of confusion.").

> **B.**    **Plaintiff's federal unfair competition and Illinois deceptive trade practices claims, Counts Two and Three respectively, are duplicative of Plaintiff's trademark infringement claim and fail for the same reason.**

Plaintiff's Counts Two and Three, for unfair competition under 15 U.S.C. § 1125(a) and for violation of the Illinois Uniform Deceptive Trade Practices Act respectively, involves the "same elements and proofs" as Plaintiff's Count One for trademark infringement discussed

above. *KJ Korea, Inc. v. Health Korea, Inc.*, 66 F. Supp. 3d 1005, 1012 (N.D. Ill. 2014); *Trans Union LLC v. Credit Research, Inc.*, 142 F. Supp. 2d 1029, 1038 (N.D. Ill. 2001) (counts for unfair competition under the Lanham Act and unfair trade practice claims under the Illinois Uniform Deceptive Trade Practice Act required same elements as trademark infringement under 15 U.S.C. § 1114, and thus shared "the same fate" as the trademark infringement count). The similarity between these Counts is also apparent from their allegations, as both Counts rely on allegations that the Defendants are "misappropriating and using the Mark" and that the allegedly infringing products are "likely to cause confusion to the general purchasing public." Complaint at ¶¶ 39-40, 50-51.

Accordingly, Counts Two and Three should be dismissed for the same reason as Count One: because Plaintiff has not plausibly alleged that Respect The Look uses the FLAGWIX Mark or a similar Mark. Again, the conclusory recital of the elements of a Lanham Act unfair competition claim or an Illinois Uniform Deceptive Trade Practices Act claim are not entitled to any presumption of truth on a Rule 12(b)(6) motion. *Iqbal*, 556 U.S. at 678; *Fortres*, 763 F.3d at 700. The only thing resembling an allegation specific to Respect The Look in the Complaint remains Exhibit 1's identification of the "One Nation Under God" flag as the allegedly infringing product, and Plaintiff has admitted that that flag does not use the FLAGWIX Mark. The Court should accordingly dismiss Counts Two and Three to the Complaint as well. Because the Complaint fails to state a claim under any of the three Counts it pleads, the Complaint should be dismissed in its entirety.

## II. Based on the evidence presented and Plaintiff's admissions at the preliminary injunction hearing, Respect The Look is entitled to summary judgment.

Respect The Look not only seeks dismissal of the Complaint, but also seeks summary judgment on the merits in order to dispose of Plaintiff's allegations with finality. It is undisputed

that Plaintiff's purported evidence in support of its motions for an *ex parte* TRO and for a preliminary injunction demonstrates that Plaintiff has no trademark infringement claim against Respect The Look. Plaintiff's theories asserted for the first time at the preliminary injunction hearing are not legally cognizable, and Plaintiff is not entitled to discovery under Rule 56(d) because any evidence of trademark infringement by Respect The Look would have been public and already available to Plaintiff before it filed its Complaint. There is no genuine dispute of material fact, and Respect The Look is entitled to summary judgment.

**A.  Respect The Look's motion for summary judgment is timely and correctly relies on evidence submitted on Plaintiff's now-denied motion for a preliminary injunction.**

A motion for summary judgment may be filed "at any time until 30 days after the close of all discovery," even before discovery and before an answer. Fed. R. Civ. P. 56(a); *Eastland*, 707 F.3d at 870-71. In moving for summary judgment, a party asserting that a fact cannot be genuinely disputed must support the assertion by "citing to particular parts of materials in the record . . . or [] showing that the materials cited do not establish the absence [] of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Where a preliminary injunction motion has been raised, heard, and resolved, "evidence that is received on the motion and that would be admissible at trial becomes part of the trial record." Fed. R. Civ. P. 65(a)(2).

