**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Expeditee LLC.,

     *Plaintiff*,

v.

THE ENTITIES listed on EXHIBIT 1,

     *Defendants*,

_____

RJITSCT LLC d/b/a Respect The Look,

     *Counterclaim-Plaintiff*,

v.

Expeditee LLC,

     *Counterclaim-Defendant.*

Case No.: 1:21-cv-6237

Judge Andrea R. Wood

<u>Jury Trial Demanded</u>

**DEFENDANT RJITSCT LLC D/B/A RESPECT THE LOOK'S LOCAL RULE 56.1(a)(2)
STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT AND FOR ATTORNEY'S FEES AND COSTS**

Defendant and Counterclaim-Plaintiff RJITSCT LLC d/b/a Respect The Look ("Respect The Look"), by and through its attorneys, hereby submits the following statement of material facts in support of its motion for summary judgment and for attorney's fees and costs pursuant to Local Rule 56.1(a)(2).

## RESPECT THE LOOK'S BUSINESS

1.     RJITSCT LLC is a limited liability company organized and existing under the laws of the state of Connecticut, with its principal place of business in Connecticut, owned by Reginald Jennings, Jr., an American citizen and a resident of the state of Connecticut. Ex. 1 at ¶¶ 1-2 (Dkt. No. 35-1, Declaration of Reginald Jennings, Jr., in Opposition to Plaintiff's Motion for a Preliminary Injunction and in Support of Defendant Respect The Look's Motion for Sanctions ("Jennings Decl.")); Ex. 2 at 31:12-15, 35:15-17 (Jan. 18, 2022 Preliminary Injunction Hearing Tr.).

2.     RJITSCT LLC has operated an IT business providing consulting and contracting services for the last six or seven years, educating students in managing online business and marketing, and providing remote IT services to businesses around the United States. Ex. 2 at 32:1-20 (Jan. 18, 2022 Preliminary Injunction Hearing Tr.).

3.     In 2016, RJITSCT created an apparel business called "Respect The Look," and registered its website at http://respectthelook.com on December 31, 2016. Ex. 2 at 30:14-31:4 (Jan. 18, 2022 Preliminary Injunction Hearing Tr.); Ex. 3 (ICANN Lookup for respectthelook.com).

4.     At the preliminary injunction hearing, Mr. Jennings testified that Respect The Look is a family-run business run by him, his wife, and his sister, that designs apparel and decorative items that customers can purchase to express the things they believe in:

    Q.     Mr. Jennings, what kind of business is Respect The Look?

A.  Respect The Look is an apparel merchant. We do a lot of what we call print-on-demand items.

So myself along with my wife, my sister, and we have a few local people here in the city that we work with, we actually design concepts. And then we work with not only providing the experience to our customers but also providing jobs back to American citizens. We do use, in some cases, suppliers right in Detroit -- and I can give you their actual address -- to actually help facilitate some of our actual orders.

But Respect the Look is basically a website where you can go in and find things to express how you're feeling, exactly what you've been through, things that you believe in. And we believe everybody deserves that right to be able to express those things, you know, in a safe and a friendly manner.

Ex. 2 at 30:13-31:4 (Jan. 18, 2022 Preliminary Injunction Hearing Tr.).

5.  At the preliminary injunction hearing, Mr. Jennings testified that Respect The Look attempts to use local and domestic suppliers first to manufacture and print its products, and stores its inventory in its Connecticut warehouse:

THE COURT: If I were to go onto your website to order the "One Nation Under God" flag, how would you go about getting one to send to me?

THE WITNESS: Correct. So what we do, when we start advertising, if we see there's a need, we would go ahead and have our concept to be printed.

We use local suppliers first to make sure that everybody is happy with the quality, design, et cetera, et cetera, and then we will buy our items in bulk, have them actually delivered to our location.

[Court reporter colloquy omitted]

If you ordered an item from us right now, we would go and check our inventory down in our actual warehouse here in Connecticut. If we don't have that product in stock, we would then send an actual order for it to get reprinted either from our domestic suppliers or our overseas suppliers.

> THE COURT: Where is your warehouse located?
>
> THE WITNESS: In Connecticut. One Columbia Street, New
> Britain, Connecticut.

Ex. 2 at 37:21-38:17 (Jan. 18, 2022 Preliminary Injunction Hearing Tr.).

