UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EXPEDITEE, LLC, | Case No.: 1:21-cv-06237 |
| Plaintiff, | **PLAINTIFF EXPEDITEE LLC'S MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AS TO CERTAIN DEFENDANTS** |
| vs. | |
| THE ENTITIES listed on EXHIBIT 1, | |
| Defendants. | District Judge: Hon. Andrea R. Wood |
| RJITSCT LLC d/b/a/ Respect The Look, | |
| Counterclaimant, | |
| vs. | |
| EXPEDITEE LLC, | |
| Counter-defendant. | |

Pursuant to Fed. R. Civ. P. 55, Plaintiff Expeditee, LLC ("Plaintiff") hereby submits the following memorandum in support of its Motion for Entry of Default and Default Judgment against defendants listed in Exhibit A, attached hereto ("Defaulting Defendants"), on the basis of Plaintiff's Complaint for trademark infringement, counterfeiting, and related claims (the "Complaint"). ECF No. 1

### I. RELEVANT FACTS

Plaintiff is engaged in the business of manufacturing, distributing, and retailing flags and banners ("Plaintiff's Goods") in connection with the trademark FLAGWIX ("FLAGWIX Mark"). ECF No. 1, ¶ 9. Plaintiff sells Plaintiff's Goods throughout the United States and the world, including within the Northern District of Illinois, both online and through various retail

establishments via a network of authorized distributors. *Id.*, ¶¶ 9, 12, 13, 15. Plaintiff has invested substantial time, money, and resources in promoting the FLAGWIX Mark in connection with Plaintiff's Goods. *Id.*, ¶¶ 12, 19. Consumers therefore associate the FLAGWIX Mark with Plaintiff and Plaintiff's Goods.

Plaintiff owns a Federally registered trademark for FLAGWIX, U.S. Reg. No. 6,265,462, in International Class 24 for "cloth flags". ECF No. 1, Exh. 2. Plaintiff has used the FLAGWIX Mark in commerce in connection with such goods since at least as April 16, 2020. *Id.* Plaintiff's registration for the FLAGWIX Mark is valid and subsisting pursuant to 15 U.S.C. §1065. The registration for the FLAGWIX Mark therefore constitutes *prima facie* evidence of Plaintiff's exclusive right to use the FLAGWIX Mark pursuant to 15 U.S.C. §1057(b). Additional factual assertions concerning Plaintiff and the FLAGWIX Mark in Paragraphs 11-20 of the Complaint are incorporated herein by reference. ECF No. 1, ¶¶ 11-19.

Defaulting Defendants are individuals and/or business entities of unknown makeup who, either individually or jointly, own and/or operate one or more of the e-commerce stores under at least the seller aliases identified on Exhibit 1 (collectively, the "Seller Aliases"). Exhibit 1. Upon information and belief, each Defaulting Defendant sets up and operates e-commerce stores ("Infringing Stores") that target U.S. consumers, including but not limited to Illinois residents, by setting up and using one or more Seller Aliases, offering shipping to and/or within the U.S., including to Illinois, accepting payment in U.S. dollars, and have offered for sale and/or sold products using infringing and counterfeit versions of Plaintiff's Mark ("Infringing Goods") to residents of Illinois. ECF No. 1, ¶¶ 3, 7, 27.

Such Infringing Stores were intentionally designed to resemble authorized distributors, when in fact they were and are not. *Id.*, ¶ 21. Defaulting Defendants knowingly and willfully undertook such actions with knowledge of Plaintiff's rights in the FLAGWIX Mark. *Id.*, ¶ 20, 27. None of Defaulting Defendants has a license and/or authorization to use the FLAGWIX Mark. *Id.*, ¶ 27. Additional factual assertions regarding Defaulting Defendants in Paragraphs 21-31 of the

Complaint are incorporated herein. *Id*., ¶¶ 20-31.

