**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EXPEDITEE, LLC, | : | Case No.: 1:21-cv-06237 |
| | : | |
| Plaintiff, | : | **PLAINTIFF EXPEDITEE LLC'S** |
| | : | **MEMORANDUM IN SUPPORT OF** |
| vs. | : | **ITS MOTION FOR LEAVE TO FILE** |
| | : | **FIRST AMENDED COMPLAINT** |
| THE ENTITIES listed on EXHIBIT 1, | : | |
| | : | District Judge: Hon. Andrea R. Wood |
| Defendants. | : | |
| ——————————————— | : | |
| | : | |
| RJITSCT LLC d/b/a/ Respect The Look, | : | |
| | : | |
| Counterclaimant, | : | |
| | : | |
| vs. | : | |
| | : | |
| EXPEDITEE LLC, | : | |
| | : | |
| Counter-defendant. | : | |
| | : | |

Pursuant to Fed. R. Civ. P. 15 and 21, Plaintiff Expeditee LLC ("Plaintiff") hereby submits the following memorandum in support of its Motion for Leave to File a First Amended Complaint ("Motion"). In support, Plaintiff states as follows:

## I.      INTRODUCTION

Plaintiff respectfully moves this Court for leave to file its First Amended Complaint ("FAC") against appearing defendant, RJITSCT LLC d/b/a/ Respect The Look ("RTL"), fifty existing defendants, and thirteen new store aliases as set forth in Exhibit 1 to the proposed FAC (attached as Exhibit A). The FAC sets forth additional evidence of federal counterfeiting and trademark infringement (15 U.S.C. § 1114), false designation of origin and unfair competition (15 U.S.C. § 1125(a)), violations of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510), and adds claims for trade dress infringement (15 U.S.C. § 1125(a)) and copyright

**MEMO ISO MOTION FOR LEAVE TO FILE**
**FIRST AMENDED COMPLAINT**
Case No.: 1:21-cv-06237

1

infringement (17 U.S.C. § 501).

## II.    BACKGROUND

Plaintiff is engaged in the business of manufacturing, distributing, and selling its original flags and banners ("Plaintiff's Goods") under its registered FLAGWIX trademark, U.S. Reg. No. 6,265,462 ("Mark").  (ECF No. 1, ¶ 9, Ex. 2.)  Plaintiff's Goods are sold throughout the United States and the world, including within the Northern District of Illinois, both online and through various retail establishments via a network of authorized distributors. (*Id.*, ¶¶ 9, 12, 13, 15.) Plaintiff has invested substantial time, money, and resources in promoting the Mark in connection with Plaintiff's Goods.  (*Id.*, ¶¶ 12, 19.)  Consumers therefore associate the Mark with Plaintiff and Plaintiff's Goods.

On November 22, 2021, Plaintiff filed its original Complaint alleging claims of:  (1) Federal Trademark Counterfeiting and Infringement (15 U.S.C. § 1114); (2) Unfair Competition and False Designation of Origin (15 U.S.C. § 1125(a)); and (3) violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510), against The Entities listed on Exhibit 1.  (ECF No. 1.)  RTL filed a Counterclaim on January 14, 2022.  (ECF No. 31.)  The Court dissolved the temporary restraining order against RTL on January 20, 2022 (ECF No. 52) and RTL filed a Motion to Dismiss for Failure to State a Claim and for Summary Judgment on February 14, 2022. (ECF No. 70.)  No other defendants have appeared in the action.

Several non-appearing defendants have contacted Plaintiff to resolve their dispute and Plaintiff has filed Notices of Voluntary Dismissal with prejudice to dismiss them.  (ECF Nos. 25, 36, 54, 61, 65 and 83.)   Plaintiff also filed a Motion for Default Judgment against certain non-appearing defendants on March 18, 2022.  (ECF Nos. 84-85.)

