# **<u>EXHIBIT A</u>**

~~Case: 1:21-cv-06237 Document #: 1 Filed: 11/22/21 Page 1 of 12 PageID #:1~~

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

~~XPED LLC,                                            )~~

~~                                                     ) Case No. 21-6237~~

~~Plaintiff,                         )~~

~~                   ) Judge: vs.~~

~~)~~

~~                                                ) Magistrate:~~

~~THE ENTITIES listed on EXHIBIT 1,        )~~

~~                                              )~~

~~        Defendants.                         )~~

| | |
|---|---|
| Expeditee LLC., | Case No.: 1:21-cv-06237 |
| Plaintiff, | District Judge: Hon. Andrea R. Wood |
| v. | |
| THE ENTITIES listed on EXHIBIT 1, | |
| Defendants | |
| RJITSCT LLC d/b/a/ Respect The Look, | |
| Counterclaim-Plaintiff | |
| v. | |
| Expeditee LLC, | |
| Counterclaim-Defendant. | |

## ~~FIRST AMENDED~~ **COMPLAINT**

1

~~Plaintiff hereby~~Plaintiff Expeditee LLC ("Expeditee"), by and through its undersigned attorneys, files this First Amended Complaint ("FAC") against the Entities listed on Exhibit 1 ("Defendants"), as follows:

## NATURE OF THE ACTION

1.    This is an action for~~, *inter alia*,~~ trademark infringement, counterfeiting, ~~and related claims against Defendants, on personal knowledge as to Plaintiff's own activities~~trade dress infringement, false designation of origin and ~~on information and belief as to the activities of others:~~unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), copyright infringement under 17 U.S.C. § 501, and consumer fraud pursuant to the Illinois Consumer Fraud and Deceptive Practices Act, 815 Ill. Comp. Stat. 510/1, *et seq.*

### ~~The Parties~~

### THE PARTIES

~~1.~~2.    Plaintiff is a ~~Nevada~~Delaware limited liability company ~~with a principal place of~~. While Plaintiff is based in Vietnam, it maintains a business address in Chicago, Illinois.

~~2.~~3.    Defendants identified on Exhibit 1~~, a copy of which will be filed with the Court contemporaneously with the Complaint and under seal, are all believed to be~~ are individuals, unincorporated business associations, and~~/or~~ business entities of unknown makeup who, ~~upon information and belief,~~ either individually or jointly, own and/or operate one or more of the e-commerce stores under at least the seller aliases identified in Exhibit 1.  Upon information and belief, most Defendants reside ~~in~~outside the United States~~ and foreign jurisdictions.~~  The true names, identities and addresses of ~~many~~most of the Defendants are currently unknown.

~~2~~

3.4.    Many of the Defendants conduct their illegal operations through fully interactive commercial websites hosted independently and/or on various e-commerce sites, such as Amazon, eBay, Wish, Alibaba, Ali Express, etc. ("Infringing Websites" or "Infringing Webstores"). Each Defendant targets consumers in the United States, including the State of Illinois, and has offered

Case: 1:21-cv-06237 Document #: 1 Filed: 11/22/21 Page 2 of 12 PageID #:2

to sell and, on information and belief, has sold and continues to sell counterfeit products that violate Plaintiff's intellectual property rights ("CounterfeitAccused Products") to consumers within the United States, including the State of Illinois and Northern District of Illinois. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

4.5.    Through their operation of the Infringing Webstores, Defendants are directly contributing to, inducing and engaging in the sale of CounterfeitAccused Products as alleged, often times as partners, co-conspirators and/or suppliers. Defendants intentionally conceal their identities and the full scope of their counterfeiting operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' illegal counterfeiting operations. The true identities of manymost of the Defendants, with the exception of RJITSCT LLC d/b/a/ Respect The Look, which has appeared in this action, are presently unknown. If their identities become known, Plaintiff will promptly amend this Complaint to identify them.

**Jurisdiction and Venue**

5.    This is an action for trademark counterfeiting and trademark infringement, and unfair competition and false designation of origin arising under the Trademark Act of 1946, 15 U.S.C. §§1051, et seq., as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anti-Counterfeiting Consumer Protection Act of 1996, Pub. L.

2

104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), and for unlawful and deceptive acts and practices under the laws of the State of Illinois.

