**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Expeditee LLC., | |
| *Plaintiff*, | |
| v. | |
| THE ENTITIES listed on EXHIBIT 1, | |
| *Defendants*, | Case No.: 1:21-cv-6237 |
| | Judge Andrea R. Wood |
| RJITSCT LLC d/b/a Respect The Look, | <u>Jury Trial Demanded</u> |
| *Counterclaim-Plaintiff*, | |
| v. | |
| Expeditee LLC, | |
| *Counterclaim-Defendant.* | |

**DEFENDANT RJITSCT, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR LEAVE TO FILE ITS FIRST AMENDED COMPLAINT**

## INTRODUCTION

On November 22, 2021, Plaintiff Expeditee, LLC ("Plaintiff" or "Expeditee") filed a Complaint against several hundred defendants including (maybe) Defendant RJITSCT, LLC d/b/a Respect The Look ("Respect The Look").[1] The Complaint alleged a straightforward claim of trademark counterfeiting and infringement against all the Defendants: That all the Defendants, including Respect The Look, sold counterfeit flags bearing Plaintiff's registered FLAGWIX trademark. That is all the Complaint alleged. But that allegation was false, at least as to Respect The Look. Plaintiff has now admitted repeatedly that it never had any evidence or basis to allege that Respect The Look ever used the FLAGWIX mark. Because there is no genuine issue of material fact, the Court should grant Respect The Look's motion to dismiss, for summary judgment, and for attorney fees and costs under the Lanham Act. Dkt. No. 71. With no way to respond to Respect The Look's motion for summary judgment and for attorney fees, Plaintiff has moved instead for leave to amend the complaint.

But Plaintiff's motion for leave to amend is a futile attempt to evade the consequences of its misconduct by converting its complaint for infringement of the registered FLAGWIX mark into a complaint for infringement of an unregistered trade dress and an untimely registered copyright. Plaintiff's new copyright claim is barred because Plaintiff had not registered its copyright before filing this lawsuit, which it was required to do by statute and Supreme Court precedent. Numerous courts across the country have held that a plaintiff may not amend a pleading to cure a failure to register a copyright. As for Plaintiff's new trade dress claim, the idea that Plaintiff can claim a trade dress right in the combination of a common picture of Jesus and an arbitrary flag is absurd, and cannot meet the burden of plausibility under *Iqbal*, much less the

---

[1] As noted in Respect The Look's pending motion to dismiss and for summary judgment, the Complaint does not actually name Respect The Look as a defendant. *See* Dkt. No. 71 at 3.

heightened burden requiring convincing and substantial evidence supporting a motion for leave to amend filed after a motion for summary judgment. Respect The Look previously pointed out that Plaintiff, of course, could not claim a trademark in Jesus (Dkt. No. 35 at 6-7), and the addition of an arbitrary flag in any orientation does not plausibly create a distinctive trade dress.

Plaintiff's motion was filed in bad faith, in order to prevent or delay Respect The Look from obtaining its rightful summary judgment and fee award under the Lanham Act. And allowing Plaintiff to abandon its entire original case and effectively bring an entirely new case in order to evade the consequences of filing a frivolous lawsuit will prejudice Respect The Look by delaying or preventing Respect The Look from obtaining the determinations to which it is entitled. If Plaintiff wishes to pursue a copyright or a trade dress claim against Respect The Look, it should do so in a separate case—after the Court has granted Respect The Look's motion for summary judgment and ordered Plaintiff to pay Respect The Look's reasonable attorney fees and costs for defending Plaintiff's first frivolous litigation.

## STATEMENT OF FACTS

### A. Procedural History

Plaintiff filed its original Complaint on November 22, 2021. Dkt. No. 1. The Complaint alleged three counts of trademark infringement, each alleging that each defendant, including Respect The Look, sold products "using marks which is [sic] identical or confusingly similar to the Mark," where the "Mark" was defined as Plaintiff's trademark registration for the word FLAGWIX, originally filed under seal as Exhibit 2 to the Complaint Dkt. No. 1 at ¶¶ 9-10, 35-36, 40, 42, 51, 53. The Complaint did not include any claim for trade dress infringement or copyright infringement. Dkt. No. 1 at ¶¶ 33-54.

