**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EXPEDITEE, LLC, | : | Case No.: 1:21-cv-06237 |
| | : | |
| Plaintiff, | : | |
| | : | **PLAINTIFF EXPEDITEE LLC'S** |
| vs. | : | **REPLY IN SUPPORT OF ITS** |
| | : | **MOTION FOR LEAVE TO FILE** |
| THE ENTITIES listed on EXHIBIT 1, | : | **FIRST AMENDED COMPLAINT** |
| | : | |
| Defendants. | : | District Judge: Hon. Andrea R. Wood |
| ———————————————— | : | |
| | : | |
| RJITSCT LLC d/b/a/ Respect The Look, | : | |
| | : | |
| Counterclaimant, | : | |
| | : | |
| vs. | : | |
| | : | |
| EXPEDITEE LLC, | : | |
| | : | |
| Counter-defendant. | : | |
| ———————————————— | : | |

Expeditee hereby submits the following Reply in support of its Motion for Leave to File a First Amended Complaint.

## I.      INTRODUCTION

In a desperate attempt to avoid liability for its clear infringement of Expeditee's intellectual property rights, RJITSCT argues that Expeditee should be precluded from amending its original complaint because:  (1) Expeditee brought the lawsuit in bad faith (Dkt. No. 96 ("Opp'n") at 6); (2) the amendments would unduly prejudice RJITSCT (*Id.* at 6-7); (3) the proposed copyright and trade dress infringement claims are futile (*Id.* at 8); and (4) denying Expeditee's first amendment would further judicial economy (*Id.* at 13).  RJITSCT's arguments are meritless.

RJITSCT does not – and indeed cannot – argue that it did not copy Expedite's One Nation Under God flag. Nevertheless, RJITSCT argues that *Expeditee, not RJITSCT,* acted in bad faith because Expeditee's "original complaint contained no allegations concerning trade dress whatsoever, nor did it contain any claim for copyright infringement."[1]  (Opp'n at 6.)  In short, RJITSCT argues that Expeditee should be precluded from amending its complaint to include copyright and trade dress claims because it did not include those claims in the first place. RJITSCT's argument is circular and flawed.  Expeditee does not seek to amend its original pleading in bad faith.

Similarly, RJITSCT's argument that it will be unduly prejudiced because it spent money on a premature summary judgment motion that will be rendered moot by the FAC is faulty. RJITSCT was not required to file a summary judgment motion at this early stage of the case.

---

[1] RJITSCT's statement that Expeditee has admitted that RJITSCT does not infringe the FLAGWIX trademark is false.  As detailed in Expeditee's Motion for Leave to File the FAC (Dkt. No. 89-2 at 13), Expeditee believes that RJITSCT used the FLAGWIX mark embedded in metatags to direct customers looking for the FLAGWIX product to its infringing site. (*Id.* at ¶ 42.)

**REPLY ISO MOTION FOR LEAVE TO FILE**          1
**FIRST AMENDED COMPLAINT**
Case No.: 1:21-cv-06237

RJITSCT admitted it did so only so it could refile its baseless motion for sanctions (Dkt No. 78).[2] RJITSCT blatantly copied Expeditee's product and is not unduly prejudiced by having to answer on the merits.

Contrary to RJITSCT's assertion, Expeditee's proposed amendments are not futile. RJITSCT admits that courts in this District allow a copyright owner to amend a pleading to add a claim for infringement of a newly-registered copyright. (Opp'n at 9.) Moreover, RJITSCT misapplies the *Fourth Estate* rule requiring registration and cites cases in other districts that are distinguishable on the facts.

