IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Expeditee LLC., | ) Case No.: 1:21-cv-06237 |
| Plaintiff, | ) District Judge: Hon. Lindsay C. Jenkins |
| v. | ) |
| THE ENTITIES listed on EXHIBIT 1, | ) |
| Defendants | ) |

**FIRST AMENDED COMPLAINT**

Plaintiff Expeditee LLC ("Expeditee"), by and through its undersigned attorneys, files this First Amended Complaint ("FAC") against the Entities listed on Exhibit 1 ("Defendants"), as follows:

**NATURE OF THE ACTION**

1. This is an action for trademark infringement, counterfeiting, trade dress infringement, false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), copyright infringement under 17 U.S.C. § 501, and consumer fraud pursuant to the Illinois Consumer Fraud and Deceptive Practices Act, 815 Ill. Comp. Stat. 510/1, *et seq*.

**THE PARTIES**

2. Plaintiff is a Delaware limited liability company. While Plaintiff is based in Vietnam, it maintains a business address in Chicago, Illinois.

1

3. Defendants identified on Exhibit 1 are individuals, unincorporated business associations, and/or business entities of unknown makeup who, either individually or jointly, own and/or operate one or more of the e-commerce stores under at least the seller aliases identified in Exhibit 1. Upon information and belief, most Defendants reside outside the United States. The true names, identities and addresses of most of the Defendants are currently unknown.

4. Many of the Defendants conduct their illegal operations through fully interactive commercial websites hosted independently and/or on various e-commerce sites, such as Amazon, eBay, Wish, Alibaba, Ali Express, etc. ("Infringing Websites" or "Infringing Webstores"). Each Defendant targets consumers in the United States, including the State of Illinois, and has offered to sell and, on information and belief, has sold and continues to sell products that violate Plaintiff's intellectual property rights ("Accused Products") to consumers within the United States, including the State of Illinois and Northern District of Illinois. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

5. Through their operation of the Infringing Webstores, Defendants are directly contributing to, inducing and engaging in the sale of Accused Products as alleged, often times as partners, co-conspirators and/or suppliers. Defendants intentionally conceal their identities and the full scope of their infringing operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' illegal counterfeiting operations. The true identities of most of the Defendants are presently unknown. If their identities become known, Plaintiff will promptly amend this Complaint to identify them.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1332 and/or 1338(a) and (b); and 15 U.S.C. §§1116 and 1121 over Plaintiff's Lanham Act and Copyright Claims. This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. §1367, over Plaintiff's claim for unlawful and deceptive acts and practices under the laws of the State of Illinois.

7. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants all transact business in the State of Illinois and in the Northern District of Illinois and have committed tortious acts in this State. Defendants have purposefully directed their tortious and infringing conduct to Illinois through interactive, e-commerce websites, including the Infringing Websites and Infringing Webstores. Defendants have advertised in Illinois, offered to sell in Illinois, and targeted Illinois as a location to ship their Accused Products, thereby specifically targeting Illinois residents and Plaintiff.

8. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(3) because Defendants are entities or individuals subject to personal jurisdiction in this District. Upon information and belief, most of the Defendants are foreign companies based outside the United States and do not maintain physical addresses in Illinois or any other U.S. state. Therefore, venue is also proper under 28 U.S.C. §§1391(c)(3).

## BACKGROUND

### *Plaintiff's FLAGWIX Trademark*

9. Plaintiff is engaged in the business of manufacturing, selling and distributing decorative flags and banners, including within the Northern District of Illinois (collectively, the "Products"), under the Federally registered, FLAGWIX trademark, U.S. Reg. No. 6,265,462 in

3

International Class 024, for "cloth flags" (hereafter the "Mark"), as set forth in the U.S. Patent and Trademark Office ("USPTO") TSDR report attached as Exhibit 2.

10. Plaintiff is the owner of all rights, title and interest in and to the Mark and has used the Mark in connection with such goods since at least April 16, 2020. The registration is valid, subsisting, unrevoked and uncancelled and constitutes prima facie evidence of validity and of Plaintiff's exclusive right to use the Mark pursuant to 15 U.S.C. §1057(b).

