IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EXPEDITEE LLC, | ) |
| | ) Case No. 21-6237 |
|     Plaintiff, | ) |
| | ) Hon. Lindsay C. Jenkins |
| vs. | ) |
| | ) |
| THE ENTITIES listed on EXHIBIT 1, | ) |
| | ) |
|     Defendants. | ) |

**MOTION TO RECONSIDER**

PMJ PLLC files this motion (the "Motion") to reconsider the Court's Memorandum Opinion and Order (the "Order") (Dkt. #122) pursuant to Rule 59 of the Federal Rules of Civil Procedure, and in further support thereof states as follows:

**SUMMARY**

This Court granted sanctions against the Plaintiff and PMJ PLLC more than a year after the events in question, and without a hearing. The Court had previously granted the relief requested by the Plaintiff, including injunctive relief, and did not seem to seriously consider RTL's and its counsel's hyperbolic claims of fraud on the Court. This Court, however, one-and-a-half years later disagreed with the prior Court's orders and held that the Plaintiff and its counsel had committed fraud on the Court. When presented with the information set forth in this Motion, the Court should reconsider its initial opinion and vacate its Order.

This Court held that sanctions were warranted because the Plaintiff did not correct the mistakes alleged by RTL; instead, the Plaintiff "stood by its allegations about its state of organization and its principal place of business, Respect the Look being based in a foreign country, and the validity of its trademark infringement claims." Op. at p.17. Each of those characterizations

1

made in hindsight are contradicted by this Court's own Order. First, this Court noted that the mistake regarding the Plaintiff state of organization is not sanctionable. Second, the Court noted that Jones informed the Court at the hearing on the Plaintiff's motion for a preliminary injunction that the Plaintiff was based in Hanoi, Vietnam. Third, the Plaintiff's theory of liability – that RTL used the Plaintiff's trademark in metadata tags – is valid, whether the Court thinks that the Plaintiff relied on it enough or not. Finally, evidence has emerged that RTL is, in fact, managed from the Philippines, and it withdrew nearly all of its funds (approx. $1 million) from its PayPal account when the preliminary injunction was lifted. In short, PMJ PLLC is being sanctioned even though it was right all along and that it was the Movant, RTL, who lied. For the reasons set forth herein, the Order should be vacated.

**RELEVANT BACKGROUND**

1. On November 22, 2021, Plaintiff Expeditee LLC, represented by PMJ PLLC, filed a case against multiple defendants alleging (1) federal trademark counterfeiting and infringement, (2) unfair competition and false designation of origin, and (3) violation of the Illinois uniform deceptive trade practices act.

2. The case was assigned to Judge Andrea R. Wood.

3. On February 14, 2022, Defendant RJITSCT LLC, operating under the pseudonym "Respect the Look" ("RTL"), filed a motion to dismiss and for sanctions, claiming that it was a company based in the United States and not at risk for absconding with its U.S.-based assets. (Dkt. #70.)

4. In the moment, being fully apprised of all of the facts, the Court did not grant RTL's motion to dismiss or for sanctions against the Plaintiff or PMJ PLLC.

5. On March 7, 2022, RTL filed a renewed motion for sanctions (the "Renewed

Motion for Sanctions"). (Dkt. #78.)

6. In early February 2023, PMJ PLLC ceased operations.

7. On February 27, 2023, this case was reassigned to Judge Lindsay C. Jenkins.

8. Judge Jenkins has not held any hearings in this case.

9. Neither PMJ PLLC or its former Managing Member, Patrick M. Jones, has ever appeared before Judge Jenkins.

10. On September 6, 2023, this Court entered a Memorandum Opinion and Order, granting the Renewed Motion for Sanctions against the Plaintiff and PMJ PLLC. (Dkt. #122.)

11. Also on September 6, 2023, the Plaintiff filed a motion to amend the Complaint, which was granted by this Court on September 27, 2023, affirming that this Court has jurisdiction over the Defendants and that venue it proper.

### 1. Plaintiff's Representations About Expeditee

12. The Complaint stated that "Plaintiff is a Nevada limited liability company with a principal place of business in Chicago, Illinois." (Dkt. #1, at ¶1.)

13. The statement that the Plaintiff had "a principal place of business in Chicago, Illinois" was based on Jones's personal knowledge that Plaintiff had retained a company located in Chicago, Illinois to act as it agent in the United States, receive its tax returns, register its intellectual property, and assisted with the management of its bank accounts. *See* Declaration of Patrick M. Jones, attached as Exhibit A, at ¶¶9-11.

14. The Complaint stated that "This Court has personal jurisdiction over Defendants in that they transact business in the State of Illinois and in the Northern District of Illinois." (Dkt. #1, at ¶7.)

