**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Expeditee LLC., | |
| *Plaintiff*, | |
| v. | |
| THE ENTITIES listed on EXHIBIT 1, | |
| *Defendants*, | Case No.: 1:21-cv-6237 |
| | Judge Lindsay C. Jenkins |
| RJITSCT LLC d/b/a Respect The Look, | <u>Jury Trial Demanded</u> |
| *Counterclaim-Plaintiff*, | |
| v. | |
| Expeditee LLC, | |
| *Counterclaim-Defendant.* | |

**DEFENDANT RJITSCT LLC D/B/A RESPECT THE LOOK'S STATEMENT IN**
**SUPPORT OF ITS ATTORNEY FEE CLAIM UNDER THE COURT'S ORDER**
**GRANTING SANCTIONS AND 15 U.S.C. § 1117(a).**

Pursuant to the Court's Order of September 6, 2023 (Dkt. No. 121), Defendant RJITSCT LLC d/b/a Respect The Look ("Respect The Look") hereby submits an itemization of its fees and costs to determine the fee award in this case, together with a statement explaining why it should be considered the prevailing party pursuant to 15 U.S.C. § 1117(a) and awarded its full attorney's fees and costs incurred in defending against Plaintiff's claims.

## I.      Itemization of Fees and Costs

In support of its claim for attorney's fees and costs, Respect The Look submits the attached Declaration of Brian J. Beck ("Beck Decl.") with its invoices to Respect The Look attached as Exhibit 1. Not including work done on this fee claim or work done on its counterclaim, Respect The Look has incurred a total of $51,818.00 in attorney's fees and $5,891.28 in expenses, broken down by category as follows, not including time spent on this fee statement or time that will be spent responding to Mr. Jones's recently field motion for reconsideration:

| Stage of Case | Attorney's Fees | Costs |
|---|---|---|
| Defense of preliminary injunction and motion to dissolve TRO | $9,230.80 | $420.26 |
| Respect The Look's Motion for Sanctions | $15,989.20 | $2,408.74 |
| Respect The Look's Motion to Dismiss and for Summary Judgment | $14,428.40 | $812.66 |
| Respect The Look's Opposition to Plaintiff's Motion for Leave to Amend | $5,902.20 | $2,249.62 |
| Preparation for and appearances at status hearings; and preparation of status reports | $4,152.40 | $0 |
| Discovery | $2,115.00 | $0 |
| Total | $51,818.00 | $5,891.28 |

Beck Decl. at ¶ 7. Due to the speed of filing and the similarity of the issues involved, the time spent on the counterclaim was not separated from time entries for defense of the preliminary injunction and the motion to dissolve the TRO; however, the time spent on the counterclaim was a relatively small fraction of that work, estimated at no more than four hours total. Beck Decl. at ¶ 3. Those four hours have already been subtracted from the applicable time entries, resulting in the $9,230.80 in attorney's fees for opposing Plaintiff's motion for preliminary injunction in the above table.

Almost all work on this case was done by Brian Beck at an hourly rate of $450/hour. Beck Decl., Ex. 1. At the time the work on this litigation was performed, Mr. Beck was a senior associate with over 13 years of litigation experience; he was promoted to partner in January 2023. Beck Decl. at ¶ 4. His standard rate in January of 2022 was $500/hour; the $450/hour rate charged to Respect The Look was discounted in view of Respect The Look's small business status. Beck Decl. at ¶ 5. Over the history of the engagement, Respect The Look has paid $26,000 towards its accrued fees, and has not objected to any of its bills. Beck Decl. at ¶ 8.

## II.     Respect The Look's Entitlement to Its Accrued Attorney's Fees and Costs

Respect The Look's accrued fees and costs fall into three categories: (1) attorney's fees and costs accrued defending against Plaintiff's motion for preliminary injunction and in moving to dissolve the TRO; (2) attorney's fees and costs accrued pursuing its successful motion for sanctions; and (3) attorney's fees and costs accrued defending against Plaintiff's claims after the denial of Plaintiff's motion for preliminary injunction. Respect The Look's entitlement to each category of fees is addressed separately.

