# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| EXPEDITEE, LLC, | : | Case No.: 1:21-cv-06237 |
| Plaintiff, | : | |
| vs. | : | **PLAINTIFF EXPEDITEE LLC'S OPPOSITION TO RJITSCT LLC'S STATEMENT IN SUPPORT OF FEE CLAIM** |
| THE ENTITIES listed on EXHIBIT 1, | : | |
| Defendants. | : | |
| _____ | : | District Judge Lindsay C. Jenkins |
| RJITSCT LLC d/b/a/ Respect The Look, | : | |
| Counterclaimant, | : | |
| vs. | : | |
| EXPEDITEE LLC, | : | |
| Counter-defendant. | : | |

I.   INTRODUCTION AND BACKGROUND

Expeditee files this Opposition to RJITSCT's Statement in Support of its Attorney Fee Claim under the Court's Order Granting Sanctions against Expeditee and its former counsel, PMJ ("Fee Statement"). (Dkt. 127.) With the exception of its counterclaims, which RJITSCT alleges it deducted from its Fee Statement despite lack of detailed records identifying actual time spent, RJITSCT now seeks reimbursement of all fees and costs incurred in this action. (Dkt. 127 at 1.) RJITSCT's demand is contrary to the Court's Order, excessive and grossly unfair to Expeditee.

In its September 6, 2023 Order ("Order," Dkt. 122), the Court found that "misbehavior here occurred during the TRO and preliminary injunction proceedings" and awarded "attorney's fees and costs to reimburse Respect the Look for fees and costs incurred while litigating those two motions." (Order at 41.) The Court did not award fees for RJITSCT's motion for summary judgment (which was filed prematurely and denied as moot), sanctions motion, settlement correspondence, counterclaims or other activities. (Order at 44.) Therefore, RJITSCT's demand for these other expenses should be denied.

RJITSCT was explicit and careful in its Renewed Motion for Sanctions to limit the inquiry to conduct that occurred before or at the TRO and preliminary injunction proceedings. (Dkt. 79 at 1-3.) The reason for this is clear. There can be no doubt that RJITSCT infringed Expeditee's intellectual property rights. (*See,* Pl.'s Opp'n to Sanctions Mot. (Dkt. 98) at 2-3.) RJITSCT cloned Expeditee's flag designs, but more than that, copied Expeditee's advertisements, which featured its copyrighted "One Nation Under God" flag (but with the FLAGWIX trademark blurred or cropped) and copyrighted house photograph. (*See id.*) An example is shown below.



The merits of Expeditee's infringement allegations, including its trademark infringement and false designation of origin claims based on RJITSCT's use of metatags, have never been addressed.[1] Expeditee's former counsel, PMJ, did not raise these issues at the PI hearing and RJITSCT had, by the time of the hearing, already removed its online advertisements and web pages for the accused products, preventing additional discovery on this issue. (Dkt. 98 at 9.) Because there has been no determination on the merits, RJITSCT is not a prevailing party under 15 U.S.C. §1117(a).

There is also no evidence supporting RJITSCT's argument that Expeditee's claims for trade dress and copyright infringement are frivolous. RJITSCT's demand for reimbursement of

---

[1] In light of the Court's Order excluding RJITSCT from Expeditee's First Amended Complaint, RJITSCT's infringement may never be addressed.

expenses incurred while defending against Expeditee's meritorious claims, such as RJITSCT's opposition to Expeditee's Motion for Leave to Amend its Complaint, is also improper.

In addition, RJITSCT's demand that fees be awarded jointly and severally against Expeditee and its former counsel, PMJ, is directly contrary to the Court's Order which held that Expeditee cannot be liable for prior counsel's assertions of trademark infringement at the TRO and preliminary injunction. (*See,* Dkt. 122 at 36 ("Unlike other grounds for sanctions, the Court will not impose monetary sanctions on Expeditee for this conduct because it was represented by counsel."), citing Fed. R. Civ. P. 11(c)(5)(A).)

Expeditee's reliance on counsel should not be a cause for imposing monetary sanctions against Expeditee. Nor should RJITSCT profit from its unlawful conduct because of mistakes made by PMJ at the TRO and preliminary injunction ("PI") hearing. Once Expeditee became aware of the issues, Expeditee hired new counsel and moved to amend its complaint against RJITSCT to allege claims for trade dress and copyright infringement. RJITSCT opposed Expeditee's Motion to Amend and all other attempts to get to the merits of Expeditee's claims that RJITSCT had stolen Expeditee's intellectual property rights. The Court has severely sanctioned Expeditee for trusting its former counsel – dismissing Expeditee's trademark infringement claims and preventing Expeditee from bringing affirmative trade dress and copyright infringement claims against RJITSCT in its amended complaint. It would be an abuse of discretion to impose additional sanctions on Expeditee for its good faith attempts to enforce its IP rights against RJITSCT's clear infringement.