**B.  Respect The Look is entitled to summary judgment on each of Plaintiff's three counts pleaded by the Complaint.**

Respect The Look is entitled to summary judgment on Plaintiff's essentially identical trademark infringement, unfair competition, and state-law deceptive trade practices claim because there is it is undisputed that the Respect The Look's allegedly infringing product does not use Plaintiff's FLAGWIX Mark. "Summary judgment is proper when the record shows that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Stone Age*, 12 F. Supp. 2d at 803 (citing Fed. R. Civ. P. 56(c)). "In making its determination, the court's sole function is to determine whether sufficient evidence exists to support a verdict in the nonmovant's favor." *Id.* As explained in Sections I.A-B, *supra*, each of Plaintiff's counts for trademark infringement, unfair competition under the Lanham Act, and violation of the Illinois Uniform Deceptive Trade Practices Act require the Plaintiff to show that the defendant used Plaintiff's Mark or a similar mark. 15 U.S.C. § 1114(a)(1); *KJ Korea*, 66 F. Supp. 3d at 1012; *see also Stone Age*, 12 F. Supp. 2d at 819 (granting summary judgment for defendant on federal unfair competition claim and state law claims based on identical analysis to federal trademark infringement claim).

There is no dispute that Respect The Look's "One Nation Under God" Flag, which is the only item sold by Respect The Look that Plaintiff has alleged to infringe its Mark, does not use the FLAGWIX Mark. The image of Respect The Look's "One Nation Under God" flag submitted by Plaintiff in support of its motion for an *ex parte* TRO, which was incorporated by reference in Plaintiff's motion for a preliminary injunction, does not use the word "FLAGWIX" or any similar mark. Facts at ¶ 11. Respect The Look confirmed that its "One Nation Under God" flag does not use the FLAGWIX Mark through its owner's declaration and through a submission of the full Internet listing for the flag. Facts at ¶ 14. Plaintiff's counsel then admitted at the January 18 preliminary injunction hearing that it had no evidence that Respect The Look used the FLAGWIX Mark. Facts at ¶ 19. Though Plaintiff's counsel told the Court he believes Plaintiff can find other images from Respect The Look that use the FLAGWIX Mark, Plaintiff failed to offer that evidence in its supplemental filing, and then declined to amend its preliminary injunction to present such evidence. Facts at ¶ 12, 19, 25. There is therefore no genuine dispute

as to Respect The Look's nonuse of the FLAGWIX mark, and because use of the FLAGWIX

Mark is a required element of each of Plaintiff's counts, Respect The Look is entitled to

summary judgment.

### C. Plaintiff should not be permitted discovery to search for evidence of Respect The Look's use of the FLAGWIX mark because all such evidence would have been public and should already be in Plaintiff's possession.

Respect The Look expects that Plaintiff will seek leave to conduct additional discovery

under Rule 56(d) to find nonexistent evidence of infringement that should already have been in

Plaintiff's possession. In order to defeat or delay a motion for summary judgment based on a

need to take additional discovery, the nonmovant must "show[] by affidavit or declaration that,

for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P.

56(d). District Courts should deny motions for additional discovery under Rule 56(d) where the

request is "based on nothing more than mere speculation." *Helping Hand Caregivers, Ltd. v.*

*Darden Restaurants, Inc.*, 900 F.3d 884, 890 (7th Cir. 2018). Plaintiff cannot demonstrate that

additional discovery would reveal facts sufficient to create a genuine dispute of material fact as

to Respect The Look's nonuse of the FLAGWIX Mark here, and if Plaintiff files a Rule 56(d)

motion, the Court should not only deny Plaintiff's motion, it should sanction Plaintiff and its

attorneys for admitting that their filings and sworn declarations contained fraudulent

misrepresentations as to the evidence in their possession.

First, the evidence in the record shows that Plaintiff ordered a "One Nation Under God"

flag from Respect The Look, and so would already have evidence of use of the FLAGWIX mark

if Respect The Look had placed the mark on its physical product but not on its online website.

Plaintiff attached to its TRO an image of Respect The Look's website showing that Plaintiff had

ordered a physical "One Nation Under God" flag shipped to 4082 Lewis Street, Chicago, IL

60606, in order to support personal jurisdiction. Facts at ¶ 11. Despite apparently ordering a

Respect The Look flag, Plaintiff did not submit the physical flag as evidence in support of its *ex parte* TRO and preliminary injunction motions. Facts at ¶¶ 11, 13. Plaintiff therefore cannot obtain additional discovery based on a need to obtain the actual flags sold by Respect The Look, because Plaintiff has already done so.

Second, any evidence of Respect The Look's alleged use of the FLAGWIX mark on its website was and remains publicly available to Plaintiff, because Plaintiff can simply visit Respect The Look's website and search for the word "FLAGWIX." That is how Plaintiff obtained the evidence it submitted in support of its *ex parte* TRO and preliminary injunction motions, by visiting Respect The Look's website and saving a copy of the page. Facts at ¶ 11. Plaintiff cannot justify additional discovery based on information that is already publicly available and can be found without using the court's discovery procedures.