6.  Mr. Jennings submitted a sworn declaration testifying that Respect The Look employs about 10 employees or contractors and creates its own product designs in-house, and then confirmed that fact in his live testimony at the preliminary injunction hearing. Ex. 1 at ¶¶ 3, 7 (Jennings Decl.); Ex. 2 at 30:16-18, 31:5-11 (Jan. 18, 2022 Preliminary Injunction Hearing Tr.).

## PLAINTIFF'S BUSINESS

7.  Plaintiff is a company with its principal place of business in Hanoi, Vietnam, that sells flags under the name FLAGWIX. Ex. 2 at 9:6-10, 21:16-19, 22:8-13 (Jan. 18, 2022 Preliminary Injunction Hearing Tr.); Ex. 4 (Dkt. No. 53, Amended Corporate Disclosure Statement of Plaintiff).

8.  Plaintiff has no employees in the United States or physical offices in the United States, although it does maintain a few post office boxes in the United States. Ex. 2 at 22:14-18 (Jan. 18, 2022 Preliminary Injunction Hearing Tr.).

9.  Plaintiff began doing business using its registered FLAGWIX trademark through its http://flagwix.com website in April 2020. Ex. 5 at ¶ 5 (Dkt. No. 58-1, Declaration of Taylor Vo in support of Plaintiff's Supplement to Motion for Preliminary Injunction ("Vo 2d Supp. Decl.")).

10.  Plaintiff manufactures its products using a supplier in China that manufactures and chips its products to customers in the United States. Ex. 5 at ¶ 7 (Vo Supp. Decl.).

## EVIDENCE SUBMITTED ON PLAINTIFF'S TRO
## AND PRELIMINARY INJUNCTION MOTIONS

11.     The only evidence Plaintiff offered in support of its motions for a TRO and for a preliminary injunction specific to Respect the Look was a set of two screenshots from Respect The Look's website of Respect The Look's allegedly infringing "One Nation Under God" Flag that did not show the word FLAGWIX on either image. The second screenshot shows that Plaintiff ordered a physical "One Nation Under God" flag shipped to 4082 Lewis Street, Chicago, IL 60606. Ex. 6 (Dkt. No. 15-5 at 28.)

12.     Plaintiff has not offered any purported evidence of Respect The Look's infringement of Plaintiff's FLAGWIX Mark other than these screenshots.

13.     Plaintiff has not submitted the physical flag it ordered from Respect The Look as evidence in support of either its *ex parte* TRO motion or its preliminary injunction motion.

14.     In response to Plaintiff's motion for a preliminary injunction, Respect The Look submitted a declaration from Mr. Jennings confirming that the "One Nation Under God" flag does not use the FLAGWIX Mark, as well as a printout of the full webpage listing for Respect The Look's "One Nation Under God" flag demonstrating Respect The Look's nonuse of the FLAGWIX Mark. Ex. 1 at ¶ 16 (Jennings Decl.), Ex. 7 (Dkt. No. 35-17, previously attached as Exhibit 15 to the Declaration of Brian J. Beck in Opposition to Plaintiff's Motion for a Preliminary Injunction and in Support of Defendant Respect The Look's Motion for Sanctions ("Beck PI Decl")).

15.     The printout of the Respect The Look website submitted by Respect The Look in opposition to Plaintiff's motion for a preliminary injunction lists a New Britain, Connecticut address. Ex. 7 at 9 (Beck PI Decl., Ex. 15).

16.     In his declaration in opposition to Plaintiff's motion for a preliminary injunction,

Mr. Jennings testified that Respect The Look does not use the FLAGWIX Mark at all:

> Respect The Look has never used the word FLAGWIX on any of
> its products, website, marketing materials, or in any other way. In
> my opinion, Plaintiff's products are inferior to ours, and I would
> not want to damage Respect The Look's good will and reputation
> by association with Plaintiff.

Ex. 1 at ¶ 14 (Jennings Decl.).