## 1. PROCEDURAL POSTURE AS TO DEFAULTING DEFENDANTS

Plaintiff filed the instant action on November 22, 2021. ECF No. 1. On January 3, 2021, the Court granted Plaintiff's emergency motion to extend the temporary restraining order ("TRO"). ECF No. 24. On February 15, 2022, the Court dissolved the TRO and granted Plaintiff's motion for a preliminary injunction (ECF No. 26) as to "all Defendants indicated to have used the FLAGWIX trademark". ECF No. 77. All Defaulting Defendants have displayed Plaintiff's Mark and are therefore subject to the preliminary injunction.

## 2. SERVICE OF PROCESS

Service of process was effected upon all Defaulting Defendants by Patrick Jones, former counsel for Plaintiff, in accordance with the Court's Order concerning electronic service (ECF No. 19), on or about the dates listed below:

- eBay Defendants on January 10, 2022 (ECF No. 59; *id.*, Exh. A);
- Wish.com Defendants on January 10, 2022(ECF No. 59; *id.*, Exh. B);
- Amazon Defendants on January 11, 2022 (ECF No. 59; *id.,* Exh. C);
- Etsy Defendants on January 16, 2022 (ECF No. 59; *id.,* Exh. D); and
- Alibaba Defendants on January 19, 2022 (ECF No. 59; *id.,* Exh. F).

*See also* Declaration of Patrick Jones ("Jones Decl."), ¶ 3. Defaulting Defendants' deadline to answer or otherwise respond in this action was no later than February 9, 2022. To date, none of the Defaulting Defendants has filed an answer or otherwise responded. *See* Jones Decl., ¶ 4.

## II. ARGUMENT

## 1. JURISDICTION AND VENUE ARE PROPER IN THIS COURT

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defaulting Defendants since each of the Defaulting Defendants directly targets business

activities toward consumers in Illinois and causes harm to Plaintiff's business within this Judicial District. *See* ECF No. 1, ¶¶ 3, 7-8, 21-31; *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423-24 (7th Cir. 2010) (stating that "without benefit of an evidentiary hearing, plaintiff bears only the burden of making a prima facie case for personal jurisdiction"; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

Through at least the fully interactive, e-commerce stores operating under the Seller Aliases, each of the Defaulting Defendants has targeted sales of the Infringing Goods to Illinois residents via the Infringing Stores under at least the Seller Aliases that offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, have sold the Infringing Goods to residents of Illinois. ECF No. 1, ¶¶ 3, 7, 27. Personal jurisdiction exists over Defaulting Defendants since they directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more interactive ecommerce stores under the Seller Aliases through which Illinois residents can purchase Infringing Goods. *Id.*; *see Monster Energy Co. v. Wensheng,* 136 F. Supp. 3d 897, 907 (N.D. Ill. 2015)

### 2. <u>PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT</u>

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On November 2, 2021, Plaintiff filed its Complaint alleging federal trademark infringement and counterfeiting, 15 U.S.C. § 1114 (Count I), unfair competition and false designation of origin, 15 U.S.C. § 1125(a) (Count II), and Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510 (Count III). ECF No 1. Defaulting Defendants were properly served with the Complaint and summons no later than January 19, 2022. ECF No. 59; *see also* Jones Decl., ¶ 3. Despite having been served with process, none of the Defaulting Defendants has filed an answer or otherwise pled in this action. *Id.*, ¶ 4. Upon information and belief, the Defaulting Defendants are not juveniles,

incompetent, or active-duty members of the U.S. armed forces. *Id.*, ¶ 5. Accordingly, Plaintiff requests entry of default against the Defaulting Defendants.

### 3. PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT JUDGMENT

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. "As a general rule, default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint." *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989); *Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (same). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, nor may facts within the complaint be contested. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994); *see also* Fed. R. Civ. P. 8(d). Defendants are therefore liable as a matter of law as to each cause of action alleged in the complaint. *Id.*

As discussed *supra*, Plaintiff served Defaulting Defendants on or by January 19, 2022. ECF No. 59; Jones Decl., ¶ 3. The deadline to answer has passed, and no answer or other responsive pleading has been filed by any of the Defaulting Defendants. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate, and consistent with previous similar cases before this Court. Plaintiff therefore requests an award of statutory damages as authorized by 15 U.S.C. § 1117(c)(2) for willful trademark counterfeiting against each of the Defaulting Defendants for use of counterfeit FLAGWIX Mark on products sold through the e-commerce stores operating under the Seller Aliases.