On March 8, 2022, the parties attended a status conference before this Court.  (ECF No. 80.)  The parties discussed Plaintiff's intention to file a first amended complaint (mistakenly referred to as a "second amended complaint" by Plaintiff's counsel during the hearing).  RTL's counsel indicated that he would oppose Plaintiff's motion to amend.  Counsel for the parties had previously discussed Plaintiff's intention to file the amended complaint to add copyright

infringement and trade dress claims on February 23, 2022. The Court ordered Plaintiff to file its Motion for Leave to File the FAC by March 22, 2022. (*Id.*)

Plaintiff now seeks leave to file its FAC to: (1) add additional facts supporting its existing claims; (2) add claims for trade dress and copyright infringement; and (3) add 13 parties. Plaintiff's redline version of its proposed First Amended Complaint is attached as Exhibit A. A complete list of defendants, including existing defendants who have not been dismissed or named in Plaintiff's Motion for Default Judgment, and proposed new parties, are set forth in **Exhibit 1** to the proposed FAC. A clean copy of the proposed FAC is attached as Exhibit B.

### III. LEGAL AUTHORITY

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading…with the opposing party's written consent or the court's leave." Such leave should be "freely give[n]…when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis,* 371 U.S. 178, 181 (1962) (The "spirit of the Federal Rules" is to ensure a "decision on the merits.").

Rule 15(a) places the issue of leave to amend within the discretion of the trial court. *In re Ameritech Corp.,* 188 F.R.D. 280, 283 (N.D. Ill. 1999). Courts in this district apply a "liberal attitude towards the amendment of pleadings." *See, e.g., Campania Mgmt. Co. v. Rooks, Pius & Foust,* 290 F.3d 843, 849 (7th Cir. 2002). Leave may be granted when the party moving for leave has not unduly delayed amending the pleadings or made them in bad faith or with dilatory motive, the amendment would not cause undue prejudice to the non-moving party, and where the amendment would not be futile. *Foman,* 371 at 182, *Tillman v. New Line Cinema,* No. 05 C 0910, 2007 WL 2323302, at *3 (N.D. Ill. Aug. 9, 2007).

In determining whether to add a party under Rule 21, the Court applies the liberal standard applicable to motions brought under Rule 15(a). Fed. R. Civ. P. 21; *Sly Magazine, LLC v. Weider Publ'ns LLC,* 241 F.R.D. 527, 532 (S.D.N.Y. 2007). Courts are allowed a great deal of discretion in determining whether to add an additional party to a case. *South v. Rowe,* 102 F.R.D. 152, 157 (N.D. Ill. 1984).

## IV.     ARGUMENT

Rule 15(a) provides that, where a party has already filed a responsive pleading, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Evaluation of the factors considered by courts in this District in deciding motions for leave to amend (hereafter the "Foman Factors") favor granting Plaintiff's Motion.

### 1.   *This is Plaintiff's First Motion to Amend*

While Plaintiff's counsel inadvertently referred to Plaintiff's intention to file a "second amended complaint," Plaintiff has not previously amended its original complaint (ECF No. 1) or sought to amend. Therefore, this factor favors granting Plaintiff's Motion.

### 2.   *Plaintiff's Motion is Timely and Not Unduly Delayed*

Plaintiff files this Motion by the deadline ordered by the Court at the March 8, 2022 Status Hearing. (ECF No. 80). During the hearing, counsel for Plaintiff requested two weeks to file the Motion because counsel was fairly new to the case and had substituted in as counsel several weeks prior. (ECF No. 77.) Granting Plaintiff's Motion will not cause undue delay because the parties are at an early stage of the litigation and there are no current deadlines that will need to be reset. Therefore, this factor also favors granting leave to amend.

### 3.   *Defendants Will Not Be Unduly Prejudiced*

The non-movant has the burden to show prejudice that outweighs the moving party's right to have the case decided on the merits. *Alberto-Culver Co. v. Gillette Co.,* 408 F.Supp. 1160, 1161-62 (N.D. Ill. 1976). RTL cannot reasonably argue that it will be prejudiced by the Court granting Plaintiff leave to amend because the trade dress and copyright infringement claims rely on many of the same facts previously alleged in the original complaint. The additional claims are necessary to fully resolve the parties' dispute in a single case. Moreover, RTL will have time to

respond to the amended complaint. The alternative would be for Plaintiff to file a second action against RTL alleging all of the same facts as in the proposed FAC. Then Plaintiffs would need to move to consolidate that second action with this first filed action because the two cases would involve substantially the same facts and law. See Fed. R. Civ. P. 42(a). Such a process would be counter to judicial economy and judicial efficiency and would needlessly prolong the resolution of the issues set forth in the FAC.