## JURISDICTION AND VENUE

6.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1332 and 1338(a) and (b); and 15 U.S.C. §§1116 and 1121 over Plaintiff's Lanham Act, Copyright Claims. This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. §1367, over Plaintiff's claimsclaim for unlawful and deceptive acts and practices under the laws of the State of Illinois.

Case: 1:21-cv-06237 Document #: 1 Filed: 11/22/21 Page 3 of 12 PageID #:3

7.      This Court has personal jurisdiction over Defendants in that theybecause, upon information and belief, Defendants all transact business in the State of Illinois and in the Northern District of Illinois. and have committed tortious acts in this State. Defendants have purposefully directed their tortious and infringing conduct to Illinois through interactive, e-commerce websites, including the Infringing Websites and Infringing Webstores. Defendants have advertised in Illinois, offered to sell in Illinois, and specifically targeted Illinois as a location to ship their Accused Products, thereby specifically targeting Illinois residents and Plaintiff. All of Plaintiff's claims in this action arise out of Defendants' unlawful conduct in this District.

8.      Venue is proper in this District pursuant to 28 U.S.C. §§§1391 in that the(b)(3) because Defendants are entities or individuals subject to personal jurisdiction in this District. Venue is also proper under § 1391(b)(2) in the District because a substantial part of the events or omissions giving rise to the

2

4

claims occurred in this District and Defendants directly target business activities towards consumers in the State of Illinois. the State of Illinois.  Upon information and belief, most of the Defendants are foreign companies based outside the United States and do not maintain physical addresses in Illinois or any other U.S. state.  Therefore, venue is also proper under 28 U.S.C. §§1391(c)(3).

**Background**

**BACKGROUND**

***Plaintiff's FLAGWIX Trademark***

9.      Plaintiff is engaged in the business of manufacturing, selling and distributing and retailingdecorative flags and banners, including within the Northern District of Illinois (collectively, the "Products"")," under the Federally registered, FLAGWIX trademark identified in a sealed document, U.S. Reg. No. 6,265,462 in International Class 024, for "cloth flags" (hereafter the "Mark"), as set forth in the U.S. Patent and Trademark Office ("USPTO") TSDR report attached as Exhibit 2, filed with the Court contemporaneously with this Complaint. Defendants' sales of the Products in violation of Plaintiff's intellectual property rights are irreparably damaging Plaintiff..

10.      Plaintiff is the owner of all rights, title and interest in and to the trademark (Mark and has used the "Mark"). The registrations areMark in connection with such goods since at least April 16, 2020.  The registration is valid, subsisting, unrevoked, and uncancelled, and incontestable pursuant to 15 U.S.C. §1065. The registration for the Mark and constitutes prima facie evidence of validity and of Plaintiff's exclusive right to use the Mark pursuant to 15 U.S.C. §1057(b).

11.      Plaintiff's brand, symbolized by the Mark, is a recognized symbol of high-quality garden and home decorations.  As detailed below, Plaintiff has been using the Mark for many

2

years in connection with the advertising and sale of Plaintiff's products in interstate and foreign commerce, including commerce in the State of Illinois and the Northern District of Illinois.

12.   The Mark has been widely promoted, both in the United States and throughout the world.  Consumers, potential consumers and other members of the public not only associate Case: 1:21-cv-06237 Document #: 1 Filed: 11/22/21 Page 4 of 12 PageID #:4

12.   Plaintiff's Products with exceptional materials, style and workmanship, but also recognize the Plaintiff's Products sold in the United States originate exclusively with Plaintiff.

13.   As of the date of this filing, Plaintiff's Products are sold online and in retail establishments throughout the world.

14.   Plaintiff maintains quality control standards for all Products.

15.   Genuine Products are distributed through a worldwide network of distributors and retailers, as well as Plaintiff's online sales, website, www.flaxwix.com, and via third party webstores such as Amazon.com.  Sales of Products via the web and legitimate Webstoreswebstores represent a significant portion of Plaintiff's business.

16.   The Mark is a highly visible and distinctive worldwide symbol of excellence in quality and uniquely associated with Plaintiff.

17.   The Mark has never been assigned or licensed to any of the Defendants in this matter.

18.   The Mark is a symbol of Plaintiff's quality, reputation and goodwill and has never been abandoned.

2

19.     Further, Plaintiff has expended substantial time, money and other resources developing, advertising and otherwise promoting the Mark.