Plaintiff subsequently moved on an *ex parte* basis for a temporary restraining order seeking to not only enjoin all defendants' use of the FLAGWIX mark, but to freeze their e-

commerce accounts to ensure that Plaintiff would be able to confiscate the money in those accounts if Plaintiff ultimately prevailed. Dkt. No. 11 at 25-27. The Court granted Plaintiff's *ex parte* motion for a TRO, and caused Respect The Look's account to be frozen before it had received any notice of the Complaint. Dkt. No. 19.

When Respect The Look finally learned that the Complaint had been filed—through its counsel's independent investigation, because Plaintiff's counsel failed to serve Respect The Look with the complaint, TRO papers, or preliminary injunction—Respect The Look immediately filed a motion to dissolve the TRO and a memorandum in opposition to Plaintiff's motion for a preliminary injunction, explaining that it had never used the FLAGWIX mark and Plaintiff had offered no evidence of infringing use of the FLAGWIX mark. Dkt. No. 35 at 6-7, 9. The Court held a preliminary injunction hearing, at which Plaintiff's counsel admitted that it had no evidence whatsoever that Respect The Look had ever used the FLAGWIX mark. Dkt. No. 66 at 9:3-24. The Court granted Respect The Look's motion to dissolve the TRO and denied Plaintiff's motion for a preliminary injunction as to Respect The Look. Dkt. No. 52.

Respect The Look subsequently filed a motion to dismiss and for summary judgment in lieu of an Answer, also seeking an award of attorney fees and costs under the "exceptional case" provision of the Lanham Act. Dkt. No. 71. Respect The Look's motion argued that based on Plaintiff's admission to the Court that it lacked any evidence of infringing use of the FLAGWIX Mark, Respect The Look was entitled not only to dismissal of the Complaint but to summary judgment. Dkt. No. 71 at 16-18. Respect The Look also filed a renewed motion for sanctions based on the evidence it had obtained at the preliminary injunction hearing as to Plaintiff's and its then-counsel's repeated material misrepresentations to the Court in sworn declarations made under penalty of perjury. Dkt. No. 79.

Plaintiff obtained new counsel, who filed the present motion for leave to amend without responding to Respect The Look's motion to dismiss and for summary judgment. Dkt. No. 88. Plaintiff's motion once again admits that "Plaintiff has so far been unable to locate photographic evidence showing RTL's use of the Mark in its advertising," and accordingly Plaintiff has dropped its trademark infringement claim against Respect The Look based on use of the FLAGWIX Mark. Dkt. No. 89 at 6. Plaintiff now seeks to bring two new claims against Respect The Look instead: a claim for infringement of Plaintiff's newly issued Copyright Registration No. VA 0002287991; and a claim for infringement of Plaintiff's alleged "Jesus Signature" trade dress.

**B.      Plaintiff's Copyright Registration**

Plaintiff's proposed amended complaint asserts claims for copyright infringement against the Defendants generally as to all four of its alleged copyrights, but in Exhibit 1 to the proposed amended complaint, identifies its "One Nation Under God" copyright, No. VA 0002287991, as the only copyright asserted against Respect The Look. Dkt. No. 89-2 at ¶ 28; Dkt. No. 89-3 at ¶ 1. Plaintiff's proposed Amended Complaint also, while referring to copyright registrations purportedly attached as Exhibits 3-6, fails to actually attach those exhibits to its motion. Dkt. No. 89. However, Plaintiff's purported copyright registration No. VA 0002287991, as recorded by the Copyright Office, was not registered until February 17, 2022. Declaration of Brian J. Beck in Opposition to Plaintiff's Motion for Leave to Amend ("Beck Decl."), Ex. 1.

The "One Nation Under God" copyright registration claims a date of publication of September 4, 2020. Beck Decl., Ex. 1. However, a Google Image Search reveals that the specific image of Jesus at the heart of Plaintiff's flag design was published at least as early as April 12, 2020, in a third party's Instagram post of a Jesus tattoo. Beck Decl., Ex. 2.