RJITSCT's arguments regarding trade dress are even worse. First, RJITSCT argues that Expeditee's "picture of Jesus is a functional element of Plaintiff's flags" because "features that make a product more aesthetically pleasing are also a function." (Opp'n at 10.) RJITSCT's authority does not support such a holding when, as here, the elements making up the trade dress are not required for competitors to compete. Second, RJITSCT argues that Expeditee cannot claim its particular depiction of Jesus is trade dress because "Plaintiff encourages customers to buy their Jesus flags to promote their faith in Christ." (*Id.* at 11.) RJITSCT does not, and cannot, show why Expeditee's product cannot promote faith, National pride and the FLAGWIX brand at the same time. Third, RJITSCT argues that Expeditee's Jesus Signature series of flags cannot serve as trade dress because black-and-white images of Jesus and flags (the product in general) are "older than the United States itself, and are certainly far older than Plaintiff…" (Opp'n at 11-12.) RJITSCT's arguments are baseless.

Finally, RJITSCT makes the untenable argument that judicial economy will be furthered by requiring Expeditee to file its copyright and trade dress claims in a separate action.

---

[2] RJITSCT's actions are contrary to the purpose of Rule 11's safe harbor provision as detailed in Expeditee's Opposition to RJITSCT's Renewed Motion for Sanctions (Dkt. No. 98).

RJITSCT's arguments are totally without merit. This is Expeditee's first request to amend its pleading, RJITSCT has yet to file an Answer to Expeditee's original complaint, and no discovery has been taken. For these reasons, Expeditee's Motion for Leave to File the FAC should be granted.

## II.     ARGUMENT

Rule 15(a) provides that, where a party has already filed a responsive pleading, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts in this district apply a "liberal attitude towards the amendment of pleadings." *See, e.g.,* *Campania Mgmt. Co. v. Rooks, Pius & Foust,* 290 F.3d 843, 849 (7th Cir. 2002). Leave may be granted when the party moving for leave has not unduly delayed amending the pleadings or made them in bad faith or with dilatory motive, the amendment would not cause undue prejudice to the non-moving party, and where the amendment would not be futile. *Foman,* 371 at 182, *Tillman v. New Line Cinema,* No. 05 C 0910, 2007 WL 2323302, at *3 (N.D. Ill. Aug. 9, 2007).

### A.  Expeditee Seeks to Amend its Complaint in Good Faith

RJITSCT does not deny that Expeditee timely filed its Motion for Leave to File its FAC ("Motion") by the March 22 deadline ordered by the Court. (Dkt. No. 80.) Instead, RJITSCT argues that Expeditee has acted in bad faith by seeking to amend its original complaint to add facts and claims for copyright and trade dress infringement that were not present in the original complaint. RJITSCT provides no authority, and Expeditee is aware of none, that supports such an interpretation of bad faith. Indeed, if Expeditee had included copyright and trade dress infringement claims in its original complaint, it would have no need to amend.

Contrary to RJITSCT's self-serving argument, Expeditee still contends that RJITSCT has infringed Expeditee's registered FLAGWIX trademark. As detailed in its original complaint, and

as alleged in Count I of the FAC (Dkt. No. 89-2 at 13), Expeditee maintains that RJITSCT included FLAGWIX in hidden metatags on its website to divert customers to its infringing product. (*Id.* at ¶ 42.) RJITSCT's social media post was discovered by Expeditee's third party investigator searching for use of the FLAGWIX mark and RJITSCT has since removed the infringing products page from its website, hiding the evidence. Based on the information that Expeditee saved before RJITSCT deleted its products page, it is clear that Expeditee has a good faith basis to bring its trade dress and copyright infringement claims. Below is a snapshot of RJITSCT's social media post advertising its One Nation Under God House Flag for sale.



Pictures of Expeditee's copyrighted artwork entitled One Nation Under God (U.S. Copyright Reg. No. VA 0002287991) and copyrighted house photograph (VA 0002289856) that Expeditee uses as background to showcase its products are shown below.

| VA 0002287991 | VA 0002289856 |
| --- | --- |



Given the similarities, it is undeniable that RJITSCT misappropriated Expeditee's One Nation Under God artwork and photograph in order to dupe customers into buying RJITSCT's counterfeit product rather than an authentic FLAGWIX product. Therefore, it is RJITSCT – not Expeditee – that has acted in bad faith. RJITSCT's blatant copying of Expeditee's products should not go unpunished and Expeditee's proposed amendments are brought in good faith to stop RJITSCT's continued infringement.