11. Plaintiff's brand, symbolized by the Mark, is a recognized symbol of high-quality garden and home decorations. As detailed below, Plaintiff has been using the Mark for years in connection with the advertising and sale of Plaintiff's products in interstate and foreign commerce, including commerce in the State of Illinois and the Northern District of Illinois.

12. The Mark has been widely promoted, both in the United States and throughout the world. Consumers, potential consumers and other members of the public not only associate Plaintiff's Products with exceptional materials, style and workmanship, but also recognize the Plaintiff's Products sold in the United States originate exclusively with Plaintiff.

13. As of the date of this filing, Plaintiff's Products are sold online and in retail establishments throughout the world.

14. Plaintiff maintains quality control standards for all Products.

15. Genuine Products are distributed through a worldwide network of distributors and retailers, as well as Plaintiff's website, www.flaxwix.com, and via third party webstores such as Amazon.com. Sales of Products via the web and legitimate webstores represent a significant portion of Plaintiff's business.

16. The Mark is a highly visible and distinctive worldwide symbol of excellence in quality and uniquely associated with Plaintiff.

17. The Mark has never been assigned or licensed to any of the Defendants.

18. The Mark is a symbol of Plaintiff's quality, reputation and goodwill and has never been abandoned.

19. Further, Plaintiff has expended substantial time, money and other resources developing, advertising and otherwise promoting the Mark.

*Plaintiff's Trade Dress*

20. Plaintiff sells a line of flags and banners under its Jesus Signature product line that feature a distinctive black-and-white image of Jesus, in one section of the flag or banner, with a black-and-white image of a hand pulling back a full-color country flag that takes up another portion of the flag or banner (hereafter "Trade Dress"), like the examples shown below. The Trade Dress is not limited to a particular orientation of the flag (horizontal or vertical orientation), the particular image of Jesus, or the particular country or colors of the flag. Any words or slogans, or additional images, such as doves, firefighters, crosses or other images are not part of the claimed Trade Dress.








21. This arrangement and combination of a black-and-white Jesus and hand images, pulling back the colorful country flag, is purely ornamental and nonfunctional.

22. The Trade Dress distinguishes Plaintiff's products from the products of third party sellers of similar products in the marketplace. The Trade Dress has acquired secondary meaning because consumers associate products incorporating the Trade Dress, with its unique combination and placement of black-and-white Jesus and colorful flag elements, as coming from, affiliated with, sponsored by, or otherwise approved of by Plaintiff.

23. The Trade Dress creates a commercial impression that is distinct from any accompanying words, such as the Mark or various slogans, used on Plaintiff's products.

24. Prior to Defendants' infringement, upon information and belief, Plaintiff was the exclusive user of the Trade Dress.

25. Plaintiff has expended substantial resources marketing its products incorporating the Trade Dress.

26. Plaintiff's products sold under the Trade Dress were, and still are, popular in the marketplace and have enjoyed substantial sales through Plaintiff's Website, and through authorized resellers and online sales.

***Plaintiff's Copyrights***

27. Plaintiff designs its flags and banners in-house and has registered some of its original designs with the U.S. Copyright Office. In addition, Plaintiff has registered some of its photographs showcasing its flag and banner products.

28. Plaintiff is the owner of U.S. Copyright Registration No. VA 0002287991 for the artwork entitled "One Nation Under God" (Exhibit 3).

29. Plaintiff is the owner of U.S. Copyright Registration No. VA 0002287963, for the artwork entitled "Don't Be Afraid Just Have Faith" (Exhibit 4).

30. Plaintiff is the owner of U.S. Copyright Registration No. VA 0002289856, for the photograph entitled "THH1288F_Flag_mockup3" (Exhibit 5).

31. Plaintiff is the owner of U.S. Copyright Registration No. VA 0002290015, for the photograph entitled "THH1288F_Flag_mockup1" (Exhibit 6).

32. The copyright registrations for the photographs cover the photographs and not the particular flag design depicted. Plaintiff routinely changes the flag artwork overlay on the photographs to showcase the particular product Plaintiff is selling.