15. Jurisdiction was not based on the location of the Plaintiff or where it maintained a

3

principal place of business.

16. The Complaint stated that "Venue is proper in this District pursuant to 28 U.S.C. §§1391 in that the Defendants are entities or individuals subject to personal jurisdiction in this District. Venue is also proper in the District because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendants directly target business activities towards consumers in the State of Illinois."

17. Venue was not based on Plaintiff's location.

18. The entry of a temporary restraining order ("TRO") also was not based on the location of the Plaintiff.

19. On January 14, 2023, RTL filed a motion to dissolve the TRO as to it and for sanctions against the Plaintiff and PMJ PLLC for, among other things, stating that Plaintiff had a principal place of business in Chicago, Illinois. (Dkt. #35.)

20. At a hearing held on January 18, 2022, Jones informed the Court that the Plaintiff's business was based in Hanoi, Vietnam.

21. The Court dissolved the TRO as to RTL, primarily because it claimed that it was not a foreign entity (sworn testimony that has subsequently been called into question).

22. The Court did not dismiss the Plaintiff's case or dissolve the TRO as to the other Defendants.

23. The Court did not sanction the Plaintiff or PMJ PLLC.

24. On February 15, 2022, with full knowledge that the Plaintiff was based in Hanoi, Vietnam, the Court converted the TRO into a preliminary injunction. (Dkt. #77.)

25. The Court did not find that it lacked jurisdiction, that venue was improper, that Plaintiff's claims were frivolous, or that the Plaintiff or PMJ PLLC has been deceptive in any way.

4

26. On September 27, 2023, Plaintiff filed a First Amended Complaint, which states that "Plaintiff is a Delaware limited liability company. While Plaintiff is based in Vietnam, it maintains a business address in Chicago, Illinois." (Dkt. #124.)

27. This Court's granting of Plaintiff's leave to file the First Amended Complaint expressly acknowledging that this Court has jurisdiction over the Plaintiff's claims and that venue is proper, and that it was not obtained by fraud.

### 2. Plaintiff's Representations About RTL

28. The Complaint alleged that "Defendants also deceive unknowing consumers by using the Mark without authorization within the content, text, and/or meta tags of the listings on Infringing Webstores in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Products and in consumer product searches within the Webstores." (Dkt. #1, at ¶29.)

29. This Court recognized the Plaintiff's allegation that RTL used its trademark in metadata tags, but determined that it did not emphasize this legal theory enough. *See* Order, at p.32.

30. The Plaintiff conducted an extensive investigation of www.respectthelook.com and its owner, Reginald Jennings.

31. Despite the sworn declaration of Jennings, RTL does not appear to be a U.S.-based business. It is more likely that Jennings lied to the Court under oath. *See* Order, at p.30 n.8.

32. It did not help his credibility that Jennings supports and profits from right wing propaganda and conspiracy theories. *See* Exhibit B ("MAGA COUNTRY", "FJB". "Let's Go Brandon").

33. No discovery was exchanged between the Plaintiff and RTL while PMJ PLLC

5

represented the Plaintiff. *Cf.* Order, at pp.10, 35 n.10, and 43 (this Court repeatedly pointed out that Plaintiff and PMJ PLLC presented "no evidence" of its claims against RTL, despite the lack of discovery in this Case).

34. Whether RTL used the Plaintiff's trademark to drive consumers looking for genuine Flagwix products to its website remains unknown.

35. By attacking Jones, instead of presenting a legal defense to its alleged trademark infringement, unfair competition and false designation of origin, and violation of the Illinois uniform deceptive trade practices act, RTL has completely escaped scrutiny.

36. The damage to the reputation of Patrick M. Jones cannot be undone. *Xped LLC v. Entities Listed on Exhibit 1*, 2023 WL 5748350 (N.D. Ill. Sept. 6, 2023).

### 3. Frivolous Legal Arguments

37. This Court noted that Plaintiff's memoranda in support of its motions for TRO and preliminary injunction relied exclusively on trademark infringement as the basis for relief, but the Complaint also stated claims for unfair competition and false designation of origin, and violation of the Illinois uniform deceptive trade practices act.

38. It is not clear why this Court ignored these claims to reach its decision to impose sanctions against the Plaintiff and PMJ PLLC.

39. The original Court was fully informed as to the Plaintiff's base of operations and granted the Plaintiff's motions for TRO and preliminary injunctions.

40. The Court did not grant RTL's motion to dismiss despite being fully aware the Plaintiff's theory of liability was that RTL used the Plaintiff's trademark in metadata tags, and did not display it on the counterfeit product that it sold.