A.      **Respect The Look is entitled to its fees and costs incurred in moving to dissolve the TRO and in defending against Plaintiff's motion for preliminary injunction.**

The Court has already awarded Respect The Look its "reasonable attorney's fees and costs incurred in vacating the TRO and defending the motion for preliminary injunction." Dkt. No. 122 at 44. Zuber Lawler's attorney's fees and costs in defending the motion for preliminary injunction are reasonable and should be awarded in full, in the amount of $9,230.80 in costs and $420.06 in expenses.

As set forth in Zuber Lawler's January 2022 invoice (Beck Decl., Ex. 1), Mr. Beck spent a total of 14.9 hours on January 12, 13, and 14 investigating the complaint, and researching and drafting its motion to dissolve the TRO, opposition to the motion for preliminary injunction, and counterclaim. Beck Decl., Ex. 1. Mr. Beck estimates that approximately 4 hours of that time was spent drafting the counterclaim, which may be deducted from the fee award. Beck Decl. at ¶ 3. A total of 10.9 hours spent researching and drafting a thorough opposition to a motion for preliminary injunction and motion to dissolve a TRO is certainly reasonable, as is the 4.2 hours spent by paralegal Mimi Medalle in assisting with the filing (Beck Decl., Ex. 1). Mr. Beck's rate of $450/hour is, if anything, low; this Court has authorized fee awards to experienced intellectual property litigators at more than double that rate. *See Matlin v. Spin Master Corp.*, No. 17-cv-7706, 2019 WL 13247924, at *3 (N.D. Ill. Dec. 10, 2019) (authorizing fee award based on lead counsel's effective hourly billable rate ranging from $973 to $1,092 in 2019, where lead counsel was an intellectual property litigator with 28 years of litigation experience).

Mr. Beck then spent an additional 2 hours on supplemental filings responding to last-minute additional filings from Plaintiff on January 16 and 17, and spent 3.9 hours on January 18, 2022 preparing for and appearing at the preliminary injunction hearing, followed by quickly researching and drafting the supplemental brief requested by the Court. (Beck Decl., Ex. 1). The

Court continued the preliminary injunction hearing until January 20, 2022, at which he spent another 1.6 hours preparing for and attending the hearing, and then drafting a settlement demand letter in an attempt to resolve the case. *Id.* Zuber Lawler also incurred $420.06 in expenses, all of which were incurred in ordering transcripts of the hearings. *Id.*

All these time entries are reasonable, as is Mr. Beck's billing rate. Respect The Look has paid this invoice in full. Beck Decl. at ¶ 8. The Court should accordingly find the $9,230.80 in costs and $420.06 in expenses reasonable and award them to Respect The Look in full.

**B.      Respect The Look is entitled to its fees and costs incurred in moving for sanctions.**

Following the hearing, the Court invited Respect The Look to file a renewed motion for sanctions, which was briefed in full. Respect The Look incurred $9,360 in attorney's fees in researching, drafting, and filing its renewed motion for sanctions, and $6,629.20 in researching, drafting, and filing its reply brief. Beck Decl. at ¶ 7, Ex. 1. Respect The Look also incurred $2,408.74 in legal research expenses in preparing these briefs. *Id.* These costs are reasonable and should also be awarded to Respect The Look (along with any additional fees and costs incurred in preparing this fee claim statement and in responding to Mr. Jones's recently filed motion for reconsideration).

Fees and costs incurred in pursuing sanctions are recoverable as part of the sanctions award. In *Brandt v. Schal Associates, Inc.*, 960 F.2d 640, 649-51 (7th Cir. 1992), the Seventh Circuit held that a party who succeeds on a Rule 11 motion may be awarded the fees the movant incurred in pursuing the motion in the District Court. The Seventh Circuit explained that "[i]f the Rule 11 movant did not have any hope of recovering the costs of bringing a meritorious Rule 11 motion unless the district court made a separate finding that opposition to the Rule 11 motion was frivolous, then an aggrieved litigant would be dissuaded from moving for Rule 11 sanctions.