    **II.**     **ARGUMENT**

Any sanctions imposed pursuant to the court's inherent authority must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith. *See Chambers,* 501 U.S. at 50; *Secrease v. Western & Southern Life Ins. Co.*, 800 F.3d 397, 401-02 (7th Cir. 2015); *Trade Well Int'l v. United Cent. Bank*, 778 F.3d 620, 626 (7th Cir. 2015) (holding that negligence is insufficient to support a finding of bad faith).

In its Order, the Court awarded "Respect the Look *reasonable attorney's fees incurred in vacating the TRO and defending the motion for preliminary injunction*." (Order at 44 (emphasis added).) The Court based its Order on its finding that "misbehavior here occurred during the TRO and preliminary injunction proceedings" *(Id.* at 41.) Additionally, the Court dismissed Expeditee's claims against RJITSCT with prejudice and denied RJITSCT's motions to dismiss, for summary judgment and for attorneys' fees. (*Id.* at 43.) The Court further stated that RJITSCT "must provide the Court with an itemization of fees and costs that contains sufficient billing information to determine a proper award, which will ultimately be allocated between Expeditee and its counsel." (*Id.* at 44.)

In response, RJITSCT submitted a Fee Statement seeking reimbursement of *all costs and fees* incurred in the litigation, with the exception of an estimate of time spent on RJITSCT's counterclaims. (Dkt. 127 at 2.) Such relief goes far beyond that ordered by the Court and is excessive, unwarranted and contrary to law.

### A. Any Fees Should Be Limited to Fees and Costs Incurred in the TRO and PI Proceedings as Ordered by the Court

The Court's Order awards RJITSCT its "reasonable attorney's fees and costs incurred in vacating the TRO and defending the motion for preliminary injunction." (Dkt. 122 at 44.) RJITSCT's Fee Statement estimates those expenses to be $9,230.80 in fees and $420.06 in costs, for a total of $9,650.86. (Dkt. 127 at 2.)

RJITSCT admits that its time entries were not detailed enough to allow it to separate attorney time spent on its counterclaims from that spent on the TRO, but estimates that only 4 hours were spent on drafting counterclaims. (Dkt. 127 at 3.) Given the lack of detail in the invoices, Expeditee has no way of knowing if RJITSCT's statement is true. However, even assuming that only 4 hours were spent, RJITSCT's demand for $9,650.89 in expenses associated with the TRO/PI proceedings is still too high.

RJITSCT should not be awarded fees spent in drafting its unsuccessful opposition to Expeditee's motion to continue the PI hearing. The Court granted Expeditee's motion over

RJITSCT's opposition, and the expense of such a motion ($405) could have easily been avoided had RJITSCT stipulated to the short extension request. With this reduction, RJITSCT's expenses for the TRO/PI proceedings amount to no more than $9,245.89.[2] (19 hrs x $450 = $8,550 BB) (4.6 hrs x $148 = $680.8).

### B. RJITSCT is Not Entitled to Fees Incurred in Moving for Sanctions

RJITSCT seeks over $18,397.94 in fees associated with its Renewed Motion for Sanctions ("Sanctions Motion") and undisclosed costs incurred in preparing the Fee Statement and responding to PMJ's motion for reconsideration. (Dkt. 127 at 4.) RJITSCT also argues that such fees should be awarded "jointly and severally against Plaintiff and PMJ/Patrick Jones." (*Id.* at 6.) RJITSCT's demand for these fees should be denied.

RJITSCT's Sanctions Motion expressly sought "reasonable fees and costs incurred in moving to dissolve the TRO and opposing the motion for preliminary injunction." (*See,* Dkt. 79 at 10.) RJITSCT did not expressly seek fees for drafting the Sanctions Motion or any of the other fees it now demands. (*Id.*) In addition, the Court's Order did not award any of these fees and costs, making the award of such fees improper. *See, Cambridge Toxicology Grp., Inc. v. Exnicios,* 495 F.3d 169, 181 (5th Cir. 2007), distinguishing *Brandt v. Schal Assocs., Inc.,* 960 F.2d 640, 649 (7th Cir. 1992), relied on by RJITSCT. (Dkt. 127 at 4.) In *Cambridge,* the court denied fees and costs of almost $2,500 for the preparation and prosecution of the motion for sanctions because, like RJITSCT here, "the defendants did not seek fees and costs for the prosecution of the motion for sanctions in the motion itself, and the District Court's [referral] order is silent regarding that." The Court rejected defendants' argument that the reduction was improper because they were not required to refer to these costs in their sanctions motion. *Id.* The Court found Defendants' reliance on *Brandt v. Schal Assocs., Inc.*, 960 F.2d 640, 649 (7th Cir.1992) unavailing because it did not involve § 1927 or address whether a request for fees must be brought in the sanctions motion itself.