Third, if Plaintiff claims that it needs additional discovery to find evidence of Respect The Look's use of the FLAGWIX Mark, Plaintiff would implicitly admit that its CEO Assistant Taylor Vo and its attorney Patrick Jones perjured themselves in their declarations submitted on Plaintiff's *ex parte* TRO motion. Ms. Vo's declaration states that Plaintiff "regularly investigates suspicious websites and online marketplace listings identified in proactive internet sweeps and reported by consumers," and that "[t]hese investigations have established that Defendants are using the various websites and webstores . . . to sell Counterfeit Products from foreign countries such as China to consumers in the United States and the State of Illinois, including the Northern District of Illinois." Facts at ¶ 17. Mr. Jones's declaration states that he personally authenticated the listings for each allegedly infringing website and verified that each webstore lists appears uses the Mark:

> A listing of Defendants' unauthorized use of Mark [sic] on the Infringing
> Webstore listings to advertise the sale of Counterfeit Products was filed under seal

as Exhibit 1 to the Complaint. This document was prepared by the Plaintiff and its employees or contractors under their direction and supervision and I have authenticated the listings myself. In this exhibit, selected screenshots of the listings from Defendants' Infringing Webstores appear with the Mark listed in the listing title, images associated with the listing, and/or within the description of the product itself.

Facts at ¶ 18. If Plaintiff has not in fact conducted an investigation and Mr. Jones does not have evidence of Respect The Look's Mark, the above statements were knowingly false and submitted to the Court in sworn declarations under penalty of perjury. Plaintiff is not entitled to conduct additional discovery in the hopes of curing its misrepresentations to the Court, and if Plaintiff cannot present the evidence Ms. Vo and Mr. Jones swore that they possessed, the Court should severely sanction Plaintiff, Ms. Vo, and Mr. Jones for submitting fraudulent declarations in support of an *ex parte* TRO motion.

Similarly, if Plaintiff did not already possess evidence of Respect The Look's use of the FLAGWIX Mark, then its Complaint, *ex parte* TRO motion, and preliminary injunction motion each violated Rule 11. In filing a paper, an attorney certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Each of the Complaint, *ex parte* TRO motion, and preliminary injunction motion includes factual contentions that Respect The Look used the FLAGWIX Mark, without any specific identification that Plaintiff will need further discovery to obtain evidence for those contentions. Complaint at ¶¶ 21-22, 26-27, 29, 35-36, 40, 51; Dkt. No. 11 at 9-11; Dkt. No. 27 at 1. If Plaintiff represents to the Court that it requires additional discovery to find evidence of Respect The Look's use of the FLAGWIX Mark, then Plaintiff is admitting that the Complaint, *ex parte* TRO motion, and preliminary injunction motion were all filed in violation of

Rule 11, and the Court should not only deny Plaintiff's Rule 56(d) motion, but should then on its own initiative order Plaintiff and Mr. Jones to show cause why their conduct has not violated Rule 11(b). Fed. R. Civ. P. 11(c)(3).

### D. Respect The Look is entitled to summary judgment on Plaintiff's unpled reverse passing off and common-law copyright infringement theories as well.

At the January 18 preliminary injunction hearing, Plaintiff's counsel thought up two new legal theories, not pleaded by the Complaint or asserted by Plaintiff's *ex parte* TRO and preliminary injunction motions: (1) a "reverse passing off" theory that Respect The Look infringed Plaintiff's FLAGWIX Mark by copying Plaintiff's "One Nation Under God" image, removing the FLAGWIX Mark and making other minor modifications, and then selling the resulting flag; and (2) a "common law copyright infringement" theory alleging infringement of Plaintiff's unregistered copyright in its "One Nation Under God" flag. Neither of these theories has any legal basis, and so Respect The Look is entitled to summary judgment on them as well.