17.     Plaintiff submitted a declaration in support of its motion for an *ex parte* TRO,

from its CEO Assistant Taylor Vo, stating that Plaintiff performed investigations to determine

that the Defendants (including Respect The Look) sold Counterfeit Products from foreign

countries such as China, but did not explain how it conducted those investigations or identify the

evidence purportedly discovered by those investigations:

> FLAGWIX regularly investigates suspicious websites and online
> marketplace listings identified in proactive internet sweeps and
> reported by consumers.
>
> These investigations have established that Defendants are using the
> various websites and webstores on platforms such as Amazon,
> Wish, eBay, etc. to sell Counterfeit Products from foreign
> countries such as China to consumers in the United States and the
> State of Illinois, including the Northern District of Illinois.
> FLAGWIX has analyzed each of the Infringing Websites and
> determined that Counterfeit Products were being offered for sale to
> residents of the United States and the State of Illinois.

Ex. 8 at ¶¶ 10-11 (Dkt. No. 12, Declaration of Taylor Vo in support of Plaintiff's Application for

an *ex parte* TRO ("Vo TRO Decl.")).

18.     Plaintiff submitted a declaration from its attorney, Patrick M. Jones, in which he

stated that he personally authenticated the listings for each allegedly infringing website and

verified that each defendant uses the FLAGWIX Mark in its listings.

> A listing of Defendants' unauthorized use of Mark [sic] on the
> Infringing Webstore listings to advertise the sale of Counterfeit

> Products was filed under seal as Exhibit 1 to the Complaint. This
> document was prepared by the Plaintiff and its employees or
> contractors under their direction and supervision and I have
> authenticated the listings myself. In this exhibit, selected
> screenshots of the listings from Defendants' Infringing Webstores
> appear with the Mark listed in the listing title, images associated
> with the listing, and/or within the description of the product itself.

Ex. 9 at ¶ 5 (Dkt. No. 13, Declaration of Patrick M. Jones in support of Plaintiff's Application

for an *ex parte* TRO ("Jones TRO Decl.")).

19.     At the preliminary injunction hearing, Mr. Jones admitted that the FLAGWIX

Mark did not appear in Respect The Look's product or advertisement for the "One Nation Under

God" flag:

> THE COURT: But I don't see anything in the screen shot to
> suggest that they're using the FLAGWIX name. Does the word
> "FLAGWIX" appear in Respect The Look's advertisement?
>
> MR. JONES: Not on this image, but I believe we can find others
> that do.

Ex. 2 at 9:20-24 (Jan. 18, 2022 Preliminary Injunction Hearing Tr.).

20.     At the preliminary injunction hearing, Mr. Jones claimed only that Plaintiff had a

"common law" copyright in its "One Nation Under God" flag, did not identify a federal

copyright registration for its flag, and admitted that it did not allege a common law copyright

claim:

> THE COURT: Do you have a copyright over the design of the
> flag?
>
> MR. JONES: Yes, common law.
>
> THE COURT: But you haven't asserted in your motion for
> preliminary injunctive relief that it should be based on a likelihood
> of success on the merits of a common law copyright claim. You've
> asserted it based on the trademark for FLAGWIX, correct?
>
> MR. JONES: Correct, but they cannot avoid an infringement claim
> just because they've erased the logo.

Ex. 2 at 10:11-20 (Jan. 18, 2022 Preliminary Injunction Hearing Tr.).

21.     At the preliminary injunction hearing, Mr. Jones admitted that his only basis for

alleging that Respect The Look was based in China was a stereotype about alleged trademark

counterfeiters:

> THE COURT: So I'm still not quite sure what the basis is for your
> belief currently that Respect The Look is actually based overseas
> and is not based in Connecticut under the direction of – I'm sorry –
> Reginald Jennings.
>
> MR. JONES: Well, I'm sorry, Your Honor, but we received this
> opposition on Friday before a holiday weekend, and, you know,
> we've been doing our research, and that's going to take some more
> time.
>
> Our basis for supposing that Mr. Reginald Jennings and the
> opposing party, Respect the Look, are overseas is just that all these
> companies are overseas and they all use PO boxes.

Ex. 2 at 23:23-24:9 (Jan. 18, 2022 Preliminary Injunction Hearing Tr.).

22.     After the preliminary injunction hearing, Plaintiff submitted supplemental

materials at the Court's request, including a supplemental declaration from Ms. Vo. In Ms. Vo's

supplemental declaration, she admitted that Respect The Look does not use the FLAGWIX

trademark, alleging instead that Respect The Look removes the FLAGWIX Mark from its

images:

> Sophisticated counterfeiters, like www.respectthelook.com,
> remove the FLAGWIX trademark from the image of our products
> before advertising them.