Plaintiff also seeks entry of a permanent injunction (1) prohibiting Defaulting Defendants from selling Infringing Goods in connection with the FLAGWIX Mark without authorization, and (2) an Order that all assets in Defaulting Defendants' financial accounts, including those operated by eBay, Alipay (Alibaba), Amazon, Etsy, and Wish.com, and any newly identified accounts be transferred to Plaintiff.

### A. Trademark Infringement, Counterfeiting, and False Designation of Origin

"The Lanham Act . . . prevents unfair competition, and protects against fraud 'by the use of reproductions, copies, counterfeits, or colorable imitations of registered marks.'" *Packman v. Chicago Trib. Co.*, 267 F.3d 628, 638 (7th Cir. 2001). To properly plead a claim of trademark infringement and counterfeiting under the Lanham Act, a plaintiff must allege that: (1) the pleaded mark is protectable, and (2) defendant's use of the mark causes a likelihood of confusion as to the origin or sponsorship of defendant's products. *Id.* Plaintiff alleged in its Complaint that it is the exclusive owner of the federally registered FLAGWIX Mark, that Defaulting Defendants have used the FLAGWIX Mark to sell, offer to sell, market, distribute, and advertise the Infringing Goods, and are still selling, offering to sell, marketing, distributing, and advertising the Infringing Goods and counterfeit reproductions in connection with the FLAGWIX Mark. ECF No. 1, ¶¶ 10, 27. Plaintiff has further alleged that Defaulting Defendants have knowledge of Plaintiff's rights in the FLAGWIX Mark and that Defaulting Defendants are not authorized to use the FLAGWIX Mark, and that Defaulting Defendants' use of the FLAGWIX Mark is likely to cause consumer confusion. *Id.*, ¶¶ 33-36.

Plaintiff also alleged in its Complaint that Defaulting Defendants are using the federally registered FLAGWIX Mark on the Infringing Goods. ECF No. 1, ¶¶ 22, 27. As such, this creates a likelihood of confusion, mistake, and deception among the public as to the affiliation, connection, or association with such goods or the origin, sponsorship, or approval of Defaulting Defendants' Infringing Goods by Plaintiff. *Id.*

Since the Defaulting Defendants have failed to answer or otherwise plead in this matter, the Court must accept the allegations contained in Plaintiff's Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *uBID, Inc.*, 623 F.3d at 423-24; *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.,* 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Plaintiff requests entry of default judgment with respect to Counts I-III, for willful trademark infringement, counterfeiting of the FLAGWIX Mark, and willful false designation of origin against the Defaulting Defendants.

### 4. PLAINTIFF IS ENTITLED TO A STATUTORY DAMAGES AWARD

Pursuant to the statutory damages provision of the Lanham Act, 15 U.S.C. § 1117(c), a plaintiff in a case involving the use of a counterfeit mark may elect to receive "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). When the counterfeiting is found to be willful, 15 U.S.C. § 1117(c)(2) provides for statutory damages of up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2).

The lack of information regarding Defaulting Defendants' sales and profits makes statutory damages particularly appropriate for default cases like the instant case. *Lorillard Tobacco Co. v. S & M Cent. Serv. Corp.*, No. 03 C 4986, 2004 WL 2534378, at *3 (N.D. Ill. Nov. 8, 2004) (stating, "This option was added due to the concern that a counterfeiter might hide, alter or destroy records, thus making it impossible for a plaintiff to determine the scope of, or be able to prove, actual damages."). Likewise, Courts have recognized that statutory damages should be awarded without requiring an evidentiary hearing. *See Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.,* No. 03-cv-5311, Consolidated with No. 03-cv-4844, 2008 WL 1775512, at *3 (N.D. Ill. Apr. 17, 2008) (N.D. Ill. Apr. 17, 2008) (stating, "First, requiring an evidentiary hearing for statutory damages here would defeat the purpose of 15 U.S.C. § 1117(c)(2), which recognized that damages in trademark cases may be difficult to prove due to defendant conduct.").