Additionally, the existing defendants who have not appeared in the action will suffer no prejudice because they will have another opportunity to respond. None of the existing defendants will be prejudiced by the addition of the new parties because they will all have time to answer the FAC and, as discussed in the previous section, no existing deadlines will be effected. Therefore, this factor weighs in favor of granting leave to amend.

### 4. *Plantiff's Motion to Amend is Not Futile*

When the basis for denial is futility, the Court applies Rule 12(b)(6) to determine whether the proposed amended complaint fails to state a claim for relief. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir.1997). Under the federal notice pleading standard, a "plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir.2008) (internal quotations omitted). The Court must accept as true all well-pleaded allegations in the complaint and draw all possible inferences in NSMA's favor. *Id.*

Here, Plaintiff's proposed amendments set forth the factual bases sufficient to support is trade dress and copyright infringement claims. Plaintiff's amendment also details new facts that support its claims against some of the current defendants and claims against thirteen new

defendants as set forth more fully below.

### a. Addition of New Parties and Supporting Evidence to Trademark Infringement Claim Under 15 U.S.C. § 1114

Plaintiff's Mark is registered with the USPTO. Since filing its original complaint (ECF No. 1), Plaintiff has uncovered additional evidence of infringement of its Mark by certain existing defendants (Exhibit 1 to FAC, lines 1-50) and thirteen new store aliases (*Id.* at lines 51-64), as detailed in the proposed FAC and Exhibits 1 and 2 thereto. At this time, it is unknown to Plaintiff whether the new store aliases are related to an existing defendant or each other. It is common for new stores to pop up online after the infringers' other stores are suspended.

As detailed in the FAC, RTL has copied *exactly* Plaintiff's One Nation Under God flag and misappropriated Plaintiff's copyrighted photograph advertising the product, displaying it as its own on RTL's product listings and social media. (FAC ¶ 35.) While Plaintiff still believes that RTL has infringed Plaintiff's Mark, Plaintiff has so far been unable to locate photographic evidence showing RTL's use of the Mark in its advertising. Plaintiff believes RTL blurred out the FLAGWIX Mark from the stolen photographs. For that reason, Plaintiff has dropped its § 1114 trademark infringement claim against RTL in the FAC. Other claims previously asserted against RTL remain, and Plaintiff seeks to add new claims against RTL as detailed below.

Plaintiff has uncovered new evidence showing infringement of its Mark by the new entities listed in lines 51-64 of Exhibit 1 to the FAC. Links to the websites and online stores of these new entities are in Exhibit 1. Exhibit 2 to the proposed FAC shows examples of the new parties' unauthorized and infringing use of Plaintiff's Mark.

### b. Addition of Trade Dress Infringement Claim to Count Two

Plaintiff's original Complaint included a claim for unfair competition and false designation of origin under 15 U.S.C. § 1125(a) of the Lanham Act. (ECF No. 1, ¶¶ 38-48.) Section 1125(a) also governs infringement of unregistered trade dress. 15 U.S.C. § 1125(a)(3). "The Lanham Act permits a civil action against any person who uses 'any word, term, name, symbol, or device' 'in connection with any goods or services' in a manner which 'is likely to cause confusion' as to the

source of those goods or services." *Bodum USA, Inc. v. A Top New Casting Inc.*, 927 F.3d 486, 491 (7th Cir. 2019); *see also Blau Plumbing, Inc. v. S.O.S. Fix-It, Inc*., 781 F.2d 604, 608 (7th Cir. 1986) (recognizing that "trade dress is a form of trademark").

Trade dress may be any combination of non-functional elements that serve as a source identifier. *See Qualitex Co. v. Jacobson Prods. Co.,* 514 U.S. 159, 162 (1995). Trade dress can extend to the configuration or other design features of the product itself. *See Qualitex,* 514 U.S. at 166. A plaintiff may define its trade dress as "the total image or overall appearance of a product, including size, shape, color, texture, and graphics." *AM Gen. Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 814 (7th Cir. 2002). "While trade dress is most often defined as a totality of elements, there is no reason why the plaintiff cannot define a list of elements consisting of less than the totality of features." *Id.* at 813.