### *Plaintiff's Trade Dress*

20.     Plaintiff sells a line of flags and banners under its Jesus Signature product line that feature a distinctive black-and-white image of Jesus, in one section of the flag or banner, with a black-and-white image of a hand pulling back a full-color country flag that takes up another portion of the flag or banner (hereafter "Trade Dress"), like the examples shown below. The Trade Dress is not limited to a particular orientation of the flag (horizontal or vertical orientation), the particular image of Jesus, or the particular country or colors of the flag. Any words or slogans, or additional images, such as doves, firefighters, crosses or other images are not part of the claimed Trade Dress.









21.    This arrangement and combination of a black-and-white Jesus and hand images, pulling back the colorful country flag, is purely ornamental and nonfunctional.

22.    The Trade Dress distinguishes Plaintiff's products from the products of third party sellers of similar products in the marketplace. The Trade Dress has acquired secondary meaning because consumers associate products incorporating the Trade Dress, with its unique combination and placement of black-and-white Jesus and colorful flag elements, as coming from, affiliated with, sponsored by, or otherwise approved of by Plaintiff.

23.    The Trade Dress creates a commercial impression that is distinct from any accompanying words, such as the Mark or various slogans, used on Plaintiff's products.

24.    Prior to Defendants' infringement, Plaintiff was the exclusive user of the Trade Dress.

2

25.     Plaintiff expended substantial resources marketing its products incorporating the Trade Dress.

26.     Plaintiff's products sold under the Trade Dress were, and still are, popular in the marketplace and have enjoyed substantial sales through Plaintiff's Website, and through authorized resellers and online sales.

### *Plaintiff's Copyrights*

27.     Plaintiff designs its flags and banners in-house and has registered some of its original designs with the U.S. Copyright Office.  In addition, Plaintiff has registered some of its photographs showcasing its flag and banner products.

28.     Plaintiff is the owner of U.S. Copyright Registration No. VA 0002287991 for the artwork entitled "One Nation Under God" (Exhibit 3).

29.     Plaintiff is the owner of U.S. Copyright Registration No. VA 0002287963, for the artwork entitled "Don't Be Afraid Just Have Faith" (Exhibit 4).

30.     Plaintiff is the owner of U.S. Copyright Registration No. VA 0002289856, for the photograph entitled "THH1288F_Flag_mockup3" (Exhibit 5).

31.     Plaintiff is the owner of U.S. Copyright Registration No. VA 0002290015, for the photograph entitled "THH1288F_Flag_mockup1" (Exhibit 6).

32.     The copyright registrations for the photographs cover the photographs and not the flag artwork depicted.  Plaintiff routinely changes the flag artwork overlay on the photographs to showcase the particular product Plaintiff is selling.

### *Defendants' Unlawful Conduct*

20.33.  Upon information and belief, at all times relevant hereto, Defendants in this action

2

have had full knowledge of Plaintiff's ownership of the Mark and Trade Dress, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

34.    InUpon information and belief, at all times relevant hereto, Defendants had full knowledge of Plaintiff's ownership of the copyrighted designs and photographs that are the subject of Plaintiff's Copyrights, and Defendants knew they did not have authorization from Plaintiff to copy, manufacture, import, offer for sale, sell, distribute, or create derivative works of the Copyrights.

21.35. Starting around November 2021 and continuing to the present, Plaintiff has identified the Mark, Trade Dress and Copyrights on many of the Infringing Webpages and Infringing Webstores and Counterfeit Products, which are designed to resemble authorized retail Internet stores selling genuine Products that Defendants had reproduced, displayed and distributed without authorization or license from Plaintiff, thus infringing Plaintiff's Mark, Trade Dress and/or Copyrights.  In addition, Defendants are also displaying and offering for sale the Accused Products on various social media platforms, including Facebook.  Attached hereto as Exhibit 7 are true and correct screenshots of samples of Defendants' sales listings for the Accused Products.  Another example of Defendant's, RJITSCT LLC d/b/a/ Respect The Look's, infringing product listing posted on social media is shown below:

authorization or license from Plaintiff in violation of the Mark.

Case: 1:21-cv-06237 Document #: 1 Filed: 11/22/21 Page 5 of 12 PageID #:5

2



22.36. Defendants' use of the Mark and Trade Dress on or in connection with the advertising, marketing, distribution, offering for sale and sale of the CounterfeitAccused Products

-

2

is likely to cause and has caused confusion, mistake and deception by and among consumers and is irreparably harming Plaintiff.