### C.     Plaintiff's Alleged Trade Dress

Plaintiff's purported trade dress is, allegedly, a "Jesus Signature product line that feature [sic] a distinctive black-and-white image of Jesus, in one section of the flag or banner, with a black-and-white image of a hand pulling back a full-color country flag that takes up another portion of the flag or banner." Dkt. No. 89-2 at ¶ 20. However, Plaintiff does not sell a line of products called "Jesus Signature" or "Signature Jesus,"[2] as a search of Plaintiff's website reveals. Beck Decl., Ex. 3. A Google search for the phrases "'Signature Jesus' flag" and "'Jesus Signature' flag" do not retrieve Plaintiff's website or any apparent style of flag described in the proposed Amended Complaint. Beck Decl., Ex. 4. Plaintiff's website does include a page for "Jesus Flags" generally, which includes many flags that do not bear the alleged trade dress along with the design described in the proposed amended complaint. Beck Decl., Ex. 5. In four pages of text at the bottom of Plaintiff's "Jesus Flag" page, there is no description of the purported "Signature Jesus" or "Jesus Signature" line of flags. *Id.*

### ARGUMENT

"[C]ourts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). An amendment is a "futile gesture" if the amended pleading could not survive a motion for summary judgment. *Wilson v. American Trans Air, Inc.*, 874 F.2d 386, 392 (7th Cir. 1989). [W]here a plaintiff seeks to amend his complaint after the defendant has already moved for summary judgment, the plaintiff must first show that the proposed amendment has substantial merit and is supported by substantial and convincing evidence." *Cowen v. Bank United of Texas FSB*, No. 94-cv-3838,

---

[2] Plaintiff refers to its trade dress in some places as "Jesus Signature" or "Signature Jesus," without any clarity as to which is the correct name. Dkt. No. 89 at 7.

1995 WL 38978, at *9 (N.D. Ill. Jan. 25, 1995), *aff'd* 70 F.3d 937, 944 (7th Cir. 1995). This

Court in *Cowen* explained that there is heightened standard for a motion for leave to amend

where there is a pending motion for summary judgment because "a defendant would be seriously

prejudiced if the plaintiff has the unfettered right to alter his cause of action every time it

appeared that the defendant might be able to defeat it. *Id.*

I.    **Plaintiff's proposed amendment is made in bad faith and will unduly prejudice Respect The Look.**

Plaintiff's proposed amendment effectively concedes Respect The Look's motion for

summary judgment. Plaintiff admits in its motion that it has no evidence that Respect The Look

ever used the FLAGWIX mark, and therefore seeks to withdraw its claim for infringement of the

registered FLAGWIX mark. Dkt. No. 89 at 6. Plaintiff's original complaint contained no

allegations concerning trade dress whatsoever, nor did it contain any claim for copyright

infringement. Dkt. No. 89-1 at ¶¶ 20-32, 52-65. Respect The Look is accordingly entitled to

summary judgment on Plaintiff's original complaint, requiring the Court to grant Respect The

Look a preclusive judgment in its favor, and allowing Respect The Look to obtain the reasonable

attorney fees it has incurred defending against Plaintiff's complaint under the Lanham Act

because this case is exceptional. Dkt. No. 71 at 15-27.

Plaintiff's proposed amendment would prejudice Respect The Look by permitting

Plaintiff to abandon its entire original case and bring an effectively entirely new case in order to

evade the consequences of filing a frivolous lawsuit in violation of Fed. R. Civ. P. 11. Plaintiff's

original case against Respect The Look is over, and Respect The Look is entitled to judgment on

the merits and an award of its reasonable attorney fees on **that** case. Plaintiff could not

voluntarily dismiss its original complaint against Respect The Look now that a motion for

summary judgment has been filed (Fed. R. Civ. P. 41(a)(1)(A)(i)). Plaintiff should not be

permitted to evade summary judgment through amendment of the complaint where it is not permitted to evade summary judgment through voluntary dismissal. Permitting Plaintiff to amend the complaint would indefinitely delay the resolution of Respect The Look's motion for summary judgment and deny Respect The Look compensation for the money it has been forced to spend defending Plaintiff's frivolous complaint. Amendment of a complaint should only be permitted "when justice so requires." Fed. R. Civ. P. 15(a)(2). Justice here requires that Plaintiff accept defeat, pay the price it is required to pay for filing a frivolous complaint under 15 U.S.C. § 1117(a), and if Plaintiff still believes it has a separate claim to make against Respect The Look, it may file a new case (if the Court permits Plaintiff to do so after resolving Respect The Look's pending motion for terminating sanctions).