**B.  Expeditee's Proposed FAC Will Not Unduly Prejudice RJITSCT**

The non-movant has the burden to show prejudice that outweighs the moving party's right to have the case decided on the merits.  *Alberto-Culver Co. v. Gillette Co.,* 408 F.Supp. 1160, 1161-62 (N.D. Ill. 1976).  RJITSCT argues that it will be unduly prejudiced simply because Expeditee's FAC, if allowed, will render RJITSCT's summary judgment motion moot.  RJITSCT argues that  "[p]ermitting Plaintiff to amend the complaint would indefinitely delay the resolution of Respect the Look's motion for summary judgment" and deny it compensation for money it has spent.  (Opp'n at 7.)  RJITSCT's argument lacks merit.

RJITSCT's summary judgment motion is premature as the case is still in the pleading stages and no discovery has been taken.  This fact distinguishes this case from all of the cases cited in RJITSCT's Opposition.  RJITSCT has admitted that it filed the summary judgment motion for the sole purpose of preventing Expeditee from withdrawing its § 1114 Lanham Act claim so that RJITSCT could refile its baseless motion for sanctions.  Not only does RJITSCT's conduct violate the safe harbor provision of Rule 11, it also misstates the facts.  Expeditee has not withdrawn its contention that RJITSCT has infringed Expeditee's registered FLAGWIX trademark. (*See,* Dkt. No. 89-2 at 13.)    To the contrary, Expeditee continues to believe that RJITSCT used the FLAGWIX mark to lure customers by embedding metatags in its webpages and then removed the pages to cover it up.  (*Id.* at ¶ 42.)  Moreover, RJITSCT has not yet filed an answer in the case and cannot argue that there are undisputed statements of fact supporting summary judgment.  Indeed, at this stage of the case, Expedite's well-pled allegations are to be considered true.  Because the merits of Expeditee's § 1114 Lanham Act claim will be subject to discovery and are still to be determined, RJITSCT's argument that it will be unable to seek summary judgment on the issue is baseless.

In addition, RJITSCT fails to allege any facts showing that it will be unduly prejudiced by the addition of Expeditee's trade dress and copyright infringement claims. There is no undue prejudice because RJITSC has not yet filed an answer to the original complaint and will have plenty of time to respond to the new claims, which rely on many of the same facts as the previously-pled claims.

### C. Expeditee's Motion to Amend is Not Futile

When the basis for denial is futility, the Court applies Rule 12(b)(6) to determine whether the proposed amended complaint fails to state a claim for relief. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir.1997). The Court must accept as true all well-pleaded allegations in the complaint and draw all possible inferences in Expeditee's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir.2008) (internal quotations omitted).

### 1. Expeditee's Copyright Infringement Claim is Not Barred

RJITSCT no longer denies that it blatantly copied Expeditee's original design for the One Nation Under God flag. Instead, it attempts to avoid liability for copyright infringement by arguing -- despite case authority in this District to the contrary – that Plaintiff should be denied the ability to add its copyright infringement claim because its infringed works were not registered when it first filed its complaint. (Opp'n at 8-9.) RJITSCT misapplies the holding in the *Fourth Estate* and cites cases that are inapposite to the facts here.

The Supreme Court held in *Fourth Estate* simply that a claim for copyright infringement was premature if brought before a copyright was registered. *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC,* 139 S. Ct. 881, 892 (2019). The Court did not address the situation here where a copyright infringement claim is added in an amended pleading when the same copyright had not been registered when the original pleading was filed. *See Izmo, Inc. v. Roadster, Inc.,* No.