### *Defendants' Unlawful Conduct*

33. Upon information and belief, at all times relevant hereto, Defendants in this action have had full knowledge of Plaintiff's ownership of the Mark and Trade Dress, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

34. Upon information and belief, at all times relevant hereto, Defendants had full knowledge of Plaintiff's ownership of the copyrighted designs and photographs that are the subject of Plaintiff's Copyrights, and Defendants knew they did not have authorization from Plaintiff to copy, manufacture, import, offer for sale, sell, distribute, or create derivative works of the Copyrights.

35. Starting around November 2021 and continuing to the present, Plaintiff has identified the Mark, Trade Dress and Copyrights on many of the Infringing Webpages and Infringing Webstores, which are designed to resemble authorized retail Internet stores selling genuine Products that Defendants had reproduced, displayed and distributed without authorization or license from Plaintiff, thus infringing Plaintiff's Mark, Trade Dress and/or

Copyrights. In addition, Defendants are also displaying and offering for sale the Accused Products on various social media platforms, including Facebook.

36. Defendants' use of the Mark and Trade Dress on or in connection with the advertising, marketing, distribution, offering for sale and sale of the Accused Products is likely to cause and has caused confusion, mistake and deception by and among consumers and is irreparably harming Plaintiff.

37. Many Defendants have willfully infringed one or more of the Copyrights by reproducing, publicly displaying, selling, distributing and creating derivative works of the Copyrights in the Accused Products and on Defendants' Infringing Websites and Infringing Webstores.

38. Defendants have induced, caused or materially contributed to the reproduction, distribution and public display of the Copyrights, and derivatives thereof, all while knowing or having reason to know that the use of the Copyrights was without permission, consent or license.

39. Defendants have manufactured, imported, distributed, offered for sale and sold Accused Products using the Mark, Trade Dress and/or Copyrights and continue to do so.

40. Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use the Mark, Trade Dress and/or Copyrights in connection with the advertisement, offer for sale and sale of the Accused Products, through, inter alia, the Internet. The Accused Products are not genuine Products. The Plaintiff did not manufacture, inspect or package the Accused Products and did not approve the Accused Products for sale or distribution. Each Infringing Webstore offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Accused Products into the United States, including Illinois.

41. Defendants falsely advertise the sale of authentic Products through the Infringing webstores, often by stealing and copying Plaintiff's copyrighted images and photographs of Plaintiff's genuine products, including the Copyrights, thus infringing the Copyrights. Defendants' Infringing Webstore listings appear to unknowing consumers to be legitimate web stores and listings, authorized to sell genuine Products.

42. Defendants also deceive unknowing consumers by using the Mark and Trade Dress without authorization within the content, text, and/or meta tags of the listings on Infringing Webstores in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Products and in consumer product searches within the Webstores.

43. Defendants go to great lengths to conceal their true identities and often use multiple fictitious names and addresses to register and operate the Infringing Webstores. Upon information and belief, Defendants regularly create new Websites and Webstores on various platforms using the identities listed in Exhibit 1, as well as other unknown fictitious names and addresses. Such registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their illegal counterfeiting operations, and to prevent the Infringing Webstores from being disabled.

44. Upon information and belief, many of the Defendants work in active concert with each other to knowingly and willfully manufacture, import, sell, offer to sell and distribute the Accused Products. Defendants have jointly and severally used, and continue to use, Plaintiff's Mark, Trade Dress and/or Copyrights without Plaintiff's authorization, in connection with Defendants' manufacture, importation, offer for sale, sale and distribution of the Accused Products in the United States and Illinois.

45. Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling Accused Products that infringe upon the Marks, Trade Dress and/or Copyrights unless preliminarily and permanently enjoined.

46. Plaintiff has no adequate remedy at law.

**COUNT ONE**
**FEDERAL TRADEMARK COUNTERFEITING**
**AND INFRINGEMENT (15 U.S.C. §1114)**
(Defendants 1, 3, 6-7, 10, 13-14, 16-25, 28-34, 37-39, 41-43, 45-50, 55-63, 68, 70-71, 73, 75, 77-81, 83, 85-91, 96-97, 101-111, 114, 116, 119, 123-125, 127-132, 134-135, 137, 141-145, 150-153, 155)

47. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

48. The Plaintiff's Mark and the goodwill of the business associated with it in the United States and throughout the world are of great value. The Mark is highly distinctive and has become universally associated in the public mind with Plaintiff's Products and related services. Consumers associate the Mark with the Plaintiff as the source of the very highest quality products.