41. In the Order, this Court noted that a "trademark infringement claim requires the

6

'use… of a registered trademark.'" Op. at p.32.

42. The Plaintiff alleged in the Complaint that RTL "used" the Plaintiff's trademark by, among other things, using metadata tags to lure consumers searching for Flagwix flags to RTL's website. (Dkt. #1, at ¶29.)

43. It is not clear how the Plaintiff's allegation that RTL made use of the Plaintiff's registered trademark is not an allegation that RTL made use of the Plaintiff's registered trademark.

### 4. Certificate of Service

44. In addition to filing the initial Certificate of Service in this case, PMJ provided the Court with a copy of actual emails that it sent to the Defendants in this case. *See* Jones Decl., at ¶16; Exhibit C.

45. The emails were not filed as part of the case, so this Court may not have known of the specific documentation that the Plaintiff provided the Court regarding service of process.

46. The Court reviewed the Certificate of Service, the Amended Certificate of Service, the emails evidencing service on the Defendants including RTL, questioned Jones in-person, and approved the relief requested by the Plaintiff.

47. The Court deemed service adequate.

48. This Court now claims in hindsight that service was fraudulent, yet it somehow allowed this Case to persist.

## DISCUSSION

A court will grant a motion for reconsideration when: (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue

to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court. *Bank of Waunakee v. Rochester Cheese Sales Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990).

There have been several changes in this case between the time it was filed in November 2021 and the issuance of an order granting sanctions in September 2023, including the following:

- In March 2023, this case was re-assigned to Judge Lindsay C. Jenkins;
- Also in March 2023, PMJ PLLC ceased operations;
- The Court has not held a hearing in this case since the case was transferred;
- This Court granted the Plaintiff's motion for leave to file its First Amended Complaint, affirming jurisdiction over the Defendants;
- Evidence emerged that RTL is not based in the United States, it is managed and operated out of the Philippines; and
- RTL absconded with approx. $1,000,000 of its U.S.-based assets when the preliminary injunction was lifted in this case. *See* Exhibit D.

The main case cited by this Court in support of the issuance of sanctions is *BRABUS GmbH v. Individuals Identified on Schedule A Hereto*, 2022 WL 7501046, at *1 (N.D. Ill. Oct. 13, 2022). *BRABUS GmbH* held that "Litigating here [Chicago, IL] may not be convenient, but that comes with the territory. Foreign counterfeiters who attempt to sell fake products here do so at a price, and part of the price is the risk of litigation. Defendant points to no unusual burden in being subject to the jurisdiction of a court in Illinois. When the business is selling fake products abroad, part of the cost of doing business is getting sued abroad." *BRABUS*, 2022 WL 7501046, at *1. Trademark rights registered in the United States are enforceable, whether or not some judges deem their enforcement a "cottage industry". *Id.* Additionally, complaints are not filed by the "Plaintiff's Bar". Complaints are filed by plaintiffs whose rights have been infringed.

8

### 1. The Location Of Plaintiff's Business Was Never Material To Any Of The Relief Requested By Plaintiff In This Case.

This Court opined that the Plaintiff's representation that it had a principle place of business in Chicago, Illinois was fraud on the court and that if the Court had "known the truth" that the Plaintiff was based in Vietnam, it might have done some something differently. Op. at p. 27. The facts demonstrate that the Court "knew the truth", and it granted the TRO and preliminary injunction in light of those facts. Indeed, this Court continues to maintain jurisdiction over this case despite the Plaintiff's alleged "fraud." These two facts cannot be reconciled: either (1) the Plaintiff did not commit fraud and the Court has jurisdiction, or (2) the Plaintiff committed fraud and the Court lacks jurisdiction. The two determinations cannot co-exist.

The Plaintiff stated that it had a principle place of business in Chicago, Illinois, the site of its longtime U.S. agent, Universal Corporate Services LLC ("UCS"). PMJ PLLC believed that the Plaintiff had a good faith argument that a company can have more than one principle place of business, and that the Plaintiff's activities in the united States, which included the formation and documentation of an LLC, the management of its tax filings, registration of its Trademarks, and the opening (and closing) of U.S. bank accounts in Chicago, Illinois could establish a principal place of business in this case. At the hearing on the Plaintiff's motion for a preliminary injunction, PMJ PLLC informed the Court that the Plaintiff was based in Hanoi, Vietnam, and that it had no employees in the United States. If the Court disagreed that Chicago, Illinois could serve as a principle place of business of the Plaintiff it would have said so, and the Plaintiff would have amended the Complaint. It would not have made any difference to the adjudication of this case.