This would undermine the deterrence goal of Rule 11." *Id.* at 650. The Seventh Circuit's analysis matches this Court's analysis of this case, explaining that an award of attorney's fees is proper to incentivize defendants to bring a fraud on the court to the Court's attention:

> If plaintiffs or their attorneys commit fraud on the Court or misrepresent the facts to obtain preliminary injunctive relief, it will be difficult to detect and sanction misconduct without the participation of attorneys on the other side. It is necessary to incentivize defendants to do what Respect the Look did here: hire a lawyer, defend its interests on an expedited basis, and bring deception to the Court's attention. Awarding attorney's fees provides this incentive because it makes fighting rather than giving up a more financially viable choice."

Dkt. No. 122 at 40. Here, in significant part due to Plaintiff's continued pursuit of its lawsuit and aggressive but meritless defense of its actions, Respect The Look was forced to incur more in fees to pursue its sanctions motion than it incurred in defending the original preliminary injunction motion. It would defeat this Court's intent in awarding attorney's fees, in addition to being simply unfair, if Respect The Look were forced to take a net loss to bring Plaintiff's and its former counsel's deception to the Court's attention.

Following the reasoning in *Brandt*, this Court has frequently held that a party who obtains an attorney's fee award as sanctions should also be awarded the fees incurred in making the motion for sanctions. *See, e.g., Vega v. Chicago Park District,* No. 13-cv-451, 2020 WL 7690178, at *6 (N.D. Ill. Nov. 19, 2020); *Matlin*, 2019 WL 13247924, at *3; *Noga v. Kimco Corp.*, No. 96-cv-6108, 1998 WL 9127, at *3 (N.D. Ill. Jan. 6, 1998). In *Vega* in particular, this Court explained that fees-on-fees are particularly appropriate where the party being sanctioned causes the moving party to incur additional fees by deepening and complicating the matter with additional filings. 2020 WL 7690178, at *6. This Court already recognized in its order imposing sanctions that Plaintiff has unnecessarily multiplied proceedings here by continuing to stand by its frivolous and unsupported positions even after the flaws in Plaintiff's claim were brought to Plaintiff's former counsel's attention. Dkt. No. 122 at 16-18. Indeed, Plaintiff's former counsel

Mr. Jones still continues to force Respect The Look to incur additional fees, as he has now filed a frivolous motion for reconsideration that will require Respect The Look to incur even more fees to respond to it. Dkt. No. 125 (PMJ's Motion for Reconsideration); Dkt. No. 126 (minute order requiring Respect The Look to file its opposition to the motion for reconsideration by October 25, 2023). Where Plaintiff's and its former counsel's actions have forced Respect The Look to continue incurring attorney fees to bring their misconduct to the Court's attention, the Court should, as part of its sanctions award, make Respect The Look whole by awarding the fees it was forced to incur to bring and defend its sanctions motion (which includes the $15,989.20 in fees and $2,408.74 in costs incurred in pursuing its motion for sanctions, in addition to any additional fees Respect The Look has incurred in preparing this statement and will incur in opposing PMJ's Motion for Reconsideration[1]).

These sanctions should be awarded jointly and severally against Plaintiff and PMJ/Patrick Jones. In his motion for reconsideration, Mr. Jones stated that his former firm, PMJ PLLC, is no longer in business. Dkt. No. 125 at ¶ 6. The Court has already found that it is appropriate to sanction both Plaintiff and Mr. Jones to make Respect The Look whole (Dkt. No. 122 at 41); as a result of PMJ's dissolution, if sanctions are not applied jointly and severally, there is a possibility that Respect The Look will be unable to collect its deserved compensation from Mr. Jones.