---

[2] RJITSCT is also not entitled to fees incurred after the TRO/PI proceedings, including those on 3/25, 3/28 and 3/29/2023 related to Court-ordered discussions regarding requested early discovery that RJITSCT refused to provide. (Dkt. 90.) This time has not been added to RJITSCT's fee demand for the TRO/PI category of fees, but is confusingly color-coded gold in Dkt. 127-2 at 9. To the extent RJITSCT demands these fees, the demand is improper.

*Id.*

The other cases cited by RJITSCT are inapposite. RJITSCT argued that *Vega v. Chicago Park District,* No. 13-cv-451, 2020 WL 7690178, at *6 (N.D. Ill. Jan. 6, 1998) supports awarding its fee demand "where the party being sanctioned causes the moving party to incur additional fees by deepening and complicating the matter with additional filings." (Dkt. 127 at 5 (quoting *Vega,* 2020 WL 7690178, at *6).) RJITSCT argues that Expeditee "has unnecessarily multiplied proceedings here by continuing to stand by its frivolous and unsupported positions even after the flaws in Plaintiff's claim were brought to Plaintiff's former counsel's attention." (*Id.*) RJITST cites to the Court's Order (Dkt. 122 at 16-18) and PMJ's pending Motion for Reconsideration (Dkt. 125). RJITSCT's argument is completely without merit.

As detailed in the Court's Order, it is improper to "impose monetary sanctions on Expeditee for this conduct because it was represented by counsel." (Dkt. 122 at 36, citing Fed. R. Civ. P. 11(c)(5)(A).) Therefore, RJITSCT's demand that fees be awarded "jointly and severally" against Expeditee is contrary to law.

In addition, Expeditee did not file the Motion for Reconsideration and it would be improper to require Expeditee to pay RJITSCT's fees and costs responding to that motion. (*See,* Dkt. 125.) Moreover, it was RJITSCT, not Expeditee, that unnecessarily multiplied proceedings by filing motions to dismiss, a premature motion for summary judgment and opposing Expeditee's motion for leave to amend its complaint. Expeditee's motion to amend its complaint was not frivolous and, despite the opportunity to conduct any discovery, clearly presented evidence showing RJITSCT infringed Expeditee's intellectual property rights. (*See,* Dkt. 89; 89-2 at 8-12.)

**C. RJITSCT is Not Entitled to Fees Incurred in Defending Against the Complaint**

RJITSCT argues that it should be awarded $26,598 in attorneys' fees and $3,062.28 in costs it purportedly spent in conjunction with: (1) RJITSCT's motion to dismiss and for summary judgment; and (2) responding to Expeditee's motion for leave to file a First Amended Complaint ("FAC"). (Dkt. 127 at 6.) RJITSCT appears to base its demand on its allegation that it is the "prevailing party" under 15 U.S.C. § 1117(a). (*Id.*) RJITSCT's argument is without merit and the

Court should not award RJITSCT any of these fees.

Attorneys' fees that are imposed as a sanction pursuant to a trial court's inherent authority 'may go no further than to redress the wronged party for losses sustained,' and the court 'may not impose an additional amount as punishment for the sanctioned party's misbehavior." *REXA, Inc. v. Chester,* 42 F.4th 652, 673 (7th Cir. 2022) (quoting *Goodyear Tire & Rubber Co. v. Haeger,* 581 U.S. 101, 108 (2017)). Sanctions for bad faith require "a finding of bad faith, designed to obstruct the judicial process, or a violation of a court order. Mere clumsy lawyering is not enough." *Fuery v. City of Chicago,* 900 F.3d 450, 463-64 (7th Cir. 2018).

The Court's Order limited the fee award to "reasonable attorney's fees incurred in vacating the TRO and defending the motion for preliminary injunction." (Order at 44.) This is based on the Court's finding that "misbehavior here occurred during the TRO and preliminary injunction proceedings." (*Id.* at 41). The Court did not address the merits of Expeditee's claims (which in the TRO/PI included trademark infringement, false designation of origin, unfair competition, and violations of Illinois Uniform Deceptive Trade Practices Act), and instead based its sanction ruling on various statements and omissions made by prior counsel, PMJ. (Dkt. 122 at 26 (PMJ's argument at the PI hearing that Expeditee's principal place of business was in Chicago rather than Vietnam), 30 (PMJ's failure to retract statements made in TRO/PI hearing that RJITSCT is foreign entity); 32-33 (PMJ's admission at PI hearing that RJITSCT never used FLAGWIX mark).) The Court also pointed to PMJ's failure to present evidence and argument in its TRO/PI briefing and hearing regarding RJITSCT's use of the FLAGWIX trademark in metatags in its since-deleted webpages. (*Id.* at 35, n. 10.)