Plaintiff's new "reverse passing off" theory is barred by Supreme Court and Seventh Circuit precedent holding that a reverse passing off theory can only be based on modification of a physical product, not a digital image. Plaintiff's theory presented for the first time at the preliminary injunction hearing is that Respect The Look allegedly copied Defendant's image and then "Photoshop[s] out the FLAGWIX logo." Facts, Ex. 2 at 10:2-3. This theory is nearly identical to the allegations held by the Supreme Court to not be trademark infringement in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003), and held by this Court to not state a claim in *Personal Keepsakes, Inc. v. Personalizationmall.com, Inc.*, No. 11-cv-5177, 2012 WL 414803, at *5 (N.D. Ill. Feb. 8, 2012). In *Dastar*, the Supreme Court held that it was not an act of trademark infringement to take the plaintiff's films, remove the plaintiff's name, make slight modifications to the films, and market them under the defendant's name. 539

U.S. at 37-38. In *Personal Keepsakes*, this Court applied *Dastar* and held that it was not an act of trademark infringement to copy poems from the plaintiff's gift items, use the poems on defendant's gift items, and sell the gift items with the identical poems using the defendant's trademark. 2012 WL 414803, at *4-*5. This Court already properly rejected Plaintiff's theory on its preliminary injunction motion based on *Dastar* and *Personal Keepsakes*. Facts, Ex. 2 at 4:1-8. Plaintiff therefore cannot save its trademark infringement claims by alleging (without evidence) that Respect The Look copied an image from Plaintiff's flags, used the image on its own flags, and then sold the flags using Respect The Look's trademark.

Plaintiff also cannot salvage its claim with a "common law copyright" claim over the "One Nation Under God" flag because there is no "common law copyright" in published visual works. The Copyright Act expressly preempts all common law or state law copyrights "in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished." 17 U.S.C. § 301(a). "[P]ictorial, graphic, and sculptural works" are specified by 17 U.S.C. § 102(a)(5)." Plaintiff therefore cannot have a common law copyright in its graphic work, which was obviously fixed in a tangible medium of expression when it was published on Plaintiff's website and printed on Plaintiff's flags. *See Natkin v. Winfrey*, 111 F. Supp. 2d 1003, 1014 (N.D. Ill. 2000) (dismissing state law copyright claims based on copying of photographs).

Plaintiff also cannot bring a federal copyright infringement claim. At the preliminary injunction, Plaintiff did not state that it had a copyright registration for its "One Nation Under God" flag, stating only that it had a "common law" copyright. Facts at ¶ 20. Plaintiff cannot bring a federal copyright infringement claim without a registered copyright. 17 U.S.C. § 411(a);

*Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 189 S. Ct. 881, 888 (2019).

Therefore, Plaintiff cannot salvage its lawsuit by adding a federal copyright infringement claim.

In sum, the undisputed material facts show that Respect The Look has not used Plaintiff's FLAGWIX Mark, that Plaintiff has no registered copyright in its "One Nation Under God" flag, and therefore Plaintiff has no claim against Respect The Look for any form of trademark or copyright infringement. Respect The Look is therefore entitled to summary judgment.

### III. This is an exceptional case under the Lanham Act, and the Court should award Respect The Look its reasonable attorney fees and costs.

If the Court grants Respect The Look's motion for summary judgment, the Court should also declare this case to be exceptional and award Respect The Look its attorney fees and costs incurred in defending this frivolous lawsuit. The Lanham Act states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). In 2019, following the Supreme Court's analysis of identical language in the Patent Act in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014), the Seventh Circuit held that an "exceptional" case under the Lanham Act "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *LHO Chicago River, L.L.C. v. Perillo*, 942 F.3d 384, 386, 388 (7th Cir. 2019) (quoting *Octane*, 572 U.S. at 554). Before *LHO*, the Seventh Circuit applied a more rigid standard requiring a prevailing party show an "abuse of process," occurring "when a litigant pursues an objectively unreasonable claim to extort or inflict disproportionate costs on his opponent, or when a party brings a frivolous claim for external gain." *LHO*, 942 F.3d at 387. Here, Plaintiff's litigation conduct demonstrates an egregious abuse of process, entitling Respect The Look to

attorney fees under the former abrogated standard, and *a fortiori* entitling Respect The Look to attorney fees under the more flexible standard adopted by *LHO*.