Ex. 10 at ¶ 4 (Dkt. No. 50, Declaration of Taylor Vo in Support of Preliminary Injunction Order

("Vo Supp. Decl.")).

## THE COURT'S DENIAL OF PLAINTIFF'S
## MOTION FOR PRELIMINARY INJUNCTION

23.     At the continuation of the preliminary injunction hearing on January 20, 2022, the

Court explained the basis for its order dissolving the TRO against Respect The Look, and stated

that it found that Respect The Look did not use the FLAGWIX Mark in its allegedly infringing

advertisement and product:

> THE COURT: First, the likelihood of success on the merits based
> on submissions by Respect the Look and their argument and
> testimony at the hearing a couple of days ago as well as the
> responses to my questions from plaintiff's counsel, it is clear to me
> that the theory and the facts upon which the ex parte relief was
> originally granted as to this defendant are not borne out at least not
> by the circumstances currently known, the most significant fact
> being that Respect The Look does not seem to have used the actual
> "FLAGWIX" trademark in connection with the advertisement and
> seller that is the subject of the claim against it.

Ex. 11 at 3:6-16 (Jan. 20, 2022 Preliminary Injunction Hearing Tr.).

24.     At the January 20 hearing, the Court further found that Plaintiff's new theory that

Respect The Look copies Plaintiff's image and removed the FLAGWIX Mark was not alleged in

the TRO papers, an in any case would not state a claim for trademark infringement:

> THE COURT: I appreciate and understand why Mr. Jones's client
> would be concerned if it actually is the case that Respect The Look
> or any of the other defendants is taking a picture of their product,
> taking off the trademark and then using that picture as part of their
> advertisement, but, one, that's not what was represented in the
> TRO papers; and two, that's not a trademark claim as supported by
> any of the authority that the plaintiff has submitted. And that
> includes the supplemental authority that was submitted on Tuesday
> evening.

Ex. 11 at 3:17-25 (Jan. 20, 2022 Preliminary Injunction Hearing Tr.).

25.     After dissolving the TRO, the Court offered Plaintiff the opportunity to

supplement its motion for preliminary injunction to present evidence that Respect The Look

infringed the FLAGWIX Mark, and Plaintiff declined to do so:

THE COURT: With respect to Respect The Look, the fact that the TRO has been dissolved does not necessarily resolve the issue of whether a preliminary injunction should be entered; however, again, the papers in front of me base the request for a preliminary injunction only on this theory of trademark infringement that does not appear to be supportable by the record or by the case law. So there are a couple of different options here.

Mr. Jones, you may seek to file a new motion for preliminary injunction if you feel that there is an argument that needs to be made here that just wasn't included in the record that's in front of me. And a schedule could be set for discovery leading to a preliminary injunction hearing and a ruling on that with respect to Respect The Look, or you can stand on your current motion directed towards Respect The Look. I'll issue a ruling on it. Again, based on my review of the case law and the record I currently have, I don't see how it would be supportable.

So I suppose I will ask Mr. Jones how you would like to proceed. Do you want to stand on your current preliminary injunction submission as to Respect The Look?

MR. JONES: I think we still have a very strong case against Respect The Look, but I think without the fact that they or may have -- I guess it's a question of fact whether they air brushed off the logo or not, as Your Honor said, does undercut our claim with respect to the TRO and the injunction.

So I would be fine if the Court denied the injunction with respect to Respect the Look, we move forward with the other defendants, and we move forward with Respect the Look because they're still a defendant and we still have strong claims against them.

Ex. 11 at 6:16-7:21 (Jan. 20, 2022 Preliminary Injunction Hearing Tr.).

Respectfully submitted,

RJITSCT LLC d/b/a Respect The Look

Dated: February 14, 2022      By: _/s/ Brian J. Beck_____

Brian J. Beck
ZUBER LAWLER & DEL DUCA LLP
55 West Monroe Street, Suite 600
Chicago, Illinois 60603
(312) 346-1100
(213) 596-5621 (fax)
bbeck@zuberlaw.com

Counsel for Defendant and
Counterclaim-Plaintiff
RJITSCT LLC d/b/a Respect The Look

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 14, 2022, a copy of the foregoing was served on counsel

of record by electronic means pursuant to the court's Electronic Case Filing (ECF) system.

*/s/ Brian J. Beck*