Although 15 U.S.C. § 1117(c) contains the dollar range for possible statutory damage awards, the only guidance provided by the statute for how to determine a damage award within the statutory dollar range is "as the court considers just." 15 U.S.C. § 1117(c); *Ent. One UK Ltd. v. 2012Shiliang,* 384 F. Supp. 3d 941, 953 (N.D. Ill. 2019). Courts interpreting 15 U.S.C. § 1117(c) have analogized case law applying the statutory damage provision of the Copyright Act contained in 17 U.S.C. § 504(c). *Lorillard Tobacco Co.,* 2004 WL 2534378, at *3 (stating the seven factors under the Copyright Act offer guidance in Lanham Act cases); *Ent. One UK Ltd.*, 384 F. Supp. 3d

at 953; *Sara Lee v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999).

The Seventh Circuit's standard for awarding statutory damages for copyright infringement under 17 U.S.C § 504(c) is articulated in *Chi-Boy Music v. Charlie Club*, 930 F.2d 1224, 1229 (7th Cir. 1991). Under the *Chi-Boy* standard, a court awarding statutory damages is "not required to follow any rigid formula," but instead "enjoys wide discretion." *Id.* In computing the award amount, a court may consider factors such as "the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent." *Id.* Courts in this district have also considered the significant value of a plaintiff's brand and the efforts taken to protect, promote and enhance that brand in determining the appropriate dollar figure for the award. *Lorillard Tobacco Co.,* 2004 WL 2534378, at *16.

In addition, courts have awarded significant damage amounts where a defendant's counterfeiting activities attracted wide market exposure through Internet traffic or advertisement. *See Coach, Inc. v. Ocean Point Gifts*, 09-cv-4215, 2010, U.S. Dist. LEXIS 59003, at *15-16 (D.N.J. Jun. 14, 2010) (significant damage awards in counterfeit cases were "due in part to the wide market exposure that the Internet can provide"); *Burberry Ltd. & Burberry USA v. Designers Imports, Inc.,* No. 07-cv-3997(PAC), 2010 WL 199906, at *10 (S.D.N.Y. Jan. 19, 2010) (damages amount based, in part, on "Defendant's ability to reach a vast customer base through internet advertising").

In similar cases involving willful Internet-based counterfeiting, courts have awarded statutory damages, including up to the maximum provided by law, to the plaintiff to serve the purposes of: (1) deterring the defendant and others situated like him from bringing into commerce counterfeit goods, (2) compensating the plaintiff for damages caused by defendant's infringement, and (3) punishing the defendant appropriately for his counterfeiting activities. *See, e.g., Burberry Limited, et al. v. XIE JI PING, et al.*, No. 18-cv-07442 (N.D. Ill. Jan. 15, 2019) (unpublished) (Docket Nos. 42 and 43) (awarding $1,000,000 in statutory damages per defendant); *NBA Properties, Inc., et al. v. YU ZICHENG, et al.*, 19-cv-04412 (N.D. Ill. Oct. 8, 2019) (unpublished)

(Docket Nos. 60 and 61) (awarding $500,000 in statutory damages per defendant); *H-D U.S.A., LLC v. DLLL, et al.*, No. 19-cv-07629 (N.D. Ill. Feb. 18, 2020) (unpublished) (Docket Nos. 64 and 65) (same). Given the Court's clear discretion in determining the appropriate amount of the statutory damages award within the statutory limits of 15 U.S.C. § 1117(c), and the facts specific to this case, Plaintiff respectfully requests the Court's entry of an award of $350,000 per Defaulting Defendant for the reasons detailed below.