As detailed in the FAC, Plaintiff manufactures and sells a popular line of products, which it refers to as its Signature Jesus Line, that feature a combination of a black-and-white Jesus and hand image pulling back a colorful flag. (FAC, ¶¶ 20-21.) The Trade Dress is not limited to a particular orientation of the flag (horizontal or vertical orientation), the particular image of Jesus, or the particular country or colors of the flag. (*Id.*) Any words or slogans, or additional images, such as doves, firefighters, crosses or other images, are not part of the claimed Trade Dress. The combination of elements in the Jesus Signature line is purely ornamental and nonfunctional and distinguishes Plaintiff's products from the products of third party sellers of similar products in the marketplace. Plaintiff's trade dress has acquired secondary meaning because consumers associate products incorporating those elements as coming from, affiliated with, sponsored by, or otherwise approved of by, Plaintiff. (*Id.* at ¶¶ 22-26.)

The Signature Jesus products are very popular with consumers and have been infringed extensively by many of the Defendants, including RTL. (*Id.* at ¶ 35.) By misappropriating Plaintiff's trade dress, Defendants misrepresent and falsely describe to the general public the origin and source of their infringing products, creating a likelihood of confusion by consumers as to the source of such merchandise. (*Id.* at ¶ 54.) Consumers believe they are getting Plaintiff's high

quality Goods but instead are getting cheap knockoffs, if they get any products at all. Defendants' infringement of Plaintiff's trade dress harms consumers and inflict great damage and injury on Plaintiff's sales, goodwill and reputation.

### c. *Copyright Infringement Claim*

Plaintiff is the owner of five registered copyrights (FAC, ¶¶ 27-31) covering original flag designs and photographs Plaintiff uses with its authentic products. The registered photographs cover the background elements (home exteriors, plants and other elements) of the photographs and not any particular flag artwork. (*Id.*, ¶ 32.) Plaintiff graphically alters the photographs to display different products for its sales pages.

Many of the Defendants copied Plaintiff's copyrighted designs and/or photographs *exactly* and reproduced, displayed and distributed them without Plaintiff's permission in violation of 17 U.S.C. § 501. (FAC, ¶ 61.) The Defendants listed in the FAC falsely advertise the sale of authentic products through Defendants' infringing webstores by stealing Plaintiff's copyrights used with Plaintiff's Goods, making Defendants' websites and sales listings appear to unknowing consumers to be legitimate web stores and listings, authorized to sell genuine products.

Defendants' infringement causes injury to consumers, who are being duped into buying cheap knockoffs of Plaintiff's Goods. Such infringement also causes actual damages to Plaintiff and unlawful profits to Defendants for which Plaintiff should be compensated under 17 U.S.C. § 504. Moreover, Plaintiff has suffered, and will continue to suffer irreparable injury unless Defendants are enjoined from further infringement. *Id.* at § 502.

Because Plaintiff has satisfactorily pled the elements of the claims discussed above, this amendment is not futile and this factor weighs in favor of granting leave to amend.

### 5. *Plaintiff Has Not Acted in Bad Faith or with a Dilatory Motive*

Plaintiff seeks leave to file the FAC to add facts, claims and parties that came to light after the original complaint was filed and/or after new counsel substituted into the case for Plaintiff. Any delay was not made in bad faith, but was simply to provide Plaintiff's new counsel with the time needed to become familiar with the procedural history, the parties and the facts of the case.

The proposed amendment is not being made for purposes of delay and, as discussed above in Section IV(2), will not adversely affect any existing case deadlines. Therefore, this factor also weighs in favor of granting leave to amend.

**V.     CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests the Court grant leave for Plaintiff to file its Proposed FAC against all defendants listed in Exhibit 1.


Dated:  March 22, 2022                    Respectfully Submitted,

                                          LOZA & LOZA LLP

                                          /s/ *Lena N. Bacani*
                                          Lena N. BacaniI (admitted *pro hac vice*)
                                          Lena.bacani@lozaip.com
                                          Marie Richmond (admitted *pro hac vice*)
                                          Marie.richmond@lozaip.com
                                          305 N. Second Ave., #127
                                          Upland, CA  91786
                                          Tel:  (213) 394-3625


                                          ARONBERG GOLDGEHN DAVIS & GARMISA
                                          Matthew De Preter
                                          330 N. Wabash Ave. Suite 1700
                                          Chicago, IL 60611
                                          (p) 312.828.9600
                                          (f) 312.828.9635
                                          cdepreter@agdglaw.com


                                          *Attorneys for Plaintiff, Expeditee LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court.

By: /s/ *Lena N. Bacani*

Lena N. Bacani