37.      Plaintiff.Many Defendants have willfully infringed one or more of the Copyrights by reproducing, publicly displaying, selling, distributing and creating derivative works of the Copyrights in the Accused Products and on Defendants' Infringing Websites and Infringing Webstores.

38.      Defendants have induced, caused or materially contributed to the reproduction, distribution and public display of the Copyrights, and derivatives thereof, all while knowing or having reason to know that the use of the Copyrights was without permission, consent or license.

26.      Defendants have manufactured, imported, distributed, offered for sale and sold

39.      CounterfeitAccused Products using the Mark, Trade Dress and/or Copyrights and continue to do so.

27.40. Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use the Mark, Trade Dress and/or Copyrights in connection with the advertisement, offer for sale and sale of the CounterfeitAccused Products, through, inter alia, the Internet. The CounterfeitAccused Products are not genuine Products. The Plaintiff did not manufacture, inspect or package the CounterfeitAccused Products and did not approve the CounterfeitAccused Products for sale or distribution. Each Infringing Webstore offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold CounterfeitAccused Products into the United States, including Illinois.

28.41. Defendants falsely advertise the sale of authentic Products through the Infringing webstores, often by stealing and copying Plaintiff's copyrighted images and photographs of

2

13

Plaintiff's genuine products ~~in violation of the Plaintiff's copyrights.~~, including the Copyrights, thus infringing the Copyrights. Defendants' Infringing Webstore listings appear to unknowing consumers to be legitimate web stores and listings, authorized to sell genuine Products.

~~29.~~ Defendants also deceive unknowing consumers by using the Mark and Trade Dress without

42. authorization within the content, text, and/or meta tags of the listings on Infringing Webstores in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Products and in consumer product searches within the Webstores.

~~30.~~43. Defendants go to great lengths to conceal their true identities and often use

Case: 1:21-cv-06237 Document #: 1 Filed: 11/22/21 Page 6 of 12 PageID #:6

multiple fictitious names and addresses to register and operate the Infringing Webstores. Upon information and belief, Defendants regularly create new Websites and Webstores on various platforms using the identities listed in Exhibit 1, as well as other unknown fictitious names and addresses. Such registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their illegal counterfeiting operations, and to prevent the Infringing Webstores from being disabled.

44. Upon information and belief, many of the Defendants work in active concert with each other to knowingly and willfully manufacture, import, sell, offer to sell and distribute the Accused Products. Defendants have jointly and severally used, and continue to use, Plaintiff's Mark, Trade Dress and/or Copyrights without Plaintiff's authorization, in connection with

~~2~~

14

Defendants' manufacture, importation, offer for sale, sale and distribution of the Accused Products in the United States and Illinois.

31.45. Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling Counterfeit GoodsAccused Products that infringe upon the Marks, Trade Dress and/or Copyrights unless preliminarily and permanently enjoined.

32.46. Plaintiff has no adequate remedy at law.

## COUNT ONE

### FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT (15 U.S.C. §1114) AND INFRINGEMENT (15 U.S.C. §1114)
### (Defendants 21-64)

33.47. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

34.48. The Plaintiff's Mark and the goodwill of the business associated with it in the United States and throughout the world are of great and incalculable value. The Mark is highly distinctive and has become universally associated in the public mind with Plaintiff's Products and related services. Consumers associate the Mark with the Plaintiff as the source of the very highest quality products.

35.49. Without the Plaintiff's authorization or consent, and having knowledge of the Plaintiff's well-known and prior rights in the Mark and the fact that Defendants' CounterfeitAccused

Products are sold using marks which is identical or confusingly similar to the Mark, the

Defendants have manufactured, distributed, offered for sale and/or sold the Counterfeit Products
Case: 1:21-cv-06237 Document #: 1 Filed: 11/22/21 Page 7 of 12 PageID #:7

2

Accused Products to the consuming public in direct competition with Plaintiff's sale of genuine Plaintiff products, in or affecting interstate commerce.

36.50.  Defendants' use of copies or approximations of the Plaintiff's mark in conjunction with Defendants' CounterfeitAccused Products is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the CounterfeitAccused

Products, and is likely to deceive the public into believing the CounterfeitAccused Products being sold by Defendants originate from, are associated with or are otherwise authorized by the Plaintiff, all to the damage and detriment of the Plaintiff's reputation, goodwill and sales.