Plaintiff's motion is also made in bad faith, because it is an attempt to evade Respect The Look's motion for summary judgment and the consequences of Plaintiff's abusive litigation tactics. Courts have often found bad faith and denied leave to amend when a party moves for leave to amend after adverse decisions make it clear the party seeking to amend will lose on the merits. *See, e.g., Trans Video Electronics, Ltd. v. Sony Electronics, Inc.*, 278 F.R.D. 505, 510 (N.D. Cal. 2011) (denying leave to amend to add claim for patent infringement after "the proverbial writing was on the wall" that plaintiff would lose on summary judgment); *Agbaje v. Hargrave Military Academy*, 328 F. Supp. 3d 539, 545 (W.D. Va. 2018) (denying leave to amend as in bad faith where the amendment was sought in an effort to avoid summary judgment). This is particularly true where the plaintiff seeks to add a cause of action that it could have brought as part of the original complaint, which is the case for Plaintiff's new trade dress allegations. The court in *Trans Video* found that the plaintiff's attempt to add a new claim that could have been brought in its original complaint in order to evade summary judgment "smacks

of gaming the Court and the opposing party," finding its shifting position "troubling" and "contrary to this Court's effort to eliminate, via its Patent Local Rules, 'shifting sands' litigation tactics." 278 F.R.D. at 510. Plaintiff's trade dress claim could have been asserted at the outset of this litigation, and Respect The Look could have already addressed and defeated it at the preliminary injunction hearing because it is just as baseless as Plaintiff's other trademark claims.[3] *See* Section II.B, *infra*. Plaintiff has offered no explanation for why its trade claim was not brought earlier, nor has it offered any "substantial and convincing evidence" to support this new claim, as required by *Cowen*. 1995 WL 38978, at *9. The Court should accordingly deny Plaintiff's motion for leave to amend because it is brought in bad faith and would prejudice Respect The Look's right, now firmly established, to summary judgment on the original complaint.

## II. Plaintiff's proposed amendment is futile.

### A. Plaintiff's copyright infringement claim is barred because Plaintiff's copyrights issued after the filing of the Complaint.

A party cannot file a claim for copyright infringement until after a copyright registration has issued. 17 U.S.C. § 411(a); *Fourth Estate Public Benefit Corporation v. Wall-Street.com, LLC*, 139 S. Ct. 881, 892 (2019). Courts across the nation, in the wake of *Fourth Estate*, have held that a plaintiff may not amend a complaint to add a claim for infringement of a copyright that was not registered at the time the original complaint was filed. *Izmo, Inc. v. Roadster, Inc.*, No. 18-cv-06092, 2019 WL 2359228, at *2 (N.D. Cal. June 4, 2019); *Malibu Media, LLC v. Doe*, No. 18-cv-10956, 2019 WL 1454317, at *2-*3 (S.D.N.Y. Apr. 2, 2019); *Rawls v. Paradise Artists, Inc.*, No. 3:18-cv-0417, 2020 WL 1493610, at *5 (M.D. Tenn. Mar. 27, 2020):

---

[3] Plaintiff's new copyright infringement claims could not have been asserted at the outset of this litigation, and under Supreme Court precedent and the Copyright Act, they may not be added to this lawsuit either. *See* Section II.A, *infra*.

*Ambrosetti v. Oregon Catholic Press*, 458 F. Supp. 3d 1013, 1020 (N.D. Ind. 2020); *Cerberus, L.L.C. v. Caruso*, No. 19-cv-1692, 2019 WL 10910827, at *5 (E.D. La. Nov. 4, 2019); *Brown v. New Era Cap Company, Inc.*, No. 5:20-cv-139, 2020 WL 6153010, at *3 (W.D. Tex. March 25, 2020: *Chemeon Surface Technology v. Metalast Int'l, Inc.*, No. 3:15-cv-294, 2021 WL 694815, at *22 (D. Nev. Feb. 23, 2021). These courts have generally adopted the reasoning of the Southern District of New York in *Malibu Media*, which explained that a lawsuit is "instituted" by the origination of formal proceedings, and the Copyright Act requires that "no civil action for infringement of the copyright in any United States work shall be **instituted** until preregistration of the copyright claim has been made in accordance with this title." 2019 WL 1454317, at *3; 17 U.S.C. § 411(a). Permitting amendment of a complaint to add a later-registered copyright would therefore "defeat Congress's purposes to 'maintain[] registration as prerequisite to **suit**,' not just to liability." *Malibu Media*, 2019 WL 1454317, at *3 (quoting *Fourth Estate*, 139 S. Ct. at 891 (emphasis in *Malibu Media*)).