18-cv-06092, 2019 WL 2359228, at *2 (N.D. Cal. June 4, 2019) (recognizing that *Fourth Estate* did not address "whether a copyright claimant may amend its complaint to include subsequently registered material"). However, that exact situation was addressed by this Court in *Ubiquity Networks, Inc. v. Cambium Networks, Inc.,* No. 18 C 5369, 2019 WL 6034116, at *1 (N.D. Ill. Nov. 14, 2019). This Court found that Plaintiff's amendment of its complaint to add an infringement claim for a subsequently-registered copyright was proper. *Id.*

This Court's reasoning in *Ubiquity* has been affirmed in recent decisions in other districts. *See, e.g., Philips North America LLC v. KPI Healthcare, Inc.,* No. SACV 19-1765, 2020 WL 3032765, at *3 (C.D. Cal. Jan. 24, 2020) (holding "that a claim for 'infringement based on [a copyright] not brought in [the] original complaint' could be asserted in an amended pleading."). The *Philips* court explained that the holdings in *Malibu Media*[3] and *Izmo*[4] were distinguishable from the case at bar because those cases "involved original pleadings asserting premature causes of action for copyright infringement that the plaintiffs in those cases attempted to cure by amending their complaints." *Philips,* 2020 WL 3032765, at *3 ("In contrast, *Malibu Media* and *Izmodo* concerned a different issue – curing a defective, *existing* claim for copyright infringement.") (emphasis added). Here, like Philips, Expeditee did not allege any copyright infringement claim in its original complaint. Therefore, its addition of a copyright infringement claim now is not untimely or barred.

As detailed above, Expeditee is the owner of the registered copyrights in the One Nation Under God flag and house photograph that RJITSCT copied and used to sell its own infringing products. RJITSCT's use of these copyrighted works was done intentionally and without Expeditee's permission in violation of 17 U.S.C. § 501. (FAC, ¶ 61.)

---

[3] No. 18-cv-10956, 2019 WL 1454317, at *8 n.2 (S.D. N.Y. Apr. 2, 2019).
[4] 2019 WL 2359228, at *2.

RJITSCT's infringement causes injury to consumers, who are being duped into buying cheap knockoffs of Plaintiff's Goods. Because Plaintiff has satisfactorily pled the elements of a copyright infringement claim, its proposed amendment is not futile.

**2. Expeditee's Proposed Trade Dress Infringement Claim is Not Futile**

RJITSCT argues that Expeditee's Jesus Signature line of products cannot be protectable trade dress because: (a) it is functional (Opp'n at 10); (b) it encourages customers to promote their faith in Christ (Opp'n at 11); and (c) black-and-white images of Jesus and flags have been around since before Expeditee was established. (Opp'n at 12.)

RJITSCT misapplies the law. Trade dress may be any combination of elements that serve as a source identifier and can extend to the configuration or other design features of the product itself. *See Qualitex Co. v. Jacobson Prods. Co.,* 514 U.S. 159, 162, 166 (1995). A plaintiff may define its trade dress as "the total image or overall appearance of a product, including size, shape, color, texture, and graphics." *AM Gen. Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 814 (7th Cir. 2002). Just because the combination of elements serves an aesthetic function does not mean that they are not protectable trade dress. *See, e.g., Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc.,* 696 F.3d 206, 218 (2d Cir. 2012) (holding red sole of shoes was protectable trade dress).

In order to prevail on a defense of aesthetic functionality, RJITSCT must show that (1) the design feature is either "essential to the use or purpose" or "affects the cost or quality" of the product at issue and that the design elements are "necessary to compete in the [relevant] market." *Villeroy & Boch Keramische Werke K.G. v. THC Sys., Inc.* 999 F.2d 619, 622 (2d Cir. 1993). Indeed, the Supreme Court has held that the "ultimate test of aesthetic functionality…is whether the recognition of trademark rights [in an aesthetic design feature] would significantly hinder

competition." *Qualitex Co. v. Jacobson Prods. Co.,* 514 U.S. 159, 170 (1995); *see also TrafFix Devices, Inc., v. Marketing Displays, Inc.,* 532 U.S. 23, 32-33 (2001). "[D]istinctive and arbitrary arrangements of predominantly ornamental features that do not hinder potential competitors from entering the same market with differently dressed versions of the product are non-functional[,] and [are] hence eligible for [trademark protection]." *Christian Louboutin,* 696 F.3d at 222.