49. Without the Plaintiff's authorization or consent, and having knowledge of the Plaintiff's well-known and prior rights in the Mark and the fact that Defendants' Accused Products are sold using marks which are identical or confusingly similar to the Mark, the Defendants have manufactured, distributed, offered for sale and/or sold the Accused Products to the consuming public in direct competition with Plaintiff's sale of genuine Plaintiff Products, in or affecting interstate commerce.

50. Defendants' use of copies or approximations of the Plaintiff's Mark in conjunction with Defendants' Accused Products is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Accused

11

Products, and is likely to deceive the public into believing the Accused Products being sold by Defendants originate from, are associated with or are otherwise authorized by the Plaintiff, all to the damage and detriment of the Plaintiff's reputation, goodwill and sales.

51. The Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

**COUNT TWO**
**TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a))**
**(Defendants 2-3, 5, 8-9, 11-13, 15, 26-27, 31, 33-35, 37-39, 43, 48, 50-51, 54-55, 65-67, 69, 74, 76, 82, 84-85, 92-94, 98-101, 103, 110-113, 115-117, 126-127, 133, 136, 138-140, 146, 148-150 and 154)**

52. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

53. The Accused Products sold and offered for sale by Defendants are of the same nature and type as the Plaintiff's products sold and offered for sale by the Plaintiff and, as such, Defendants' use of the Mark and/or Trade Dress is likely to cause confusion to the general purchasing public.

54. Plaintiff's Trade Dress is not functional.

55. By misappropriating and using the Mark and/or Trade Dress, Defendants misrepresent and falsely describe to the general public the origin and source of the Accused Products and create a likelihood of confusion by consumers as to the source of such merchandise.

56. Defendants' unlawful, unauthorized and unlicensed manufacture, distribution,

12

offer for sale and/or sale of the Accused Products creates express and implied misrepresentations that the Accused Products were created, authorized or approved by the Plaintiff, all to Defendants' profit and to the Plaintiff's great damage and injury.

57. Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), in that Defendants' use of the Plaintiff's Mark and/or Trade Dress in connection with their goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

58. The Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

**COUNT THREE**
**COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**
**(Defendants 4-5, 7-9, 11-15, 18, 20, 26-27, 31, 35-38, 40, 42, 44, 46, 48-53, 57, 60-62, 64-66, 71-72, 74, 76, 82, 84-86, 90, 92-96, 98-100, 102, 111-113, 117-118, 120-122, 125-126, 129, 131, 133-134, 136-140, 145-147, 149-150 and 153-154)**

59. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

60. Plaintiff is the owner of all rights, title and interest in the Copyrights that are at issue in this dispute, which consist of copyrightable subject matter under the laws of the United States.

61. Plaintiff has registered the Copyrights with the U.S. Copyright Office.

62. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed Plaintiff's Copyrights by reproducing, displaying, distributing, creating derivative works, and otherwise utilizing the Copyrights in the Accused Products and on Defendants' Infringing Webpages and Infringing Webstores, for purposes of trade in violation of 17 U.S.C. § 501, *et seq*.

63. Defendants' acts are and were performed without Plaintiff's permission, license or consent.

64. As a result of Defendants acts alleged herein, Plaintiff has suffered, and will continue to suffer, substantial economic damages.

65. Defendants have willfully infringed, and unless enjoined, will continue to infringe, Plaintiff's Copyrights by knowingly reproducing, displaying, offering to sell, selling, distributing, and utilizing Plaintiff's Copyrights in Defendants' Accused Products, Infringing Webpages and Infringing Webstores.

66. Defendants' wrongful acts have caused, and are causing, injury to Plaintiff which cannot be accurately computed and, unless restrained by this Court, Plaintiff will suffer irreparable injury, all of which is without an adequate remedy at law. Accordingly, Plaintiff seeks a declaration that Defendants are infringing Plaintiff's Copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement.