The Court did not sanction the Plaintiff or PMJ PLLC for taking the position that the Plaintiff maintained a place of business in Chicago, Illinois. The Plaintiff's location was known to the Court, and it made no difference – *it was immaterial*. Jurisdiction and venue were based entirely

on the Defendants choice to sell counterfeit products to consumers located in the Northern District of Illinois. *BRABUS*, 2022 WL 7501046, at *1.

### 2. The Plaintiff's Claims Against RTL Were Not And Are Not Frivolous.

The Plaintiff brought three Counts against RTL: (1) federal trademark counterfeiting and infringement, (2) unfair competition and false designation of origin, and (3) violation of the Illinois uniform deceptive trade practices act. For reasons that are not clear and were not articulated in the Opinion, this Court focused only on Count I, and decided that Plaintiff's theory of liability for trademark infringement against RTL was "frivolous". This Court did not consider the Plaintiff's other claims, RTL's alleged use of the Plaintiff's trademark via "metadata tags", or the fact that no discovery had taken place. *See* Op., at p. 8, n.2 (declining to address Plaintiff's arguments "at length").

The Plaintiff had and has a good faith basis to allege that RTL used its trademark in metadata tags so that consumers searching online for genuine Flagwix products would find RTL's counterfeit flag. Using the Flagwix trademark as a "tag" to attract consumers is a "use" of the Plaintiff's trademark, which this Court did not give any weight. Additionally, the Court did not initially dismiss the Plaintiff's claims against RTL in February 2022, indicating that it did not find the Plaintiff's theory of liability "frivolous". Why now, more than a year-and-a-half later, this Court finds that theory "frivolous" is curious. What does this Court know now that the presiding Court did not know then? All of the evidence that has come forward indicates that RTL lied to the Court, is and was a business operated overseas that infringed the Plaintiff's trademark, and when confronted with the evidence, absconded with the proceeds. Yet, RTL is somehow not the subject of sanctions.

10

Where RTL obtained the "Oner Nation Under God" image[1] that it advertised for sale is unknown, because no discovery was conducted during PMJ's representation of the Plaintiff. Whether RTL purchased counterfeit goods from a AliExpress wholesaler, which provided the images, and the metadata is also unknown. What is known is that:

- RTL immediately deleted the image from its website after it was served with the Complaint and summons;

- RTL did not respond to discovery requests seeking the metadata that Plaintiff alleged violated its trademark; and

- When the Court dissolved the preliminary injunction with respect to RTL, RTL immediately transferred more than $1,000,000 out of its PayPal account, *i.e.*, RTL absconded with funds, just as the Plaintiff alleged overseas-based Defendants would do.

*See* Exhibit D. Each of these facts are consistent with the actions of an overseas counterfeiter.

This Court speculated that if PMJ PLLC had listed Hanoi, Vietnam as the Plaintiff principal place of business, the Court might have been less likely to grant the TRO. *See* Op., at p.27. This is demonstrably untrue. The location of the Plaintiff's business was never a factor in the Plaintiff's request for issuance of the TRO or the Court's decision to grant it. In fact, even after the Plaintiff informed the Court that the Plaintiff was based in Hanoi, Vietnam, the Court converted the TRO into a preliminary injunction, and this Court granted the Plaintiff's motion for leave to amend the Complaint. Simply put, the Plaintiff's location did not make a difference at any point in this case – *it was immaterial*.

---

[1] The stripes on the American flag have, at best, been poorly altered. RTL did not even take the time to match the stipes to the wrinkles in the American flag. The images within the image have been moved slightly, but anyone looking at the two images would assume that they came from the same place of origin.

### 3. The Plaintiff Had A Good Faith Basis For Asserting That RTL Is And Was Based Overseas.

The Plaintiff's investigation of RTL led it to conclude that RTL likely was an overseas company masquerading as a U.S.-based company to lend credibility and trust from consumers. *See* Affidavit of Sarah M. Beaujour, attached as Exhibit E. All of the evidence indicates that the Plaintiff's allegation that RTL is an overseas business was correct. Prior to filing this case, the Plaintiff and its counsel reviewed hundreds of websites and RTL's website has all of the hallmarks of an overseas online retailer. *Id.* Its products are generic products that anyone can purchase and drop-ship from AliExpress. Its flags are indistinguishable from Flagwix's flags and the flags of scores of the other Defendants sold clearly displaying Flagwix trademark and clearly were located in Southeast Asia. A reasonable person comparing RTL's flags to those protected Flagwix's trademark likely would be confused regarding the origin of RTL's flags, and might reasonably assume that RTL was a distributor for Flagwix flags.