### C. Respect The Look is entitled to its fees and costs incurred in defending against Plaintiff's complaint.

---

[1] To avoid piecemeal additional filing, Respect The Look will file a supplemental declaration setting forth its fees and costs incurred in preparing this fee statement and in opposing Mr. Jones's motion for reconsideration as an exhibit to its opposition to the motion for reconsideration, which is currently due on October 25, 2023.

Respect The Look has also incurred a total of $26,598.00 of attorney's fees and $3,062.28 in costs in defending this lawsuit, mainly in (1) filing its motion to dismiss and for summary judgment, and (2) responding to Plaintiff's motion for leave to amend. Beck Decl. at ¶ 7, Ex. 1.These fees and costs are reasonable, were necessitated by Plaintiff's manner of litigating this case, and should be awarded under 15 U.S.C. § 1117(a).

The Lanham Act provides that in a civil action for trademark infringement, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Thus, for the Court to award attorney fees here under the Lanham Act, the Court must find that Respect The Look was the "prevailing party" and that this is an "exceptional case[]."

Respect The Look is the "prevailing party" because the Court has dismissed Plaintiff's complaint against Respect The Look with prejudice. The term "prevailing party" is "'a legal term of art," which signifies that a party has "been granted relief by a court." *T.D. v. LaGrange School Dist. No. 102*, 349 F.3d 469, 474 (7th Cir. 2003) (citing *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources*, 532 U.S. 598, 603 (2001)). The Seventh Circuit explained in *T.D.* that the term "prevailing party" is interpreted consistently across statutory fee-shifting provisions. 349 F.3d at 475. This Court has accordingly held that a dismissal with prejudice in a trademark infringement lawsuit is a form of legal relief that means that the defendant is the "prevailing party" under 15 U.S.C. § 1117(a). *See, e.g., Madison Street Properties, LLC v. Marcus Corp.*, No. 20-cv-50471, 2023 WL 2915620, at *4 (N.D. Ill. Apr. 12, 2023); *Milwaukee Elec. Tool Corp. v. Robert Bosch Tool Corp.*, No. 05-cv-1171, 2007 WL 2875232, at *2 (N.D. Ill. Sept. 28, 2007); *Illinois Tool Works, Inc. v. Chester Bros. Machined Products, Inc.*, No. 05-cv-5002, 2007 WL 2278448, at *3 (N.D. Ill. Aug. 6, 2007); *Sunmark, Inc. v. Ocean Spray Cranberries, Inc.*, No. 93-cv-6174, 1996 WL 392154, at *2-*3 (N.D. Ill. July 11,

1996). Several of these cases, such as *Illinois Tool Works* and *Sunmark*, hold that a voluntary dismissal with prejudice by the plaintiff renders the defendant a "prevailing party"; *a fortiori*, an involuntary dismissal with prejudice of the complaint over the plaintiff's objections must render the defendant a "prevailing party," even if the reason for dismissal is as a sanction rather than a judgment based on the merits of the complaint.

Logic and fairness also dictate that Respect The Look is a prevailing party due to the Court's imposition of terminating sanctions. Respect The Look filed a motion for summary judgment that, if granted, would have indisputably made Respect The Look the prevailing party. Dkt. No. 70. The Court did not reach Respect The Look's motion for summary judgment due to its imposition of terminating sanctions, denying the motion as moot. Dkt. No. 122 at 43. If the Court were to hold that Respect The Look is not the prevailing party, it would be effectively punishing Respect The Look for filing a successful motion for sanctions that had the result of mooting its motion for summary judgment while obtaining identical relief to that sought in its motion for summary judgment (the dismissal of Plaintiff's complaint with prejudice). That surely cannot have been the Court's intent in granting Respect The Look's motion for sanctions.