None of the cited statements or omissions are Expeditee's fault. Expeditee tried to do everything right to enforce its valuable IP rights and brought the lawsuit in good faith.[3] Expeditee's managers are not IP attorneys and relied on prior counsel, PMJ, to assert the proper

---

[3] Expeditee's is based in Vietnam but sells its flags in the United States and is incorporated in Delaware, has a registered agent and corporate mail stop in Chicago, sells its products in the United States under the FLAGWIX trademark, and has registered its trademark and copyrights in the United States.

claims using proper procedure. When Expeditee learned of the mistakes, it immediately attempted to correct them by hiring new counsel (Dkt. 73) and seeking leave to amend its complaint. (Dkt. 88.) RJITSCT has alleged that it created the One Nation Under God flag, but that statement is demonstrably false.

RJITSCT argues that the Court's dismissal of Expeditee's trademark infringement claim with prejudice as a terminating sanction qualifies RJITSCT as a prevailing party under Section 1700(a). It does not. None of the cases cited by RJITSCT deal with this factual pattern. RJITSCT does not cite any authority to support its claim, and Expeditee knows of none.

Instead, RJITSCT argues that *if* it had prevailed on its motion for summary judgment, it would then have been the prevailing party. (Dkt. 127 at 8.) But the Court denied RJITSCT's summary judgment as moot. (Dkt. 122 at 43.) Moreover, RJITSCT could not have prevailed on its summary judgment motion, which was premature and filed before discovery had been initiated, much less completed, in the case. RJITSCT's entire argument relies on Jones's statement at the PI hearing that he did not have evidence of use of the FLAGWIX mark to support the TRO/PI. The Court has already awarded RJITSCT's fees for that conduct. (Dkt. 122 at 41.).

RJITSCT is not a prevailing party under 15 U.S.C. §1117(a) and it would be an abuse of the Court's discretion to order Expeditee to pay these additional fees demanded by RJITSCT.

Even if RJITSCT was considered a prevailing party, its fee demand is unreasonable. RJITSCT seeks reimbursement of all fees and costs incurred in the lawsuit, including $14,428.40 in fees and $812.55 in costs incurred for filing its motion for summary judgment that was premature and unnecessary. (Dkt. 127 at 9.) No discovery had been taken and there were issues of disputed fact that precluded the motion. In addition, the Court held the motion to dismiss, for summary judgment and attorneys' fees is moot. (Dkt. 122 at 43.) RJITSCT also seeks $5,902.20 in fees and $2,249.62 in costs to oppose Expeditee's motion for leave to file its FAC. (*Id.*) RJITSCT's demand is improper because, as detailed above and in its Motion for Leave to Amend, Expeditee has evidence supporting the claims in its FAC. Expeditee had a good faith basis to file its FAC against RJITSCT which makes awarding of further sanctions for filing its FAC improper.

It was RJITSCT's blatant infringement of Expeditee's IP that necessitated Expeditee's motion to amend. In addition, RJITSCT's demand that Expeditee reimburse it for the multiple status hearings and status reports over the course of the last year is improper. The complexity and multitude of filings that contributed to the delay in the Court's ruling were the result of RJITSCT's filing of multiple and overlapping motions. RJITSCT's argument that it could not have avoided any of these fees it completely false. Therefore, RJITSCT should not be awarded for its own misconduct and the Court should deny RJITSCT's demand that Expeditee pay these additional fees.

### III.  CONCLUSION

For the foregoing reasons, the Court should award RJITSCT only its fees and costs incurred in defending against the TRO/PI order, which total $9,245.89. Of this amount, Expeditee should be ordered to pay no more than 1/3 (or $3,081.96) in light of its reliance on PMJ in the TRO/PI proceedings.

Dated:  November 6, 2023              Respectfully Submitted,

                                      LOZA & LOZA LLP

                                      /s/ *Lena N. Bacani*
                                      Lena N. BacaniI (admitted *pro hac vice*)
                                      Lena.bacani@lozaip.com
                                      Marie Richmond (admitted *pro hac vice*)
                                      Marie.richmond@lozaip.com
                                      305 N. Second Ave., #127
                                      Upland, CA  91786
                                      Tel:  (213) 394-3625

                                      ARONBERG GOLDGEHN DAVIS & GARMISA
                                      Matthew De Preter
                                      330 N. Wabash Ave. Suite 1700
                                      Chicago, IL 60611
                                      (p) 312.828.9600
                                      (f) 312.828.9635
                                      cdepreter@agdglaw.com

                                      *Attorneys for Plaintiff, Expeditee LLC*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on November 6, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court.

By: /s/ *Lena N. Bacani*
       Lena N. Bacani