First, this case is exceptional because it is factually and legally baseless. As explained above, Plaintiff must prove that Respect The Look used the FLAGWIX mark or a similar mark in order to assert any claim sounding in trademark infringement, and Plaintiff never had any evidence that Respect The Look did so. When confronted with that fact at the preliminary injunction hearing, Plaintiff retreated to new, legally baseless theories that Respect The Look counterfeited the FLAGWIX Mark not by using it, but by removing it from images; and that Respect The Look infringed a common law copyright in the "One Nation Under God" flag. Had Plaintiff performed any reasonable investigation or basic legal research, it would have known that both those theories were legally baseless, the former squarely rejected by the Supreme Court in *Dastar* and the latter preempted by the Copyright Act. *See* Section II.D, *supra*. Even under the former more rigid standard, when a plaintiff brings a trademark infringement lawsuit that "completely lack[s] any evidence" of an element necessary to prove infringement, the case is exceptional and the defendant should be awarded attorney fees. *Bretford Mfg., Inc. v. Smith System Mfg. Co.*, 389 F. Supp. 2d 983, 986 (N.D. Ill. 2005).

Second, this case is exceptional because of the unreasonable manner in which Plaintiff has litigated this case: by abusing the Court's *ex parte* procedures using fraudulent misrepresentations of Plaintiff's evidence in order to obtain an unwarranted TRO, with the goal of extorting a lucrative settlement from Respect The Look. As the Court has already recognized, Plaintiff filed and obtained an *ex parte* TRO based on misrepresentations to the Court as to its evidence and legal theories. Facts at ¶¶ 23-24. Plaintiff told the Court, over and over in multiple filings and sworn declarations, that it possessed evidence that all of the defendants, specifically

including Respect The Look, used the FLAGWIX Mark on counterfeit flag products. Complaint at ¶¶ 21-22, 26-27, 29, 35-36, 40, 51; Dkt. No. 11 at 9-11; Dkt. No. 27 at 1. It submitted sworn declarations from Ms. Vo and Mr. Jones testifying that Respect The Look used the FLAGWIX Mark on counterfeit flag products. Facts at ¶¶ 17-18. And Plaintiff submitted these papers in sealed *ex parte* proceedings, causing the Court to enter a TRO against Respect The Look without ever giving Respect The Look an opportunity to respond to Plaintiff's allegations. Once Respect The Look responded to Plaintiff's allegations, it became clear that Plaintiff had no basis for its claim. Facts at ¶¶ 19-25. Then, after the Court held that Plaintiff lacked evidence or a legal basis to support its claims, Plaintiff still persisted, forcing Respect The Look to spend additional fees in preparing and filing this motion to dismiss and for summary judgment.[5]

This Court has awarded attorney fees to prevailing defendants against similar but less abusive litigation conduct. In *Direct Fitness Solutions, LLC v. Direct Fitness Solutions, LLC*, 281 F. Supp. 3d 697, 701 (N.D. Ill. 2017), the plaintiff attempted to extort the defendant by sending a cease and desist letter demanding $50,000 for a baseless claim of infringement, and then filed suit in the Northern District of Illinois without adequate evidence of personal injunction to force the Florida-based defendant to incur unnecessary costs of litigating in Illinois. Based on the combination of "an absence of factual or legal support for the plaintiff's theories, coupled with plaintiff's distinctly coercive pre-litigation tactics," the Court found the case to be exceptional and awarded the defendant its attorney fees. *Id.* at 701-702. Plaintiff's tactics here are even more

---

[5] Plaintiff appeared to have realized its error on January 24, 2022, when it filed a Notice of Voluntary Dismissal listing Respect The Look. Dkt. No. 54. It seemed that Plaintiff had finally decided to follow the "first rule of holes": When you find yourself in a hole, "stop digging." *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 702 (7th Cir. 2014). But Plaintiff subsequently filed a revised Notice of Voluntary Dismissal on January 27, 2022, revoking its earlier notice of voluntary dismissal and continuing to pursue its frivolous claims against Respect The Look. Dkt. No. 61.

abusive and more deserving of sanction: not only did Plaintiff force Respect The Look, a Connecticut-based company to come to Illinois and spend unnecessary legal fees in defense against factually and legally baseless claims, Plaintiff obtained an *ex parte* TRO against Respect The Look imposing significant financial damage on Respect The Look in order to extort a settlement.