### A. Defaulting Defendants' Willful Counterfeiting Supports the Requested Award

Defaulting Defendants' counterfeiting was blatant and willful and, therefore, at a minimum, warrants the requested statutory damages award. "Willful infringement may be attributed to the defendant's actions where he had knowledge that his conduct constituted infringement or where he showed a reckless disregard for the owner's rights." *Lorillard Tobacco Co.*, 2004 WL 2534378, at *7. Knowledge need not be proven directly, but can be inferred from a defendant's conduct. *Id.* As alleged in Plaintiff's Complaint, Defaulting Defendants facilitated sales by designing the e-commerce stores so that they appeared to unknowing consumers to be authorized online retailers, which they are not. ECF No. 1, ¶ 21. Defaulting Defendants' copied the images and designs of Plaintiff's goods, attached the FLAGWIX Mark, and falsely advertised the Infringing Goods as authentic products when they were actually cheap knockoffs. *Id.* at ¶ 28. Defendants lured unsuspecting customers to their Infringing Stores by embedding text, meta tags and other content belonging to Plaintiff in the Defendants' webpages and listings, thereby attracting various search engines to display the Defendants' Infringing Stores to consumers looking for authentic FLAGWIX® products. *Id.* at ¶ 29. Defendants also went to great lengths to conceal their true identities, using multiple fictitious names and addresses to register and operate their Infringing Stores. *Id.* at ¶-30.

As such, Defaulting Defendants clearly had knowledge that their activities constituted infringement of Plaintiff's rights in the FLAGWIX Mark. ECF No. 1 at ¶¶ 21-27. Finally, District Courts have deemed counterfeiting willful when defendants default. *See Burberry Limited, et al.*

*v. The Partnerships, et al*, No. 14-cv-08220 (N.D. Ill. Dec. 11, 2014) (unpublished) (Docket Nos. 44 and 45); *Oakley, Inc. v. The Partnerships, et al.*, No. 13-cv-02958 (N.D. Ill. June 17, 2013) (unpublished) (Docket Nos. 36 and 37).

### B. The Value of the FALGWIX Mark and Plaintiff's Efforts to Promote, Protect, and Enhance the Brand Justify the Requested Award

In determining an appropriate statutory damage award, this Court should be guided by the *Lorillard* case and consider the "significant value of [the brand] and the efforts taken to protect, promote and enhance [that brand]." *Lorillard Tobacco Co.,* 2004 WL 2534378, at *16. Plaintiff has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the FLAGWIX Mark. ECF No. 1, ¶ 19. Plaintiff sells its genuine products under the FLAGWIX Mark through a worldwide network of distributors and retailers, through Plaintiff's online store and webstores such as Amazon.com. *Id.* at ¶-15. Consumers associate the FLAGWIX Mark with quality home goods because Plaintiff maintains strict quality control standards. ECF No. 1, ¶ 14. None of the Infringing Goods are manufactured, inspected, or packaged by Plaintiff or its authorized dealers and are not subject to the same quality control standards. *Id.* at ¶ 27. Instead, Defendants dupe consumers into buying their Infringing Goods, which are cheap, low quality, knockoffs. Plaintiff spends considerable time and money protecting and promoting the quality of the FLAGWIX mark, and it has become a symbol to consumers of Plaintiff's quality, reputation, and goodwill. *Id.* at ¶-18.

Thus, the requested statutory damages award should be given favorable consideration in view of the value of the FLAGWIX brand and the extensive steps being taken by Plaintiff to protect, promote, and enhance it. *See Lorillard Tobacco Co.*, 2004 WL 2534378, at *5 (stating, "This amount is appropriate due to the value of the trademarks . . . "); *USA LLC v. The Partnerships & Unincorporated Associations Identified On Schedule "A",* No. 14-cv-9061, 2015 WL 3818622, at *2 (N.D. Ill. June 18, 2015).