37.51.  The Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

**COUNT TWO**

**TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION AND FALSE
DESIGNATION OF ORIGIN (15 U.S.C. §1125(a))
(All Defendants)**

52.     The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

38.9.    The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

39.53.  The CounterfeitAccused Products sold and offered for sale by Defendants are of the same nature and type as the Plaintiff's products sold and offered for sale by the Plaintiff and,

2

as such, Defendants' use of the Mark and/or Trade Dress is likely to cause confusion to the general purchasing public.

40.54.  By misappropriating and using the Mark, genuine product images and trade names/or Trade Dress, Defendants misrepresent and falsely describe to the general public the origin and source of the CounterfeitAccused Products and create a likelihood of confusion by consumers as to the source of such merchandise.

41.55.  Defendants' unlawful, unauthorized and unlicensed manufacture, distribution,

Case: 1:21-cv-06237 Document #: 1 Filed: 11/22/21 Page 8 of 12 PageID #:8

offer for sale and/or sale of the CounterfeitAccused Products creates express and implied misrepresentations that the CounterfeitAccused Products were created, authorized or approved by the Plaintiff, all to Defendants' profit and to the Plaintiff's great damage and injury.

42.56.  Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), in that Defendants' use of the Plaintiff's mark, genuine product images and trade names.Mark and/or Trade Dress in connection with their goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

57.    48. The Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

**COUNT THREE**

**COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**
**(Defendants 1-17, 19-20, 26, 29, 31, 34, 39-40, 42-44, 46, 55, 57, 59, 61-62, 64)**

2

17

58.     The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

59.     Plaintiff is the owner of all rights, title and interest in the Copyrights that are at issue in this dispute, which consist of copyrightable subject matter under the laws of the United States.

60.     Plaintiff has registered the Copyrights with the U.S. Copyright Office.

61.     Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed Plaintiff's Copyrights by reproducing, displaying, distributing, and utilizing the Copyrights in the Accused Products and on Defendants' Infringing Webpages and Infringing Webstores, for purposes of trade in violation of 17 U.S.C. § 501, *et seq.*

62.     Defendants' acts are and were performed without Plaintiff's permission, license or consent.

63.     As a result of Defendants acts alleged herein, Plaintiff has suffered, and will continue to suffer, substantial economic damages.

64.     Defendants have willfully infringed, and unless enjoined, will continue to infringe, Plaintiff's Copyrights by knowingly reproducing, displaying, offering to sell, selling, distributing, and utilizing Plaintiff's Copyrights in Defendants' Accused Products, Infringing Webpages and Infringing Webstores.

65.     Defendants' wrongful acts have caused, and are causing, injury to Plaintiff which cannot be accurately computed and, unless restrained by this Court, Plaintiff will suffer irreparable injury, all of which is without an adequate remedy at law.  Accordingly, Plaintiff

2

seeks a declaration that Defendants are infringing Plaintiff's Copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement.

**COUNT FOUR**

**ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT (815 ILCS 510)**

49.9.    The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

**(All Defendants)**

66.    The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

50.67. The CounterfeitAccused Products sold and offered for sale by Defendants are of the same nature and type as the Plaintiff's products sold and offered for sale by the Plaintiff and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

51.    By misappropriating and using the Mark, genuine product images and trade names,

68.    Defendants misrepresent and falsely describe to the general public the origin and source of the CounterfeitAccused Products and create a likelihood of confusion by consumers as to the source of such merchandise.

52.    Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of the CounterfeitAccused Products creates express and implied Case: 1:21-cv-06237 Document #: 1 Filed: 11/22/21 Page 9 of 12 PageID #:9

2

69.     misrepresentations that the ~~Counterfeit~~Accused Products were created, authorized or approved by the Plaintiff, all to the Defendants' profit and to the Plaintiff's great damage and injury.

~~53.~~70.  Defendants' aforesaid acts are in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, *et seq*., in that Defendants' use of the Mark, genuine product images and trade names, in connection with their goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

~~54.~~71.  Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

### **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment against Defendants in favor of the Plaintiff on all counts as follows:

~~1.~~A.   That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons in active concert with them be temporarily, preliminarily and permanently enjoined and restrained from:

~~(i)~~using the Mark and Trade Dress or any reproduction, counterfeit, copy or colorable

(i)     imitation of the Mark and Trade Dress in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of the Plaintiff; and

(ii)      passing off, inducing or enabling others to sell or pass off any ~~Counterfeit~~Accused