Though there has been one order of this Court holding otherwise in an unreported opinion without analysis, the Court here should join the vast majority of other District Courts and correctly hold that Plaintiff's amendment to add a copyright claim is barred by *Fourth Estate*. In *Ubiquiti Networks, Inc. v. Cambium Networks, Inc.*, No. 18-cv-5369, 2019 WL 6034116, at *1 (N.D. Ill. Nov. 14, 2019), the Court cited *Izmo* for the proposition that *Fourth Estate* did not explicitly address "whether a copyright claimant may amend its complaint to include subsequently registered material," but failed to address whether *Fourth Estate*'s holding prohibits such an amendment, as *Izmo*, *Malibu Media*, and essentially all other District Courts have held. The *Ubiquiti* decision in fact violates the holding in *Fourth Estate* and the statutory language of the Copyright Act by permitting a plaintiff to "institute" a civil action for copyright

infringement before a copyright has been registered. It further violates the holding in *Fourth Estate* by promoting an "interpretation that 'would in practical effect render [a provision] superfluous in all but the most unusual circumstances.'" 139 S. Ct. at 889-890 (quoting *TRW Inc. v. Andrews*, 534 U.S. 19, 29 (2001)). The obligation to register a copyright in advance of a lawsuit is nullified if a plaintiff can simply file a lawsuit, then apply for copyright registration, and then amend the complaint to add a claim for copyright infringement. Plaintiff's amended copyright infringement claim is accordingly futile, and Plaintiff's motion should be denied as to that claim.

**B.      Plaintiff's new trade dress claim is futile because it is wholly implausible and unsupported by evidence.**

Plaintiff's trade dress claim cannot survive a motion to dismiss, much less a motion for summary judgment. First, a trade dress cannot be functional, and a picture of Jesus is a functional element of Plaintiff's flags. The Seventh Circuit Court of Appeals has explained that a claimed trade dress is functional "if it is essential to the use or purpose of the article or if it affects the cost or quality of the article." *Arlington Specialties, Inc. v. Urban Aid, Inc.*, 847 F.3d 415, 419 (7th Cir. 2017) (quoting *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 32 (2001)). And functionality need not be utilitarian; features that make a product more aesthetically pleasing are also function. *Publications Intern., Ltd. v. Landoll, Inc.*, 164 F.3d 337, 339 (7th Cir. 1998). "[I]f consumers derive a value from the fact that a product looks a certain way that is distinct from the value of knowing at a glance who made it, then it is a nonappropriable feature of the product." *Id.*

Plaintiff's claimed trade dress is inherently functional, because the good that Plaintiff is selling is the design itself. Plaintiff's alleged trade design is described in Plaintiff's motion as "a

combination of a black-and-white Jesus and hand image pulling back a colorful flag." Plaintiff's

own website describes its Jesus flags as promoting a specific religious message:

> There are many different versions of the Jesus flag available today to appeal to
> various aesthetic tastes. Nonetheless, they retain the original flag's pure meaning.
> However, the Lord's Prayer isn't always included on a Jesus flag. It can simply
> have images of Jesus Christ, religious symbols, communal prayers, or any Bible
> verse. All of this points towards the same goal: Strengthening the Christian faith
> in people.

Beck Decl., Ex. 5. Plaintiff does not promote Jesus as a distinctive source-identifying feature that

indicates to customers that they are purchasing a Flagwix product; Plaintiff encourages

customers to buy their Jesus flags to promote their faith in Christ. And just as "[a] producer

cannot in the name of trade dress prevent his competitors from making their products as visually

entrancing as his own," (*Publications Intern.*, 164 F.3d at 339), Plaintiff cannot in the name of

trade dress prevent his competitors from promoting the religious and political message carried by

the combination of a picture of Jesus and a flag.