Here, there are many alternative designs on the market depicting Jesus and flags. RJITSCT did not need to use the identical black-and-white Jesus with a hand pulling back a colorful flag combination that Expeditee uses to distinguish its Jesus Signature line of products. Therefore, the fact that the elements are also ornamental does not preclude them from being protectable trade dress.

In addition, RJITSCT's allegation that Expeditee's Jesus Signature line of flags cannot serve as trade dress because it "encourages customers to buy their Jesus flags to promote their faith in Christ" is baseless. RJITSCT cites no authority holding that Expeditee's trade dress cannot promote faith, National pride and the FLAGWIX brand at the same time.

Finally, RJITSCT argues that Expeditee's Jesus Signature series of flags cannot serve as trade dress because black-and-white images of Jesus and flags (the product in general) are "older than the United States itself, and are certainly far older than Plaintiff…" (Opp'n at 11-12.) RJITSCT's argument is meritless. While it is undisputed that images of Jesus and flags have existed for many years, RJITSCT has presented no evidence showing that the black-and-white image of Jesus pulling back a colorful flag combination in Expeditee's Jesus Flag Series existed in the marketplace prior to Expeditee's introduction of its Jesus Signature Line of products. The combination of these elements was unique and original to Expeditee and distinguishes its products from others on the market such that consumers associate that combination solely with the

FLAGWIX brand. (Dkt. No. 89-2, ¶¶ 20-26.)

RJITSCT's argument that Expeditee does not have a Signature Jesus line of products is completely false. Several products in the series are shown below (and alleged in the FAC at 6-7).








The combination of design elements in Expeditee's Signature Jesus series of flags is protectable trade dress that consumers associate with the FLAGWIX brand. RJITSCT's blatant copying of that trade dress for its own product infringes Expeditee's unregistered trade dress under § 1125 of the Lanham Act. Therefore, Expeditee's trade dress infringement claim is not futile.

### D. Granting Expeditee Leave to File its FAC Will Promote Judicial Economy

Expeditee's proposed copyright and trade dress infringement claims rely on a common set of facts as its pending claims for trademark infringement, false designation of origin, unfair competition and violation of Illinois Deceptive Trade Practices Act. RJITSCT's blatant copying of Expeditee's One Nation Under God product and use of Expeditee's registered FLAGWIX mark in hidden text and metatags in its webpages present common questions of fact and law underpinning Expeditee's claims against RJITSCT and the other defendants.

Contrary to RJITSCT's convoluted argument, requiring Expeditee to dismiss and then refile its claims against RJITSCT does <u>not</u> promote judicial economy and efficiency. In fact, it does the opposite. RJITSCT and the other defendants have used the FLAGWIX mark, Expeditee's registered copyrights and, in some cases, Expeditee's unregistered trade dress, to mislead

consumers into purchasing knockoffs of authentic FLAGWIX products. Expeditee's claims rely on a common set of facts and defendants' affirmative defenses and counterclaims, if any, will overlap and present common issues of fact. For these reasons, judicial economy is furthered by allowing Expeditee to file its FAC rather than requiring it to file separate claims in additional actions against each defendant.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant leave for Plaintiff to file its Proposed FAC.

Dated:  June 9, 2022                              Respectfully Submitted,

                                                  LOZA & LOZA LLP

                                                  /s/ *Lena N. Bacani*
                                                  Lena N. BacaniI (admitted *pro hac vice*)
                                                  Lena.bacani@lozaip.com
                                                  Marie Richmond (admitted *pro hac vice*)
                                                  Marie.richmond@lozaip.com
                                                  305 N. Second Ave., #127
                                                  Upland, CA  91786
                                                  Tel:  (213) 394-3625

                                                  ARONBERG GOLDGEHN DAVIS & GARMISA
                                                  Matthew De Preter
                                                  330 N. Wabash Ave. Suite 1700
                                                  Chicago, IL 60611
                                                  (p) 312.828.9600
                                                  (f) 312.828.9635
                                                  cdepreter@agdglaw.com

                                                  *Attorneys for Plaintiff, Expeditee LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court.

By: /s/ *Lena N. Bacani*_____
Lena N. Bacani