## COUNT FOUR
### ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT (815 ILCS 510)
**(All Defendants)**

67. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

68. The Accused Products sold and offered for sale by Defendants are of the same nature and type as the Plaintiff's products sold and offered for sale by the Plaintiff and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

69. By misappropriating and using the Mark, genuine Product images and trade names, Defendants misrepresent and falsely describe to the general public the origin and source

of the Accused Products and create a likelihood of confusion by consumers as to the source of such merchandise.

70. Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of the Accused Products creates express and implied misrepresentations that the Accused Products were created, authorized or approved by the Plaintiff, all to the Defendants' profit and to the Plaintiff's great damage and injury.

71. Defendants' aforesaid acts are in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, *et seq*., in that Defendants' use of the Mark, genuine product images and trade names, in connection with their goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

72. Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment against Defendants in favor of the Plaintiff on all counts as follows:

A. That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons in active concert with them be temporarily, preliminarily and permanently enjoined and restrained from:

(i) using the Mark and Trade Dress or any reproduction, counterfeit, copy or colorable imitation of the Mark and Trade Dress in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of the Plaintiff; and

(ii)     passing off, inducing or enabling others to sell or pass off any Accused Products as genuine products made and/or sold by the Plaintiff; and

(iii)    committing any acts calculated to cause consumers to believe that Defendants' Accused Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

(iv)    further infringing the Mark and Trade Dress and damaging Plaintiff's goodwill and competing unfairly with Plaintiff in any manner;

(v)     shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and that bear the Mark or Trade Dress or any reproductions, counterfeit copies, or colorable imitations thereof;

(vi)    using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the Infringing Webstores, Infringing Webpages, listings, or any other online store, web page, social media page or domain name that is being used to sell or is the means by which Defendants could continue to sell Accused Products;

(vii)   operating and/or hosting websites at the Infringing Webstores and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Plaintiff's Mark, Trade Dress or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Mark or Trade Dress; and,

16

(viii) registering any additional domain names that use or incorporate any of the Plaintiff's Mark or Trade Dress;

B. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

(i) displaying images protected by the Plaintiff's Copyrights in connection with the distribution, advertising, offer for sale and/or sale of any product that is not a genuine Plaintiff Product or is not authorized by Plaintiff to be sold in connection with the Plaintiff's Copyrights; and

(ii) shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and protected by the Plaintiff's Copyrights or any reproductions, counterfeit copies, derivative works, or colorable imitations thereof;

C. That Defendants, within ten (10) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon the Plaintiff's a written report under oath setting forth in detail the manner in which Defendants have complied with any and all injunctive relief ordered by this Court;

D. Entry of an order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any internet search engines, Webstore hosts or their administrators that are provided with notice of the injunction, cease facilitating access to any or all webstores and webpages through which Defendants engage in the sale of Accused Products using the Mark, Trade Dress and Copyrights;

E. That Defendants pay Plaintiff compensatory damages and account for and pay over to Plaintiff any and all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Mark and Trade Dress be increased by a sum not exceeding three times the amount thereof as provided by law as provided by 15 U.S.C. §1117;

F. In the alternative, that Plaintiff be awarded statutory damages of Two Million Dollars (U.S.) and No Cents ($2,000,000.00) for each and every use of the Plaintiff's Mark counterfeited by each Defendant;

G. That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

H. Grant Plaintiff such other and further legal relief as may be just and proper under the circumstances.

Respectfully submitted,

By: /s/ *Lena N. Bacani*
\
Matthew De Preter
ARONBERG GOLDGEHN DAVIS & GARMISA
225 W. Washington St. Suite 2800
Chicago, IL 60606
(p) 312.828.9600
(f) 312.828.9635
Email: cdepreter@agdglaw.com

Lena N. Bacani (admitted *pro hac vice)*
Email: lena.bacani@lozaip.com
Marie Richmond (admitted *pro hac vice*)
Email: marie.richmond@lozaip.com
LOZA & LOZA LLP
305 N. Second Ave., #127
Upland, CA 91786
Tel: (213) 394-3625

*Attorneys for Exeditee LLC*

18