Like other overseas counterfeiters, RTL uses a generic website layout provided by Shopify. RTL uses a template to display its flags consisting of a flagpole leaning slightly to the right before a cloudy sky at twilight, similar to that used by Flagwix and the other Defendants. *See* Exhibit B (current RTL "God Guns and Trump Make America Great Again", alongside similar flags). When viewing RTL's website alongside the websites of overseas Defendants who were clearly infringing Flagwix's trademark, one cannot help but presume that RTL is, like all of the other Defendants, a basic ecommerce website operated by individuals located overseas.

Many of the other Defendants who clearly are based in China maintained virtual address in the United States, U.S. phone numbers, and U.S. based LLCs to operate their counterfeiting operations. So, the declaration of Reginald Jennings proves nothing. But it is interest for what it does not declare – **it does not declare that RTL's business is based in the United States**. That

would be a pretty easy declaration to make if it were true, especially when you are trying to provide proof to the Court that your company is based in the United States. Apparently, the Plaintiff has since discovered that RTL holds itself out on Facebook as being based in the Philippines. It is also worth noting that when the preliminary injunction was lifted, it immediately transferred nearly all of its funds out of its PayPal account (more than $1,000,000), *see* Exhibit D, just as the Plaintiff warned the Court that overseas sellers might do if their assets were not restrained.

Simply put: Jones's representation to the Court that RTL's business operations were located overseas appears to have been dead on, not sanctionable and certainly not fraud on the Court. Can a statement that is proven true constitute "fraud"? It doesn't seem likely. Nonetheless, if Jones was wrong, he was wrong. Because no discovery was ever exchanged, neither the Plaintiff or the Court will ever know whether RTL is based in Connecticut, or what seems more likely, the Philippines. In any event, even if Jones was wrong (which seems highly unlikely), being wrong is not a violation of Rule 11.

### 4. Plaintiff's Service On The Defendants Was Effective, Reviewed, And Approved By The Court.

This Court determined that the Plaintiff's Certificate of Service, dated January 10, 2022, was fraudulent because it stated that it only "authorized" PayPal.com to provide information to the Defendants. Order, at p.36. This argument appears to confuse the December 22, 2021 email sent to PayPal with the January 16, 2022 email sent directly to the Defendants. PayPal and other ecommerce platforms requested "authorization" to provide information and documented about the case to its customers; PMJ PLLC granted them "authorization" to provide that information. Perhaps PMJ PLLV could have been more forceful with its language, but this in no way supports a finding of such a serious charge as "fraud on the Court".

In any event, as of January 10, 2022, PayPal had not provided PMJ PLLC with contact

13

information for the Defendants. Plaintiff, however, had collected email addresses for each of the PayPal Defendants and informed PMJ PLLC that it would serve them. *See* Exhibit A, at ¶16. PMJ PLLC assumed that they had been served. On January 16, 2022, PMJ PLLC discovered that the Plaintiff did not serve the PayPal Defendants. *Id.* PMJ PLLC, now in possession of the email addresses for each of the Defendants, immediately serve the PayPal Defendants and file the Amended Certificate of Service. Neither certificate of service is fraudulent, the initial certificate was inaccurate, an inaccuracy that PMJ PLLC cured immediately on January 16, 2022, when it was discovered. The Court was fully informed about the error and the subsequent steps taken by PMJ PLLC to cure the mistake, when it granted the motion for a preliminary injunction. Imposing sanctions more than a year later is a patent misunderstanding of what actually took place in January 2022.

## CONCLUSION

**WHEREFORE**, PMJ PLLC respectfully request that this Court vacate its Memorandum Opinion and Order granting sanctions against PMJ PLLC or, at a minimum, schedule an in-person hearing so that PMJ PLLC may address this Court's concerns regarding the proceedings that took place before the Court over one year ago.

Respectfully submitted,

By: /s/ Patrick M. Jones
      Former Managing Member of
      PMJ PLLC

Patrick M. Jones
Willis Tower
233 South Wacker Drive, 44th Floor
Chicago, Illinois 60606
Tel: (312) 301-0100
Email: pjones@aegislaw.com

## CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing to be served on the following via electronic mail and the Court's ECF system on October 3, 2023.

Brian J. Beck
ZUBER LAWLER LLP
135 S. LaSalle St., Suite 4250
Chicago, Illinois 60603
Email: bbeck@zuberlawler.com

*Counsel for RJITSCT LLC d/b/a Respect The Look*

Lena Bacani
Los Angeles, CA
515 S. Flower Street,
36th Floor
Los Angeles, California 90071
Email: lena.bacani@lozaip.com

*Counsel to the Plaintiff*