There can be no question that this is an "exceptional case" that should result in an award of attorney's fees under 15 U.S.C. § 1117(a). An "exceptional" case under the Lanham Act "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *LHO Chicago River, L.L.C. v. Perillo*, 942 F.3d 384, 386, 388 (7th Cir. 2019) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)). As the Court recognized, "[d]ismissal with prejudice is a 'draconian' sanction" that should rarely be imposed; the fact that the Court determined that

dismissal with prejudice is appropriate here as a sanction for Plaintiff's misconduct and that "[n]o lesser sanction would be appropriate" necessitates a finding that this case "stands out from others with respect to the substantive strength of [Plaintiff's] litigating position" and "the unreasonable manner in which the case was litigated." *See* Dkt. No. 122 at 41-42. This Court has awarded fees for exceptional cases in substantially less egregious situations, such as *Direct Fitness Solutions, LLC v. Direct Fitness Solutions, LLC*, 281 F. Supp. 3d 697, 701 (N.D. Ill. 2017) (plaintiff sanctioned for sending frivolous cease-and-desist letter and then filing suit without any basis for personal jurisdiction); and *S. Indus., Inc. v. Diamond Multimedia Sys., Inc.*, 17 F. Supp. 2d 775, 778 (N.D. Ill. 1998) (plaintiff sanctioned for filing frivolous trademark litigation, but without the use of an *ex parte* TRO.) If a case in which the plaintiff's complaint was dismissed with prejudice and plaintiff and its counsel sanctioned for committing a fraud on the court is not "exceptional," then no case is exceptional.

Respect The Look's fees incurred in defending against Plaintiff's lawsuit are reasonable and should be awarded; they were entirely necessitated by Plaintiff's insistence on continuing its lawsuit even after its claims were proven to be meritless at the preliminary injunction stage. They consist of $14,428.40 in fees and $812.66 in costs to file a motion to dismiss and for summary judgment, $5,902.20 in fees and $2,249.62 in costs to oppose Plaintiff's motion for leave to amend, $2,115 in preparing discovery requests and conferring regarding discovery at this Court's direction (*see* Dkt. No. 90); and $4,152.40 in fees for appearing at status hearings and preparing status reports over the course of this litigation. Beck Decl. at ¶ 7, Ex. 1. Respect The Look could not have avoided any of these fees; it was required to respond to the complaint, to oppose Plaintiff's motion for leave to amend, to confer with Plaintiff regarding discovery, and to attend

the Court's status hearings. The Court should accordingly award Respect The Look all its

attorney's fees and costs incurred in defending against Plaintiff's complaint.

## CONCLUSION

For the reasons stated above, Respect The Look respectfully requests that the Court

award it the following:

- $9,230.80 in attorney's fees and $420.26 in costs incurred in defending against Plaintiff's motions for preliminary injunction and for a temporary restraining order, imposed jointly and severally against Plaintiff and its former counsel Mr. Jones.

- $15,989.20 in attorney's fees and $2,408.74 in costs incurred in pursuing its motion for sanctions, plus any additional attorney's fees and costs incurred in filing this fee statement and in responding to Mr. Jones's motion for reconsideration (Respect The Look will submit a supplemental declaration setting forth those additional fees and costs with its response to Mr. Jones's motion on October 25, 2023), imposed jointly and severally against Plaintiff and its former counsel Mr. Jones.

- $26,598.00 in attorney's fees and $3,062.28 in costs incurred in defending against Plaintiff's complaint not already captured by the two previous categories under 15 U.S.C. § 1117(a), imposed against Plaintiff.

Respectfully submitted,

RJITSCT LLC d/b/a Respect The Look

Dated: October 6, 2023     By: _/s/ Brian J. Beck_

Brian J. Beck
ZUBER LAWLER & DEL DUCA LLP
135 S. LaSalle Street, Suite 4250
Chicago, Illinois 60603
(312) 346-1100
(213) 596-5621 (fax)

Counsel for Defendant and
Counterclaim-Plaintiff
RJITSCT LLC d/b/a Respect The Look

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2023, a copy of the foregoing was served on counsel of record by electronic means pursuant to the court's Electronic Case Filing (ECF) system.

*/s/ Brian J. Beck*