Similarly, this Court in *S Indus., Inc. v. Diamond Multimedia Sys., Inc.*, 17 F. Supp. 2d 775, 778 (N.D. Ill. 1998), awarded attorney fees to a prevailing defendant where the plaintiff had embarked on a campaign to file frivolous lawsuits against a large number of defendants in the hopes of extorting lucrative settlements. In awarding attorney fees to that defendant, the Court noted that the plaintiff had filed similarly frivolous suits against numerous other defendants, noting this Court's characterization in a related case that the plaintiff "appears to have entered into a new industry—that of instituting federal litigation." *Id.* at 778 (quoting *S Indus., Inc. v. Hobbico, Inc.*, 940 F. Supp. 210, 211 (N.D. Ill. 1996)). The Court then observed that even though the litigation was "patently frivolous," the plaintiff "entangled eight retail customers of [defendant] in this litigation thereby threatening [defendant's] business and increasing the likelihood of extracting a settlement. [Plaintiff] has apparently taken a legitimate procedure designed to protect trademark rights and turned into [sic] a means of judicial extortion." *Id.* at 779.

Plaintiff has done the exact same thing here: taken a legitimate procedure designed to protect trademark rights and turned it into a means of judicial extortion. Plaintiff filed a plagiarized complaint against nearly three hundred different defendants, obtained an *ex parte* TRO including the extreme and unusual remedy of an asset freeze against all of them based on numerous misrepresentations filed under seal, and proceeded to extort settlements from the

defendants. This Court has permitted such tactics in other cases, purportedly in order to remedy the evil of a supposed Chinese counterfeiting industry. *See* Dkt. No. 11 at 26 (collecting cases). But assuming *arguendo* that the *ex parte* procedure used by Plaintiff is "legitimate" in an abstract sense, here Plaintiff converted the Court into an instrument of oppression and injustice by obtaining its *ex parte* relief through fraudulent misrepresentations to the Court. In its Complaint and TRO papers, Plaintiff represented to the Court that it was a Chicago-area business whose FLAGWIX mark was counterfeited by Chinese businesses, including Respect The Look, who would fold up and flee if their assets were not frozen without notice. Even after it was called out on its failure to adequately serve over a hundred defendants and its filing of a fraudulent certificate of service, Plaintiff still attempted to represent to the Court that the defendants were provided with notice of the preliminary injunction hearing, when Plaintiff failed to do so. Facts, Ex. 2 at 4:1-5:12. Now it is clear that Plaintiff is a Vietnamese business that manufactures its flags in China; Respect The Look is a Connecticut business that has no foreign assets and performs its design and manufacturing activities in America to the extent possible, and that Respect The Look never counterfeited the FLAGWIX mark. This Court in another S Industries lawsuit in which it awarded attorney fees to the prevailing defendant, *Stone Age*, 12 F. Supp. 2d at 820, stated that it "can think of few suits more oppressive, or few cases more exceptional, than this." But for all S Industries did in asserting frivolous trademark infringement lawsuits, S Industries did not abuse this Court's *ex parte* procedures. This case is more oppressive and more exceptional even than the S Industries cases, and the Court should accordingly award Respect The Look its reasonable attorney fees.

## **CONCLUSION**

Plaintiff brought a Complaint for trademark infringement and obtained an *ex parte* TRO based on factual contentions that Respect The Look used Plaintiff's FLAGWIX Mark on

counterfeit flags, and on sworn declarations stating that Plaintiff had evidence of Respect The Look's use of the FLAGWIX Mark. It is now clear that Plaintiff had no such evidence, that its filings violated Rule 11, and that its sworn declarations under penalty of perjury were false. Plaintiff never had a factual or legal basis for its claims against Respect The Look, and there is no genuine dispute as to that fact. The Court should accordingly grant summary judgment for Respect The Look, dismiss the Complaint with prejudice, declare this case exceptional under 15 U.S.C. § 1117(a), and award Respect The Look the reasonable attorney fees and costs it has incurred in defending against this frivolous and extortionate lawsuit.

Respectfully submitted,

RJITSCT LLC d/b/a Respect The Look

Dated: February 14, 2022

By: /s/ *Brian J. Beck*_____

Brian J. Beck
ZUBER LAWLER & DEL DUCA LLP
55 West Monroe Street, Suite 600
Chicago, Illinois 60603
(312) 346-1100
(213) 596-5621 (fax)
bbeck@zuberlaw.com

Counsel for Defendant and
Counterclaim-Plaintiff
RJITSCT LLC d/b/a Respect The Look

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2022, a copy of the foregoing was served on counsel of record by electronic means pursuant to the court's Electronic Case Filing (ECF) system.

*/s/ Brian J. Beck*