### C. Defaulting Defendants' Wide Exposure on the Internet Merit the Requested Award

Defendants who operate online attract wide market exposure through Internet traffic and/or advertisement. Many of the Defaulting Defendants operate under fictitious business names and multiple webstores to hide their true identities, maximize their online footprint, and make enforcement efforts more difficult. ECF No. 1, ¶ 30. Defaulting Defendants embed the FLAGWIX Mark, copyrighted images and other content belonging to Plaintiff in metatags and other content on Defaulting Defendants' Infringing Stores to drive internet traffic from consumers looking for genuine FLAGWIX® products to Defaulting Defendants' Infringing Stores. *Id.* at ¶¶ 28-29. Defaulting Defendants' wide market exposure over the Internet warrants the requested statutory damages award. *See H-D U.S.A., LLC v. Guangzhou Tomas Crafts Co., et al.*, No. 16-cv-10096, 2017 U.S. Dist. LEXIS 207613 (N.D. Ill. Dec. 18, 2017) (awarding $150,000 in statutory damages, noting "the fact that defendant's counterfeiting took place online favors a higher statutory damages award because online counterfeiting can reach a much wider audience than counterfeiting through a physical store."); *Luxottica Grp. S.p.A. v. Li Chen,* No. 16-cv-6850, 2017 WL 836228, at *3 (N.D. Ill. Mar. 2, 2017) (summary judgment and awarding. $100,000 in statutory damages "because [defendant] advertised [counterfeit goods] on the internet, allowing for distribution far greater than if it sold the hats in a brick-and-mortar store.").

### D. The Requested Statutory Damages Award Must Sufficiently Deter Defaulting Defendants and Similar Online Counterfeit Sellers

The remedy imposed must provide a sufficient deterrent effect to ensure that the guilty party will not engage in further infringing conduct. *Sands, Taylor & Wood v. Quaker Oats Co.,* 34 F.3d 1340, 1348 (7th Cir. 1994)*, on reh'g in part,* 44 F.3d 579 (7th Cir. 1995); *see also e.g. Ent. One UK Ltd.*, 384 F. Supp. 3d 941, 953 (N.D. Ill. 2019) (stating that "Defendants' infringement was willful, which calls for a higher damages award to penalize Defendants and deter future infringement."); *Luxottica USA LLC v.,* 2015 WL 3818622, at *2. To reach global consumers, counterfeiters advertise, offer for sale, and sell their Infringing Goods via social media platforms

and popular e-commerce sites. They use fictitious business names and multiple web stores to make enforcement efforts more difficult and to try and avoid liability. The requested statutory damages award is necessary to deter both Defaulting Defendants and other similarly situated online sellers.

### 5. PLAINTIFF IS ENTITLED TO PERMANENT INJUNCTIVE RELIEF

In addition to the foregoing relief, Plaintiff respectfully requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating Plaintiff's intellectual property rights in the FLAGWIX Mark, including at least all injunctive relief previously awarded by this Court to Plaintiff in the Preliminary Injunction. Plaintiff is also entitled to injunctive relief so it can quickly take action against any e-commerce stores selling unauthorized Infringing Goods that are found to be linked to Defaulting Defendants. *See Burberry Limited, et al. v. The Partnerships, et al*, No. 14-cv-08220 (N.D. Ill. Dec. 11, 2014) (unpublished) (Docket Nos. 44 and 45); *Oakley, Inc. v. The Partnerships, et al.*, No. 1:13-cv-02958 (N.D. Ill. June 17, 2013) (unpublished) (Docket Nos. 36 and 37).

### III. CONCLUSION

Plaintiff respectfully requests that the Court enter default and default judgment against each Defaulting Defendant, award statutory damages in the amount of three hundred and fifty thousand dollars ($350,000) per Defaulting Defendant pursuant to 15 U.S.C. § 1117(c) for Defaulting Defendants' willful trademark counterfeiting infringement, and enter a permanent injunction order prohibiting Defaulting Defendants from selling unauthorized Infringing Goods, using the FLAGWIX Mark without authorization, and transferring all assets in Defaulting Defendants' financial accounts, including those operated by eBay, Alipay (Alibaba), Amazon, Etsy, and Wish.com, to Plaintiff.

Dated: March 18, 2022

/s/ Marie E. Richmond
LOZA & LOZA LLP
*Attorneys for Expeditee, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court. Notice will also be provided to Defaulting Defendants by email.

By: /s/ Marie E. Richmond
LOZA & LOZA LLP
305 N. Second Ave., #127
Upland, CA 91786
Email: marie.richmond@lozaip.com

*Attorneys for Expeditee, LLC*