Products as genuine products made and/or sold by the Plaintiff; and

(iii)      committing any acts calculated to cause consumers to believe that Defendants'

~~Counterfeit~~Accused  Products  are  those  sold  under  the  authorization,  control,  or

supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with

~~Case: 1:21-cv-06237 Document #: 1 Filed: 11/22/21 Page 10 of 12 PageID #:10~~Plaintiff;

~~Plaintiff;~~

(iv)      further infringing the Mark and Trade Dress and damaging Plaintiff's goodwill

and competing unfairly with Plaintiff in any manner;

(v)      shipping,  delivering,  holding  for  sale,  distributing,  returning,  transferring  or

otherwise  moving,  storing  or  disposing  of  in  any  manner  products  or  inventory  not

manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale,

and  that  bear  the  Mark  or  Trade  Dress  or  any  reproductions,  counterfeit  copies,  or

colorable imitations thereof;

(vi)      using,  linking  to,  transferring,  selling,  exercising  control  over,  or  otherwise

owning  or  operating  the  Infringing  Webstores,  Infringing  Webpages,  listings,  or  any

other online store, web page, social media page or domain name that is being used to sell

or is the means by which Defendants could continue to sell ~~Counterfeit~~Accused Products;

(vii)      operating and/or hosting websites at the Infringing Webstores and any other

domain  names  registered  or  operated  by  Defendants  that  are  involved  with  the

distribution, marketing, advertising, offering for sale, or sale of any product bearing the

Plaintiff's  ~~mark~~Mark, Trade Dress  or  any  reproduction,  counterfeit  copy  or  colorable

2

21

imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Mark or Trade Dress; and,

(viii)   registering any additional domain names that use or incorporate any of the Plaintiff's Mark or Trade Dress;

2.B.   That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

Case: 1:21-cv-06237 Document #: 1 Filed: 11/22/21 Page 11 of 12 PageID #:11

(i)      displaying images protected by the Plaintiff's CopyrightCopyrights in connection with the distribution, advertising, offer for sale and/or sale of any product that is not a genuine Plaintiff Product or is not authorized by Plaintiff to be sold in connection with the Plaintiff's CopyrightCopyrights; and

(ii)     shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and protected by the Plaintiff's copyrightCopyrights or any reproductions, counterfeit copies, derivative works, or colorable imitations thereof;

3.C.    That Defendants, within ten (10) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon the Plaintiff's a written report under oath setting forth in detail the manner in which Defendants have complied with any and all injunctive relief ordered by this Court;

2

22

4.D.    Entry of an order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any internet search engines, Webstore hosts or their administrators that are provided with notice of the injunction, cease facilitating access to any or all webstores and webpages through which Defendants engage in the sale of CounterfeitAccused Products using the Mark, Trade Dress and Copyrights;

5.E.    That Defendants pay Plaintiff compensatory damages and account for and pay over to Plaintiff any and all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Mark and Trade Dress be increased by a sum not exceeding three times the amount thereof as provided by law as provided by 15 U.S.C. §1117;

6.F.    In the alternative, that Plaintiff be awarded statutory damages of Two Million

Dollars (U.S.) and No Cents ($2,000,000.00) for each and every use of the Plaintiff's Mark counterfeited by each Defendant;

7.G.    That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

8.H.    Grant Plaintiff such other and further legal relief as may be just and proper under the circumstances.

Respectfully submitted,


By:  /s/ Patrick M. Jones          Patrick
      M. Jones*Lena N. Bacani*
      Counsel for the Plaintiff*
                    -

2

Patrick M. Jones (IL #6271256)
Sarah M. Beaujour
PMJ PLLC
The National Building
125 South Clark Street, 17th Floor
Chicago, Illinois 60603
Tel: (312) 255-7976

Lena N. Bacani (admitted *pro hac vice*)
Email: pmj@pmjpllc lena.bacani@lozaip.com
Marie Richmond (admitted *pro hac vice*)
Email: sb@pmjpllc marie.richmond@lozaip.com
LOZA & LOZA LLP
305 N. Second Ave., #127
Upland, CA  91786
Tel:  (213) 394-3625

ARONBERG GOLDGEHN DAVIS & GARMISA
Matthew De Preter
330 N. Wabash Ave. Suite 1700
Chicago, IL 60611
(p) 312.828.9600
(f) 312.828.9635
Email:  cdepreter@agdglaw.com

*Attorneys for Exeditee LLC*

2