But that is not the only point where Plaintiff's trade dress infringement claim fails. The

Seventh Circuit Court of Appeals has explained that a court need not accept implausible

assertions of trademark ownership in generic design elements in a complaint, nor is a court

required to accept implausible allegations of likelihood of confusion over those common

elements. In *Eastland Music Group, LLC v. Lionsgate Entertainment, Inc.*, 707 F.3d 869, 871

(7th Cir. 2013), the Seventh Circuit affirmed dismissal of a trademark infringement complaint

alleging that the plaintiff, who owned a registered trademark for "PHIFTY-50," also owned an

unregistered trademark in "50/50" that was infringed by a motion picture released in 2011 titled

"50/50." *Id.* at 870. In affirming the dismissal, the Seventh Circuit explained that the complaint

"does not allege that the use of '50/50' as a title has caused any confusion about the film's

source—and any such allegation would be too implausible to support costly litigation." *Id.* at

871. The Seventh Circuit went on to hold that both the alleged unregistered trademark was not plausibly distinctive, nor was any allegation of likelihood of confusion. Regarding the alleged "50/50" mark, the Seventh Circuit observed that the term was extremely old and common, and the plaintiff was at best a "very junior user" in no position to bring a complaint. *Id.* at 871. And regarding the allegation of infringement, the Seventh Circuit explained that no reasonable person would think that a movie title containing a trademark for goods was in fact created by the owner of the trademark. *Id.* at 872. Moreover, to permit use of a trademark to obtain rights over an artistic work would amount to a use of trademark law to enforce a copyright, which is forbidden by *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 31 (2003). *Id.* at 872.

The Court is not required to accept as true the absurd allegation that the image of Jesus looking out from a flag is either inherently distinctive or has acquired secondary meaning identifying the source of flags as Plaintiff, a Vietnamese flag manufacturer of little note. Black-and-white images of Jesus are older than the "50/50" mark at issue in *Eastland*, older than the United States itself, and are certainly far older than Plaintiff, which began doing business in April 2020. Dkt. No. 72 at ¶ 9. Flags are even older than Jesus, as noted on Plaintiff's website. Beck Decl., Ex. 5 at 5. Plaintiff could not possibly claim a trade dress right in either Jesus or any national flag; it similarly cannot claim a trade dress right in a trivial combination of the two.

Nor is the Court required to accept as true the absurd allegation that any consumer is confused into believing that because a flag bears an image of Jesus looking out from behind a national flag, that flag must have come from Plaintiff. Again as in *Eastland*, it is simply implausible, especially in view of the evidence of Plaintiff's website, that customers who buy flags displaying Jesus looking out from behind a flag are doing so because they believe those flags to be FLAGWIX products, or part of an alleged "Jesus Signature" line of flags sold by

12

Plaintiff. Simple searches on Google and on Plaintiff's website demonstrate that the "Jesus Signature" alleged trade dress is not a real line of products, but a creation of Plaintiff's attorneys in an attempt to maintain a frivolous lawsuit that should never have been brought. Beck Decl., Exs. 3-4.

Plaintiff's new trade dress claim could not even survive a motion to dismiss, and it certainly cannot survive the heightened standard required to amend while motion for summary judgment is pending. *See Cowen,* 1995 WL 38978, at *9; *Wilson*, 874 F.2d at 392. Plaintiff has not presented any evidence, much less "substantial and convincing evidence," supporting its new trade dress claim. Dkt. No. 89. The evidence that does exist indicates that Plaintiff copied a picture of Jesus from another website (Beck Decl., Ex. 2), Photoshopped some designs combining that picture of Jesus with various national flags, sold those flags online to customers who wish to promote a Christian message (Beck Decl., Ex. 5), and never promoted that design in any way as a "Jesus Signature" or "Signature Jesus" line of flags that identifies the source of those flags as Plaintiff (Beck Decl., Exs. 3-4). Plaintiff has offered no evidence that: (1) its alleged trade dress is non-functional, (2) its alleged trade dress is distinctive, or (3) that there is any likelihood of confusion in connection with the alleged trade dress. Plaintiff's trade dress claim is not supported by substantial and convincing evidence, nor could it survive a motion for summary judgment, and so the Court should deny Plaintiff's motion for leave to amend as futile. *Cowen,* 1995 WL 38978, at *9; *Wilson*, 874 F.2d at 392.

## III. Amendment of the complaint would be counter to judicial economy and efficiency.

Plaintiff's proposed amended complaint is unusually confusing because Plaintiff is attempting to combine in one amended complaint a highly varied set of claims against multiple defendants. Joinder of Respect The Look with the many other defendants in this case is no longer appropriate, because there is no longer "any question of law or fact common to all defendants" in

this case. Fed. R. Civ. P. 20 (a)(2)(B). Different copyrights are asserted against different Defendants, as set forth in Exhibit 1 to the proposed amended complaint. Dkt. No. 89-3. And Plaintiff's purported trade dress cannot be asserted against all Defendants either, as the evidence Plaintiff has offered for many of the defendants does not include a picture of Jesus. Dkt. No. 89-4 at 7-10, 13, 15-18, 20, 22. There is no way of knowing, based on the proposed amended complaint, which elements of Plaintiff's claimed unregistered trademark or trade dress rights are asserted against which defendants.

Judicial economy would therefore be best served not by continuing to include Respect The Look with the other Defendants named in Plaintiff's "Schedule A" case, but by requiring Plaintiff to plead a new complaint against only Respect The Look, alleging only the claims Plaintiff believes it has against Respect The Look. Since Respect The Look appeared and moved to dissolve the TRO, this litigation has moved on two entirely different tracks: (1) a hotly contested litigation between Plaintiff and Respect The Look involving a counterclaim, extensive motion practice, and even live testimony in open court (Dkt. Nos. 30-35, 39-40, 48, 52-53, 66-67, 69-72, 78-79); and (2) a default judgment proceeding against all other Defendants, who have not appeared in this case (Dkt. Nos. 84-85, 91-92, 95). The Court would then most efficiently handle this case by denying Plaintiff's motion for leave to amend for the reasons stated above, granting Respect The Look's motion for summary judgment and/or for sanctions, severing Respect The Look's counterclaim, and if Plaintiff is permitted to and desires to file a new complaint for copyright infringement against Respect The Look, consolidating that new complaint only with Respect The Look's counterclaim. The result would leave these two very different litigations separate for the most efficient and least confusing resolution of both matters.

The difficulty and inappropriateness of continuing to join Plaintiff's lawsuit against Respect The Look with Plaintiff's lawsuit against the other Defendants also provides an additional basis to distinguish *Ubiquiti*, the sole case permitting addition of a copyright registered after the filing of a complaint through amendment. Where courts permitted addition of new copyrights through amendment prior to *Fourth Estate*, they did so primarily based on efficiency concerns. *Izmo*, 2019 WL 2359228, at *2 (citing *Zito v. Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022, 1025 (N.D. Cal. 2003)). But those efficiency concerns do not apply here, because it is more inefficient to continue to combine Plaintiff's claims against Respect The Look with Plaintiff's entirely different claims against the other Defendants than to require Plaintiff to bring a new Complaint. When combined with the bad faith, prejudice, and futility of Plaintiff's proposed amendment, the Court should deny Plaintiff's motion for leave to amend.

## CONCLUSION

Plaintiff has conceded the substance of Respect The Look's pending motion for summary judgment and a fee award under the Lanham Act, and its pending motion for sanctions, by admitting repeatedly that it has no evidence of Respect The Look's use of the FLAGWIX Mark alleged in the original complaint. Plaintiff should not be permitted to evade those motions through amendment of the complaint to add two new and futile claims, one of which is barred by statute and the other of which is completely implausible and unsupported by any competent evidence.

Respect The Look accordingly respectfully requests that the Court deny Plaintiff's motion for leave to file its first amended complaint.

Respectfully submitted,

RJITSCT LLC d/b/a Respect The Look

Dated: May 19, 2022                    By:  */s/ Brian J. Beck*

Brian J. Beck
ZUBER LAWLER & DEL DUCA LLP
135 S. LaSalle Street, Suite 4250
Chicago, Illinois 60603
(312) 346-1100
(213) 596-5621 (fax)

Counsel for Defendant and
Counterclaim-Plaintiff
RJITSCT LLC d/b/a Respect The Look

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 19, 2022, a copy of the foregoing was served on counsel of record by electronic means pursuant to the court's Electronic Case Filing (ECF) system.

*/s/ Brian J. Beck*